**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25-32198-KLP |
| BRANDON SCOTT MORRIS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WILLIAM A. BROSCIOUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. _____ |
| | ) | |
| DAWN B. DEBOER | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEBOERSOUTH, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

William A. Broscious, Chapter 7 Trustee for the Bankruptcy Estate of Brandon Scott Morris

(the "Trustee") by counsel, and pursuant to 11 U.S.C. §§ 502, 506, 543, 541, 547 and Rules 3007

and 7001 of the Federal Rules of Bankruptcy Procedure, files this Complaint to obtain the relief

requested herein against Dawn B. DeBoer ("Ms. DeBoer") and/or DeBoerSouth, PLLC

("DeBoerSouth" and together with Ms. DeBoer, the "Defendants") and alleges as follows:

1

## PARTIES

1.       On June 3, 2025 (the "Petition Date"), Brandon Scott Morris (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.        William A. Broscious was appointed interim Chapter 7 Trustee and continues to serve in that capacity.

3.       Ms. DeBoer is an individual and a resident of the Commonwealth of Virginia

4.       DeBoerSouth is a professional limited liability company organized under the laws of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

5.       This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

6.       This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

7.       This Court has proper venue pursuant to 28 U.S.C. § 1409.

8.       This Court has personal jurisdiction over all necessary parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

9.       Prior to the Debtor filing for chapter 7 bankruptcy, the Debtor retained the Defendants to represent him in his divorce proceeding in Chesterfield County Circuit Court [Case No. CL21-3927] (the "Divorce Proceeding").  In connection therewith, the Debtor executed an engagement agreement (the "Engagement Agreement") with the Defendants on February 17, 2022. A copy of the Engagement Agreement is attached hereto as **Exhibit A.**

10.       As set forth in the Engagement Agreement, the Debtor retained the Defendants to provide legal services solely in connection with the Debtor's divorce proceeding.

2

11.     As of the date the Divorce Proceeding was initiated, the Debtor owned, jointly, certain real property located at 16919 Jennway Terrace, Moseley, Virginia, 23120 (the "Property"). The Property was owned as tenants in common with the Debtor's now former spouse, Michelle Morris ("Ms. Morris") and her parents, Michael Rennie and Fabienne Rennie.

12.     In light of the pending separation of the Debtor and Ms. Morris, the owners of the Property separately sought to have the Chesterfield County Circuit Court determine their various rights and interests in the Property.

13.     Accordingly, the Defendants, on behalf of the Debtor, commenced a partition suit in Chesterfield County Circuit Court on August 31, 2023 [Case No. CL23-3191] (the "Partition Suit").  The Partition Suit sought to determine the equitable division of interests in the Property.

14.     The Debtor did not execute a separate engagement agreement with the Defendants for his representation in the Partition Suit.

15.     The Defendants did not separately invoice the Debtor for fees and costs incurred in connection with the Partition Suit.  Instead, the Defendants issued the Debtor a single invoice representing legal services provided by the Defendants in connection with the Divorce Proceeding and the Partition Suit.

16.     There was no clear delineation between which fees were related to the Divorce Proceeding and which fees were related to the Partition Suit.

17.     During the course of the engagement, the Debtor stopped regularly paying the monthly invoices for legal services provided to him by the Defendants.

18.     The Debtor frequently expressed his financial hardships to the Defendants and the financial strain that child support payments and legal fees placed on him.

4901-6567-0800.5

19.     The Defendants were also intimately aware of the Debtor's financial status because of their relationship with the Debtor as his attorney.  Specifically, as the Debtor's divorce attorney, the Defendants were privy to information regarding the Debtor's income, tax returns, banking information, retirement accounts, investment accounts, mortgage, credit card debts, etc.

20.     The Defendants had access to confidential and non-public information regarding their client's financial life given their role as counsel.  As such, the Defendants were in a unique relationship with the Debtor as compared to other creditors.

21.     On or about August 4, 2024, the Defendants informed the Debtor that they had prepared a motion and order to withdraw as the Debtor's counsel.  The Defendants stated that they were unable to continue to represent the Debtor if they were not getting paid.

22.     In a further effort to collect on the outstanding debt owed to them, the Defendants recommend the Debtor advise his mother, Gina Ballard, who had been given updates about the Divorce Proceeding from time to time, regarding the termination of the representation.

23.     Such suggestion from the Defendants was an attempt to get their fees paid by a third-party, the Debtor's mother.

24.     The Debtor's mother thereafter expressed to the Defendants that she would contribute more funds to the Debtor's legal fees if she could, but she had already given the Debtor $40,000 and did not have any more funds to contribute.

25.     The record with respect to the Divorce Proceeding and the Partition Suit show that Ms. DeBoer did not withdraw as the Debtor's counsel in August 2024.  Instead, 12 days later, the Defendants filed a *Notice of Claim of Lien for Attorney Fees* (the "Lien") on August 16, 2024 in both the Divorce Proceeding and the Partition Suit.  The Lien is alleged based upon Va. Code § 54.1-3932 and it is identical in each case.  A copy of the Lien as filed in the Divorce Proceeding is

attached hereto as **Exhibit B**.  A copy of the Lien filed in the Partition Suit is attached hereto as **Exhibit C**.

26.     The Lien states that the "[c]lient signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this case.  Invoices have been sent to the client for work performed and costs incurred.  The approximate amount of attorneys' fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00."

27.     The recitation in the Lien that the Debtor executed an engagement agreement for representation in the Partition Suit is false.

28.     The Debtor entered into only one Engagement Agreement with the Defendants which was only with respect to the Divorce Proceeding.

29.     On November 15, 2024, shortly after Ms. DeBoer decided she did not need to withdraw as counsel and after the filing of the Lien, a final Agreed Order was entered in the Partition Suit and the Debtor was awarded $52,635.86 (the "Funds").

30.     A Final Decree of Divorce was also entered on December 5, 2024.

31.     The defendants to the Partition Suit ultimately retained the Property and refinanced the mortgage on the same.  After the refinancing of the mortgage was complete, the defendants to the Partition Suit were to remit the Funds to the Debtor.

32.     The defendants to the Partition Suit filed a motion for interpleader whereby they sought to remit the Funds to the Clerk of Chesterfield Circuit Court instead of directly to the Debtor.

33.     The defendants to the Partition Suit sought such relief because they were subject to potential multiple liability with respect to the Funds because of the Lien filed by the Defendants.

34.    An order was entered in the Partition Suit on March 26, 2025 that ordered the defendants in the Partition Suit to pay the Funds to the Clerk of Chesterfield Circuit Court within three days of their receipt of proceeds from the settlement of the refinancing of the loan secured by the Property.  The Clerk of Chesterfield Circuit Court was ordered to accept and deposit such funds into Chesterfield Circuit Court registry.

35.    The Chesterfield County Clerk's Office received the Funds on April 28, 2025, and the Funds remain there today.

36.    On June 3, 2025, shortly after the Debtor was deprived of receiving the Funds, he filed for bankruptcy protection under Chapter 7 of Title 11 of the U.S. Code.

37.    The Trustee immediately became aware of the Funds being held by the Chesterfield County Clerk's Office.  The Trustee contacted the Defendants and demanded that the Funds should be released from the Chesterfield County Clerk's Office and paid to the Trustee.

38.    The Defendants refused.

39.    In connection with seeking turnover of the Funds, the Trustee filed his *Trustee's Motion for Examination and Production of Documents Pursuant to Rule 2004* [Docket No. 27] (the "2004 Motion") on August 18, 2025 requesting documents from the Defendants pursuant to the issues surrounding the Lien.

40.    No review for relevance or otherwise was seemingly conducted by the Defendants or counsel nor were any efforts made to organize such documentation.

41.    Instead, the Defendants proceeded to do a "document dump" on the Trustee, having approximately 10 bankers boxes delivered to the office of counsel for the Trustee.

4901-6567-0800.5

42.     Significant time and expenses were incurred by counsel reviewing the voluminous amount of physical documentation produced to the Trustee which did little to resolve the Trustee's outstanding concerns regarding the validity of the Lien.

43.     During the Trustee's document review and subsequent discussions regarding the Lien and the invalidity of the same, DeBoerSouth filed a Proof of Claim [Claim No. 12-1] on October 15, 2025 (the "Proof of Claim").  The Proof of Claim reflects a total amount claimed of $92,446.74 with $52,635.86 of that amount being claimed as secured.  DeBoerSouth is presumably basing the amount of its secured claim on the Lien and the Funds.

44.     The Trustee now files the instant lawsuit to invalidate the Lien and recover the Funds for the benefit of the Debtor's creditors.

**COUNT I**

**The Attorneys' Charging Lien is Void**
**Va. Code 54.1-392**

45.     The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

46.     Va. Code § 54.1-3932 sets out that:

> Any person having or claiming a cause of action (i) sounding in tort, (ii) for liquidated or unliquidated damages on contract, or (iii) **for annulment or divorce** may contract with any attorney to prosecute the same, and, upon contracting such attorney, the attorney shall have a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim.

(emphasis added).

47.     The Defendant's Lien does not arise solely from a cause of action for annulment or divorce.

48.     Instead, the Lien arises from fees and costs incurred in connection with the partition of real property.

49.     Va. Code § 54.1-3932 makes no allowance for an attorney's fees lien with respect to a partition suit.

50.     The Defendants did not comply with § 54.1-3932 because the Lien filed in the Divorce Proceeding includes non-divorce related fees, and there is no allowance for an attorney's fees lien for a partition lawsuit.

51.     Va. Code. § 54.1-3932 also provides that "[i]n causes of action for annulment or divorce, the court may not determine the validity or amount of the lien until the divorce judgment is final and all residual disputes regarding marital property are concluded."

52.     No final order was entered regarding the validity or amount of the lien. In fact, the Chesterfield County Circuit Court struck proposed language from the Defendants' order directing payment of the Funds to the Defendants and ordered the Funds be held pending further adjudication by the Court.

53.     Due to the Defendants' non-compliance with § 54.1-3932 their lien must be deemed invalid.

**WHEREFORE**, the Trustee requests that the Court enter an Order (i) finding the Lien to be void and (ii) granting such other relief deemed necessary and just.

## <u>COUNT II</u>

### <u>The Attorneys' Charging Lien is Avoidable as a Preference</u><br><u>11 U.S.C. §§ 547(b)(4)(B) and 550</u>

54.     The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

8

55.    Even if the Defendants were to have a valid lien under § 54.1-3932, such lien would be avoidable as a preference to a non-statutory insider per 11 U.S.C. § 547(b)(4)(B).

56.    The Defendants are non-statutory insiders due to the Defendants' close relationship to the Debtor as the Debtor's legal counsel in a divorce proceeding.

57.    The Defendants had intimate knowledge regarding the Debtor's financial status from February 17, 2022 to March 11, 2025 pursuant to their representation of the Debtor in the Divorce Proceeding and the Partition Suit.

58.    The Defendants were acutely aware of the Debtor's financial situation and inability to pay his legal fees at the time the Lien was filed.

59.    The Defendants threatened to withdraw their representation of the Debtor on August 4, 2024 because the Debtor was not paying the amounts currently due to the Defendants for legal services.

60.    When such outstanding fees were not paid, and using insider knowledge obtained through the representation of the Debtor, the Defendants recorded the Lien.

61.    The Lien was initially filed on August 16, 2024, within one year of the Petition.

62.    The Chesterfield County Circuit Court entered its order regarding the Lien on March 26, 2025, within 90 days of the Petition Date.

63.    As the Debtor's attorney with respect to sensitive issues such as the divorce, the Debtor heavily relied on and trusted the Defendants for her advice and legal counsel.

64.    The Lien therefore did not arise as the result of an arm's length transaction.

65.    The Lien was made to or for the benefit of the Defendants because the Lien secured a debt owed to the Defendants.

4901-6567-0800.5

66.     The Lien was for or on account of an antecedent debt owed by the Debtor to the Defendants because the Lien arose out of legal services previously provided by the Defendants to the Debtor that the Debtor had not paid for.

67.     The Lien was made while the Debtor was insolvent or caused the Debtor to become insolvent.

68.     The Debtor had been unable to pay his legal fees for quite some time before the Lien arose.

69.     Pursuant to the Debtor's Schedules [Case No. 25-32198; Docket No. 13] the Debtor's liabilities far outweigh his assets.

70.     If the Lien had not been made, the Defendants' outstanding legal fees would simply be unsecured debt held by the Defendants and no part of their legal fees would be secured.

71.     Therefore, the Lien enables the Defendants to receive more than the Defendants would have received if the Lien had not been made and if the Defendants had received payment of the underlying debt to the extent provided for by the provisions of the Chapter 7 Bankruptcy Code.

72.     The Trustee has made demand for the Funds to be turned over to the Trustee and is unaware of any known or knowable affirmative defenses thereto.

73.     The Trustee is entitled to avoid the Lien pursuant to 11 U.S.C. § 547(b)(4)(A) or (B).

74.     The Defendants were (i) the initial transferee of the Lien and (ii) the persons for whose benefit the Lien was made.

75.     The Lien is avoidable and the Funds are recoverable pursuant to 11 U.S.C. § 550.

4901-6567-0800.5

76.     Subject to potential defenses, the Trustee is entitled to recover the value of the Lien pursuant to 11 U.S.C. § 550.

**WHEREFORE**, the Trustee requests that the Court enter an Order (i) avoiding the Lien as a preference to a non-statutory insider per 11 U.S.C. § 547(b)(4)(A) or (B); (ii) allowing the Trustee to recover the Funds from the Defendants or the value of the Funds pursuant to 11 U.S.C. § 550 and (iii) granting such other relief deemed necessary and just.

## COUNT III

### Declaratory Judgment for Funds to be Turned Over to the Estate
### 11 U.S.C. § 543

77.     The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

78.     Should the Lien be declared void or avoidable as a preference, the Funds will be property of the Debtor's estate pursuant to 11 U.S.C. § 541.

79.     The Funds are due and payable to the Debtor.  The funds are therefore subject to turnover by the Clerk of Chesterfield Circuit Court pursuant to 11 U.S.C. § 543.

80.     The Trustee therefore seeks declaratory judgment that the Funds should be turned over to the Trustee upon a determination that the Lien is void or voidable as a preference.

**WHEREFORE**, the Trustee requests that the Court enter an Order: (i) declaring that the Funds are property of the Debtor's estate pursuant to 11 U.S.C. § 541; (ii) the Funds held by the Clerk of Chesterfield Circuit Court should be turned over to the Trustee; and (iii) granting such other relief deemed necessary and just.

## COUNT IV

### The Defendants Slandered the Debtor's Title

81.     The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

82.     The Defendant slandered the Debtor's title to the Funds by filing the Lien.

83.     The Lien does not comply with the requirements of Va. Code § 54.1-392 and the Defendants were aware of the same.

84.     By recording the Lien, the Defendants published words which they knew to be false.

85.     There is no mention of an attorneys' lien for partition lawsuits in Va. Code § 54.1-392, and there is no way the Defendants could have believed that their asserted Lien with respect to the Partition Suit was valid and a truthful statement.

86.     Further, the Lien was maliciously filed.  The Defendants intentionally filed the Lien in light of the outstanding debt owed, to obtain an advantage over other creditors and in a calculated effort to intentionally impair the Debtor's rights with respect to the Property

87.     The Lien also could have been filed proactively at the beginning of the representation, before relations between the Debtor and the Defendants began to devolve, but instead was done a malicious act.

88.     The Debtor was damaged by the Defendants' false and malicious statement because it prevented him from being able to receive the Funds which contributed to his need to file for bankruptcy.

4901-6567-0800.5

89.    If the Debtor were to receive the Funds, had they not been encumbered by the Lien, and the Debtor may not have needed to file for bankruptcy as he would have had money available to pay his creditors.

90.    The Debtor has therefore been severely damaged by the Defendants' slander of title to the Debtor's right to the Funds.

**WHEREFORE**, the Trustee requests that the Court enter an Order: (i) awarding damages to the Debtor for the Defendants' slander of title in an amount to be proven at trial: and (ii) granting such other relief deemed necessary and just.

### COUNT V

### Determination of Extent of Lien to be Determined by the Court
### 11 U.S.C. § 506

91.    The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

92.    Should the Court not declare the Lien as void or voidable as a preference, the correct amount of the Lien needs to be determined.

93.    The attorneys' fees lien afforded by Va. Code § 54.1-3924, as applicable to the facts of this case, only applies to the Defendants' fees incurred with respect to the Divorce Proceeding.

94.    Va. Code § 54.1-3924 makes no allowance for an attorneys' fees lien for fees incurred in prosecution of a partition lawsuit.

95.    The Defendants billed their fees for the Divorce Proceeding and the Partition Suit in a mixed manner such that the Lien filed in the Divorce Proceeding includes fees related to the Partition Suit and the Lien filed in the Partition Suit includes fees related to the Divorce Proceeding.

96.     Because Va. Code § 54.1-3924 does not allow for an attorneys' fees lien for work done in a partition lawsuit, the Partition Suit Lien should be declared void, and the Divorce Proceeding Lien should be allowed in an amount of fees incurred solely with respect to the Divorce Proceeding.

**WHEREFORE**, the Trustee requests the Court to adjudicate the extent and amount of the Lien as set forth herein and to award any further relief the Court deems proper.

### COUNT VI

### Objection to Defendants' Proof of Claim
### 11 U.S.C. § 502(b)(1)

97.     The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

98.     The Trustee objects to the amount and alleged security interest asserted in the Proof of Claim on the basis that the Proof of Claim is unenforceable against the Debtor and property of the Debtor under applicable law per 11 U.S.C. § 502(b)(1).

99.     The Trustee further asserts that it has a right of setoff or recoupment which exceeds the value of the Proof of Claim.

100.    The Proof of Claim is based upon the Lien which the Trustee argues is void or voidable as a preference as stated herein.

101.    The Trustee objects to the Proof of Claim in its entirety and disputes the amounts that the Defendants claim to be owed.

**WHEREFORE**, the Trustee requests that the Court enter an Order: (i) disallowing the Proof of Claim in its entirety, and (ii) granting such other relief deemed necessary and just.

Dated:  March 5, 2026

4901-6567-0800.5

**WILLIAM A. BROSCIOUS, TRUSTEE**


By:  /s/ Jeremy S. Williams
                    Counsel


**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious, Trustee*

4901-6567-0800.5

## Exhibit A

## LAW FIRM OF DEBOERSOUTH
## FEE AND RETAINER AGREEMENT

*Brandon Scott Morris*

**Client's Full Name**

*(804) 574-1926*

**Home\Cell Number**

*6803 Velvet Antler Court   Midlothian VA 23112*

**Address**

*United Bank*

**Employer**

**Employer Telephone Number**

**Address**

PLEASE READ THIS VERY CAREFULLY BECAUSE IT WILL CONSTITUTE OUR RETAINER CONTRACT AND FEE AGREEMENT.  PLEASE LET ME KNOW IF THERE IS ANY PART OF THIS AGREEMENT THAT YOU DO NOT UNDERSTAND. YOU WILL RECEIVE A COPY.

1.    <u>Consultation Charge</u>:  A consultation fee equal to the attorney's hourly rate is charged for the initial consultation prior to the retainer.  The payment of the consultation fee is <u>not</u> the same as payment of a retainer.

2.    <u>Retainer for Fees</u>:  The retainer payment is the payment made <u>before</u> our representation begins.  When the retainer for fees is consumed by time expended, an additional retainer deposit toward anticipated charges will be required and must be paid upon request.

3.    <u>Hourly Rate</u>: Detailed time records are kept in increments of tenths of hours (six minute periods).  We reserve our right to increase our current rates from time to time. We agree to give you thirty (30) days advance notice prior to changing the rates.  The following rates are currently in effect:

    1.    Dawn B. DeBoer - $450.00 per hour

    2.    Dawn South - $350.00 per hour

    3.    Associates - $225.00 to $250.00 per hour

    4.    Paralegals - $150.00 per hour

4.    <u>Returned check fees</u>:  You will be billed $30.00 per check for any returned checks.

1

5.    <u>Costs and Expenses</u>: The Client acknowledges and understands that costs and expenses are billed separately from the retainer. It is sometimes necessary for us to employ third-party vendors in order to assist us with your representation.    In addition to the Retainer for Fees, the client may be asked to place additional funds on account for a Retainer for Costs and Expenses. These costs and expenses include, but are not limited to, required filing fees, court reporters, private process servers, copying costs if it is necessary to send a copying job outside of the office, transcripts of testimony, travel, expert witness fees, filing fees, electronic legal research, courier fees, etc. and any other necessary expenditures directly related to your case. We arrange for their services on your behalf, but we do not receive any financial benefit from the third-party vendors for securing their services on your behalf. The bill for the work done on your case comes from the vendor to us and we pay it on your behalf with your funds we are holding. When the retainer has been consumed, additional funds will be required and must be paid on request to cover any additional costs and expenses. It is our firm's practice not to advance any costs or expenses. Our firm emphasizes that the client is responsible for court reporter fees, and it is the policy of this office to have a court reporter present at all court appearances.

6.    <u>Billing</u>: We bill for all time spent working on your case including time spent on telephone calls, correspondence, drafting documents, conferences, court appearances, preparation for court appearances, e-mails, listening to voice mail messages, returning telephone calls, etc. Court time is defined as travel time, any time spent in Court, either actually working on your case, or time spent in Court waiting for your case to be heard. Court time also includes any time spent in a Commissioner in Chancery hearing, mediation, or depositions. You will be billed monthly. When the hourly charges exceed the amount we have on retainer for fees, you will be required to replenish the retainer for fees in an amount requested. We reserve the right to withdraw from representation of you upon reasonable and proper notice for non-payment of charges or requests for additional deposits. In the event that we have to take legal action to collect our fees, we are entitled to reasonable attorney's fees and costs for all collection efforts. While it is our office's policy to never perform work without funds in trust, in the event there is an unpaid balance on your account it will accrue interest at 1% per month if unpaid by the next billing cycle.

7.    <u>Court ordered fees</u>: In some cases, either by agreement or court award, fees and costs incurred by one party may be assessed against the other party. This is simply another aspect of the overall monetary result of your case, and our fee agreement is in no way affected thereby. If you are awarded fees and costs, such an award will <u>not</u> be applied toward any unpaid balance on your account. You are responsible for the entire unpaid balance on your account. If there are still fees and costs owing our firm for your representation, these will be due and payable in full immediately at this time. If you are ordered to pay fees and costs, it is not paid from any funds paid to us on account of your own fees and costs.

8.    <u>Appeal</u>: The above terms are in regard to your initial case. In the event, either you or the other party appeals a decision from one court to a higher court, a separate retainer

2

and fee agreement will be required.  In addition, all costs associated with the appeal will be the responsibility of the client, such as filing fees, bond fees, printing of briefs, etc.  The Attorney reserves the right to either offer a flat fee rate or an hourly rate for representation of any appeal, which will be based upon the complexity of the appeal.

9.    **File Retrieval**: Thirty days after your matter is concluded, your file will be sent to off-site storage.  In order to retrieve your file from this storage facility, there is a fee.  You will be billed the costs to retrieve the file if for any reason we must do so after having closed your file. If there are any documents you want from your file, prior to it being sent to storage, please let us know within fifteen days of the conclusion of your case.

10.    The Client shall be entitled to a refund of any unused retainer.

11.    We have been retained to represent you in the matter of _divorce_ _____ _____.  The following specifics apply to our agreement to represent you in this matter:

_____

_____

_____.

12.    The client has read this Agreement and understands and agrees to all of the terms as stated herein.

Consultation Fee:            $ _____

Retainer:                    $ _25,000.00_

WITNESS the following signatures:

_W B Oi B_ _____        _O. Scott M_ _____
**Attorney – DeBoerSouth, PLLC**        **Client**

Date: _2/17/2122_ _____        Date: _2/17/2022_ _____

3

**<u>Exhibit B</u>**

**NOTICE OF CLAIM OF LIEN**
**FOR ATTORNEY FEES**
COMMONWEALTH OF VIRGINIA  Va. Code § 54.1-3932

In the Circuit Court of the [ ] City [X] County of  Chesterfield

Case Information:

      [X] This notice is filed in connection with the following case: Case No. CL21-3927

| Michelle K. Morris | v. | Brandon Scott Morris |
|---|---|---|
| PLAINTIFF(S) | | DEFENDANT(S) |

**OR**

    [ ] To the best of my knowledge, no case asserting the cause of action or claim described below has
been filed.

        Case No. ...................................................

**ATTORNEY:**                              **CLIENT(S):**

| Dawn B. DeBoer | Brandon Scott Morris |
|---|---|
| NAME | NAME(S) |
| 1802 Bayberry Court, Suite 403 | 13836 Randolph Pond Lane |
| ADDRESS | ADDRESS |
| Richmond     VA   23226 | Midlothian     VA   23114 |
| CITY     STATE   ZIP | CITY     STATE   ZIP |
| DeBoer@DeBoerSouth.com | b.scottmorris@yahoo.com |
| EMAIL ADDRESS | EMAIL ADDRESS (OPTIONAL) |
| (804) 533-7770 | (804) 514-1926 |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| 26551 | |
| VIRGINIA STATE BAR NO. | |

**NOTICE:** The attorney named above has claimed a lien upon the cause of action asserted by the client(s) or
former client(s) named above as security for the contracted fees for services rendered in relation to the cause of
action or claim asserted. Written notice of this lien is being given either within 45 days of the end of
representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract,
before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final
judgment is entered, whichever is earlier.

Description of cause of action or claim upon which a lien is asserted:

Client signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this
divorce case. Invoices have been sent to the client for work performed and costs incurred. The approximate amount of
attorneys' fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00.

FORM CC-1480 (MASTER, PAGE ONE OF TWO) 07/23

I, the undersigned counsel, certify that I have provided a copy of this written notice to my client(s) or former client(s) listed above. I have also provided a copy of this written notice to [ ] any opposing party or [ ] such party's attorney(s) or agent(s) listed below.

| M. Donette Williams, Esquire | Erika E. MacCormac, Esquire |
|---|---|
| NAME(S) | NAME(S) |
| P. O. Box 85 | 1324 Sycamore Square |
| ADDRESS | ADDRESS |
| Moseley         VA   23120 | Midlothian         VA   23113 |
| CITY         STATE   ZIP | CITY         STATE   ZIP |
| donette@mdonettewilliams.com | erika@wmmlegal.com |
| EMAIL ADDRESS | EMAIL ADDRESS |
| (804) 921-6910 | (804) 423-1382 |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

_____
DATE

Dawn B. DeBoer
PRINTED NAME OF ATTORNEY

SIGNATURE OF ATTORNEY

If signatory is _different_ from attorney on page one, provide information below:

_____
ADDRESS

_____
CITY         STATE   ZIP

_____
EMAIL ADDRESS

_____
TELEPHONE NUMBER

_____
VIRGINIA STATE BAR NO.

FORM CC-1480 (MASTER, PAGE TWO OF TWO) 07/23

INSTRUMENT # 240010739
RECORDED CHESTERFIELD CIRCUIT COURT CLERK'S OFFICE
Aug 16, 2024  AT  03:02 pm
AMANDA L. POHL, CLERK by MJJ

BOOK 00531  PAGE 0930 - 00931

**<u>Exhibit C</u>**

## NOTICE OF CLAIM OF LIEN
## FOR ATTORNEY FEES
COMMONWEALTH OF VIRGINIA  Va. Code § 54.1-3932

In the Circuit Court of the [ ] City [X] County of  Chesterfield

Case Information:

[X]  This notice is filed in connection with the following case: Case No.  CL23003191

Brandon Scott Morris                     v.                     Michelle K. Morris, et.al.
PLAINTIFF(S)                                                    DEFENDANT(S)

**OR**

[ ]  To the best of my knowledge, no case asserting the cause of action or claim described below has
been filed.

Case No. ............................................................

ATTORNEY:                                        CLIENT(S):

Dawn B. DeBoer                                   Brandon Scott Morris
NAME                                             NAME(S)

1802 Bayberry Court, Suite 403                   13836 Randolph Pond Lane
ADDRESS                                          ADDRESS

Richmond              VA    23226                Midlothian              VA    23114
CITY              STATE      ZIP                 CITY                STATE      ZIP

DeBoer@DeBoerSouth.com                           b.scottmorris@yahoo.com
EMAIL ADDRESS                                    EMAIL ADDRESS (OPTIONAL)

(804) 533-7770                                   (804) 514-1926
TELEPHONE NUMBER                                 TELEPHONE NUMBER

26551
VIRGINIA STATE BAR NO.

**NOTICE:** The attorney named above has claimed a lien upon the cause of action asserted by the client(s) or
former client(s) named above as security for the contracted fees for services rendered in relation to the cause of
action or claim asserted. Written notice of this lien is being given either within 45 days of the end of
representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract,
before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final
judgment is entered, whichever is earlier.

Description of cause of action or claim upon which a lien is asserted:

Client signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this
case. Invoices have been sent to the client for work performed and costs incurred. The approximate amount of attorneys'
fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00.

I, the undersigned counsel, certify that I have provided a copy of this written notice to my client(s) or former client(s) listed above. I have also provided a copy of this written notice to [ ] any opposing party or [X] such party's attorney(s) or agent(s) listed below.

| A. Russell Watson, Esquire | | | Ronald J. Guillot, Jr., Esquire | | |
| --- | --- | --- | --- | --- | --- |
| NAME(S) | | | NAME(S) | | |
| 10303 Memory Lane, Suite 101 | | | 448 Viking Drive, Suite 350 | | |
| ADDRESS | | | ADDRESS | | |
| Chesterfield | VA | 23832 | Virginia Beach | VA | 23452 |
| CITY | STATE | ZIP | CITY | STATE | ZIP |
| rwatson@gordondodson.com | | | rguillot@siwpc.com | | |
| EMAIL ADDRESS | | | EMAIL ADDRESS | | |
| (804) 748-8153 | | | (757) 217-9304 | | |
| TELEPHONE NUMBER | | | TELEPHONE NUMBER | | |

| | Dawn B. DeBoer | | |
| --- | --- | --- | --- |
| DATE | PRINTED NAME OF ATTORNEY | | SIGNATURE OF ATTORNEY |

If signatory is different from attorney on page one, provide information below:

_____
ADDRESS

_____
CITY                    STATE     ZIP

_____
EMAIL ADDRESS

_____
TELEPHONE NUMBER

_____
VIRGINIA STATE BAR NO.

INSTRUMENT # 240010740
RECORDED CHESTERFIELD CIRCUIT COURT CLERK'S OFFICE
Aug 16, 2024  AT  03:04 pm
AMANDA L. POHL, CLERK by MJJ

BOOK 00531  PAGE 0932 - 00933