**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 7** |
| **BRANDON SCOTT MORRIS,** ) | **Case No. 25-32198-KLP** |
| ) | |
| **Debtor.** ) | |
| ) | |
| ) | |
| **WILLIAM A. BROSCIOUS** ) | **Adversary Proceeding** |
| ) | |
| ) | **Case No. 26-03006-KLP** |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DAWN B. DEBOER** ) | |
| **and** ) | |
| **DEBOERSOUTH, PLLC,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DAWN B. DEBOER AND
DEBOERSOUTH, PLLC TO PLAINTIFF'S COMPLAINT**

COME NOW, Defendant Dawn B. DeBoer ("Ms. DeBoer") and Defendant DeBoerSouth,

PLLC ("DeBoerSouth"; together with Ms. DeBoer, "Defendants"), by and through counsel, and

for their Answer and Affirmative Defenses to the Complaint (the "Complaint") of Plaintiff William

A. Broscious ("Plaintiff" or "Trustee"), the Defendants states the following:

_____
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email:    mmueller@williamsmullen.com
          jmclemore@williamsmullen.com

*Counsel for Dawn B. DeBoer and DeBoerSouth, PLLC*

## PARTIES

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 5.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 6.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 8.

## BACKGROUND

9.      In response to Paragraph 9 of the Complaint, Defendants admit that the Debtor retained Defendants to represent him in his divorce proceeding in Chesterfield County Circuit Court.  Further, Defendants admit to the allegations contained in Paragraph 9 of the Complaint that the Debtor executed a "Law Firm of DeBoerSouth Fee and Retainer Agreement" with the

2

Defendants on February 17, 2022.  Defendants specifically deny the allegations contained in Paragraph 9 of the Complaint to the extent such allegations could be interpreted to portray the scope of Defendants' representation of the Debtor under the "Law Firm of DeBoerSouth Fee and Retainer Agreement" to only the Divorce Proceeding (as defined in the Complaint).

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint, as the "Law Firm of DeBoerSouth Fee and Retainer Agreement" between Defendants and the Debtor in no way limits the scope of Defendants' representation of the Debtor to "solely" the Divorce Proceeding.

11.     In response to Paragraph 11 of the Complaint, Defendants admit that the Debtor owned, jointly, certain real property located at 16919 Jennway Terrace Moseley, Virginia 23120 (the "Marital Property").  Further, the Defendants admit the allegations contained in Paragraph 11 of the Complaint that the Marital Property was owned as tenants in common with Michelle Morris and her parents, Michael Rennie and Fabienne Rennie.  Defendants specifically deny the allegations contained in Paragraph 11 of the Complaint to the extent such allegations fail to mention that the Marital Property was the marital residence of the Debtor and Ms. Morris.

12.     In response to Paragraph 12 of the Complaint, Defendants admit that the Debtor and Ms. Morris sought to have the Chesterfield County Circuit Court determine their various rights and interest in the Marital Property.  Defendants deny the allegations contained in Paragraph 12 of the Complaint to the extent such allegations imply that the Debtor and Ms. Morris sought to determine their respective rights and interests in the Marital Property "separately" from the proceeding.  Further, Defendants specifically deny the allegations contained in Paragraph 12 of the Complaint to the extent such allegations could be interpreted to portray the scope of Defendants' representation of the Debtor under the "Law Firm of DeBoerSouth Fee and Retainer

3

Agreement" to not include the determination of the Debtor's rights and interests in the Marital Property. Further, Defendants deny the allegations contained in Paragraph 12 of the Complaint to the extent such allegations could be interpreted to imply that a determination of the rights and interests of the Debtor and Ms. Morris in the Marital Property was not necessary and essential to the Divorce Proceeding.

13. In response to Paragraph 13 of the Complaint, Defendants admit that they commenced the Partition Suit (as defined in the Complaint) in Chesterfield County Circuit Court on behalf of the Debtor. Further, Defendants admit the allegations contained in Paragraph 13 of the Complaint that the Partition Suit was commenced to determine the equitable division of interests in the Marital Property. Answering further, Defendants assert that this determination was necessary, by law, to be made before the Divorce Proceeding could continue. Defendants deny the allegations contained in Paragraph 13 of the Complaint to the extent such allegations could be interpreted to imply that a determination of the rights and interests of the Debtor and Ms. Morris in the Marital Property was not necessary and essential to the Divorce Proceeding.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint. Answering further, Defendants assert that a separate engagement agreement with the Debtor for his representation in the Partition Suit was not required because (i) the "Law Firm of DeBoerSouth Fee and Retainer Agreement" states that "[Defendants] have been retained to represent [the Debtor] in the matter of divorce" and (ii) the Partition Suit was part and parcel to the Divorce Proceeding.

15. In response to Paragraph 15 of the Complaint, Defendants admit that they did not separately invoice the Debtor for fees and costs incurred in connection with the Partition Suit from fees and costs incurred in connection with the Divorce Proceeding. Defendants object to the

allegations contained in Paragraph 15 of the Complaint that "Defendants issued the Debtor a single invoice," as Defendants issued monthly invoices for their services to the Debtor. Further, Defendants deny the allegations contained in Paragraph 15 of the Complaint to the extent such allegations could be interpreted to imply that Defendants were in any way required to separately invoice the Debtor for work related to the Partition Suit, which was part and parcel to the Divorce Proceeding.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint, as the invoices issued by the Defendants to the Debtor include descriptions of the work undertaken by the Defendants in both the Divorce Proceeding and the Partition Suit. Further, Defendants deny the allegations contained in Paragraph 16 of the Complaint to the extent such allegations could be interpreted to imply that Defendants were in any way required to separately invoice the Debtor for work related to the Partition Suit, which was part and parcel to the Divorce Proceeding.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     In response to the allegations contained in Paragraph 18 of the Complaint, Defendants admit that the Debtor made certain representations to Defendants regarding his financial condition and expenses. Defendants deny the allegations contained in Paragraph 18 of the Complaint that the Debtor "frequently" made such representations to the Defendants. Further, Defendants specifically deny the allegations contained in Paragraph 18 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that they were aware of the Debtor's financial status because of their relationship

5

with the Debtor as his attorney.  Defendants further admit the allegations contained in Paragraph 19 of the Complaint that Defendants were privy to certain information regarding the Debtor's financial condition.  Defendants specifically deny the import of the term "intimately" and all other allegations contained in Paragraph 19 of the Complaint to the extent such term and allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients.  Further, Defendants specifically deny the allegations contained in Paragraph 19 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

20.    Defendants admit the allegations contained in Paragraph 20 of the Complaint that Defendants had access to certain information concerning the Debtor's financial condition. Defendants specifically deny the import of the term "unique relationship" and all other allegations contained in Paragraph 20 of the Complaint to the extent such term and allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients.  Further, Defendants specifically deny the allegations contained in Paragraph 20 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

21.    Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

6

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint. Further, Defendants specifically deny the allegations contained in Paragraph 24 of the Complaint to the extent such allegations assert that any communications between Defendants and the Debtor's mother occurred at any point on or after August 4, 2024 and, as such, Defendants demand strict proof of the same.

25.     In response to Paragraph 25 of the Complaint, Defendants assert that the records in the Divorce Proceeding and the Partition Suit speak for themselves.  Defendants deny the allegations contained in Paragraph 25 of the Complaint to the extent they mischaracterize the records in the Divorce Proceeding and the Partition Suit.  Defendants admit the allegations contained in Paragraph 25 of the Complaint that they filed a *Notice of Claim of Lien for Attorney Fees* on August 16, 2024 in both the Divorce Proceeding and the Partition Suit pursuant to Va. Code § 54.1-3932 (individually and collectively, the "Notice of Lien").  Further, the Notice of Lien speaks for itself.  Defendants deny the allegations contained in Paragraph 25 of the Complaint to the extent they mischaracterize the Notice of Lien.

26.     In response to Paragraph 26 of the Complaint, Defendants assert that the Notice of Lien speaks for itself.  Defendants deny the allegations contained in Paragraph 26 to the extent they mischaracterize the Notice of Lien.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint. Further, Defendants specifically deny the allegations contained in Paragraph 27 of the Complaint to the extent such allegations could be interpreted to assert that a separate engagement agreement with the Debtor for his representation in the Partition Suit was required.

28.     Defendants admit the allegations in Paragraph 28 of the Complaint that the Debtor executed one "Law Firm of DeBoerSouth Fee and Retainer Agreement" with Defendants.

Defendants specifically deny the allegations contained in Paragraph 28 of the Complaint to the extent such allegations could be interpreted to assert that a separate engagement agreement with the Debtor for his representation in the Partition Suit was required.  Further, Defendants deny the allegations contained in Paragraph 28 of the Complaint to the extent such allegations could be interpreted to assert that the scope of the "Law Firm of DeBoerSouth Fee and Retainer Agreement" executed by the Debtor with the Defendants did not encompass the Partition Suit.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint that "Ms. DeBoer decided she did not need to withdraw as counsel."  Defendants admit the allegations contained in Paragraph 29 of the Complaint that an Agreed Order was entered in the Partition Suit on November 15, 2024.  Defendants assert the Agreed Order speaks for itself.  Defendants deny the allegations contained in Paragraph 29 of the Complaint to the extent they mischaracterize the Agreed Order.  Further, Defendants specifically deny the allegations contained in Paragraph 29 of the Complaint to the extent they allege that the Agreed Order was "final."  Answering further, an Order entered in the Partition Suit on March 26, 2025 directed the Partition Suit Defendants to pay the amount of $52,635.86 (the "Funds") to the Clerk of Court.

30.     Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.     The Defendants admit the allegations contained in Paragraph 31 of the Complaint that the defendants to the Partition Suit ultimately retained the Marital Property and refinanced the mortgage on the same.  The Defendants deny all other allegations contained in Paragraph 31 of the Complaint.  Answering further, before the defendants to the Partition Suit retained the Marital Property and refinanced the mortgage on the same, an Order was entered in the Partition Suit on March 26, 2025 directing the Partition Suit Defendants to pay the Funds to the Clerk of Court.

32.     The Defendants admit the allegations contained in Paragraph 32 of the Complaint.

8

33.     In response to Paragraph 33 of the Complaint, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same. Further, Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34.     In response to Paragraph 34 of the Complaint, Defendants assert that the Order entered in the Partition Suit on March 26, 2025 speaks for itself. Defendants deny the allegations contained in Paragraph 34 of the Complaint to the extent they mischaracterize the Order entered in the Partition Suit on March 26, 2025.

35.     Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint that the Debtor filed for bankruptcy protection under Chapter 7 of Title 11 of the U.S. Code on June 3, 2025. Defendants deny the import of the language "shortly after the Debtor was deprived of receiving the Funds" contained in Paragraph 36 of the Complaint. Further, Defendants deny the allegations contained in Paragraph 36 of the Complaint to the extent they could be interpreted to assert that (i) the Debtor was entitled to receipt of the Funds, and/or (ii) the Debtor's filing for bankruptcy protection was related to the Defendants' Lien.

37.     Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations that Plaintiff "immediately became aware" as alleged in Paragraph 37 of the Complaint and therefore deny the same. Answering further, during the section 341 meeting held on July 7, 2025, Ms. DeBoer and counsel for the Debtor specifically addressed the issue of the Funds being held by the Chesterfield County Circuit Court Clerk's office. Defendants deny that Plaintiff appeared aware of the issue at the time. Further, Defendants specifically deny the

9

allegations contained in Paragraph 37 of the Complaint that, at any time, Plaintiff contacted Defendants and "demanded that the Funds should be released from the Chesterfield County Clerk's Office and paid to the Trustee," and, as such, Defendants demand strict proof of the same.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint. Answering further, the only communication whatsoever regarding the release of the Funds to the Trustee was the following email exchange between counsel for the Trustee, Jeremy Williams, and Ms. DeBoer:

Mr. Williams in a July 30, 2025 email to Ms. DeBoer:

> "We would like to have the funds turned over to the Trustee pending resolution of the lien issue.  Our understanding is that the funds are currently being held by the Clerk of Chesterfield.  Can you confirm that is your understanding and if you will endorse a consent order reflecting the same?"

Ms. DeBoer's August 4, 2025 email response to Mr. Williams:

> "Thank you Jeremy.  Yes, the funds are being held by the Clerk of the Circuit Court of Chesterfield County. Please send me a draft Consent Order you are suggesting be entered for review."

Defendants received no further communication from Mr. Williams, or anyone else, regarding this issue.

39.    Defendants admit the allegations contained in Paragraph 39 of the Complaint that the referenced 2004 Motion was filed.  In response to the allegations in Paragraph 39 of the Complaint that the 2004 Motion was filed "[i]n connection with seeking turnover of the Funds," Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same.  Further, Defendants specifically deny the allegations contained in Paragraph 39 of the Complaint to the extent they assert that any "issues" exist regarding Defendants' Lien.

10

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint. Answering further, Ms. DeBoer complied with the Plaintiff's 2004 Motion, personally reviewed each document produced, and provided what Plaintiff requested.  Further, Defendants deny the allegations contained in Paragraph 40 of the Complaint that "nor were any efforts made to organize such documentation."

41.     Defendants admit the allegations contained in Paragraph 41 of the Complaint that Defendants had approximately ten (10) bankers boxes of documentation delivered to the office of counsel for the Trustee.  Defendants deny the allegations contained in Paragraph 41 of the Complaint to the extent they allege that Defendants did a "document dump."  Answering further, Ms. DeBoer complied with the Plaintiff's 2004 Motion, personally reviewed each document produced, and provided what Plaintiff requested.  Defendants' representation of the Debtor lasted from February 17, 2022 until March 1, 2025 concerning very contentious positions on many issues. The file was, obviously, quite voluminous, and Plaintiff received what he requested.

42.     In response to Paragraph 42 of the Complaint, Defendants lack sufficient knowledge, information and belief to either admit or deny the allegations and therefore deny the same.  Answering further, Ms. DeBoer complied with the Plaintiff's 2004 Motion, personally reviewed each document produced, and provided what Plaintiff requested.   Defendants' representation of the Debtor lasted from February 17, 2022 until March 1, 2025 concerning very contentious positions on many issues. The file was, obviously, quite voluminous, and Plaintiff received what he requested.

43.     Defendants admit the allegations contained in Paragraph 43 of the Complaint that DeBoerSouth filed a Proof of Claim on October 15, 2025, reflecting a total claim amount of $92,446.74 with $52,635.86 claimed as secured.  Further, in response to Paragraph 43 of the

11

Complaint, Defendants assert that the Proof of Claim (as defined in the Complaint) speaks for itself. Defendants deny the allegations contained in Paragraph 43 of the Complaint to the extent they mischaracterize the Proof of Claim. In response to all other allegations contained in Paragraph 43 of the Complaint, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same.

44.     Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 44 of the Complaint.

## COUNT I

### The Attorneys' Charging Lien is Void
### Va. Code 54.1-392[1]

45.     Defendants reincorporate their answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Paragraph 46 of the Complaint contains no allegations to which a response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 46.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants admit the allegations contained in Paragraph 48 of the Complaint that a portion of the amount asserted in their Lien arises from the legal fees and costs associated with the Partition Suit, which was part and parcel to the Divorce Proceeding. Defendants deny the allegations contained in Paragraph 48 of the Complaint to the extent they allege that the services rendered by the Defendants in the Partition Suit for the partition of the Debtor's Marital Property were not necessary for the competition of the Debtor's divorce.

---

[1] Defendants expressly deny that Plaintiff is entitled to any relief requested pursuant this "Count I" under "Va. Code 54.1-392" because no such section of the Virginia Code exists.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 49.

50.     Paragraph 50 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 50.

51.     Paragraph 51 of the Complaint contains no allegations to which a response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 51.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.  Further, Defendants assert that the Order entered in the Divorce Proceeding on March 26, 2025 speaks for itself.  Defendants deny the allegations contained in Paragraph 52 of the Complaint to the extent they mischaracterize the Order entered in the Divorce Proceeding on March 26, 2025.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 53.

## COUNT II

### The Attorneys' Charging Lien is Avoidable as a Preference
### 11 U.S.C. §§ 547(b)(4)(B) and 550

54.     Defendants reincorporate their answers to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in

13

Paragraph 55. Further, Defendants deny the allegations contained in Paragraph 55 of the Complaint to the extent they allege that Defendants' Lien is not valid.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 56. Defendants specifically deny the import of the term "close relationship" and all other allegations contained in Paragraph 56 of the Complaint to the extent such term and allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients. Further, Defendants specifically deny the allegations contained in Paragraph 56 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

57. In response to the allegations contained in Paragraph 57 of the Complaint, Defendants admit that they were aware of the Debtor's financial status because of their relationship with the Debtor as his attorney. Defendants specifically deny the import of the term "intimate" and all other allegations contained in Paragraph 57 of the Complaint to the extent such term and allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients. Further, Defendants specifically deny the allegations contained in Paragraph 57 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

14

58.     In response to the allegations contained in Paragraph 58 of the Complaint, Defendants admit that they were aware of the Debtor's financial "situation" because of their relationship with the Debtor as his attorney.   Defendants specifically deny the import of the term "acutely" and all other allegations contained in Paragraph 58 of the Complaint to the extent such term and allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients.   Further, Defendants specifically deny the allegations contained in Paragraph 58 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

59.     In response to the allegations contained in Paragraph 59 of the Complaint, Defendants admit that they threatened to withdraw their representation of the Debtor on August 4, 2024 because of the Debtor's failure to timely and/or completely pay Defendants for their legal services.  Defendants deny the allegations contained in Paragraph 59 to the extent such allegations could be interpreted in any way as atypical for an attorney who is not being paid for legal services.

60.     Defendants admit the allegations contained in Paragraph 60 of the Complaint that they recorded their Lien when their outstanding legal fees had not been paid.   Defendants specifically deny the import of the term "insider knowledge" and all other allegations contained in Paragraph 60 of the Complaint to the extent such term and allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients.   Further, Defendants specifically deny the allegations contained in Paragraph 60 of the Complaint to the extent such allegations could be

15

interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

61.     Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit the allegations contained in Paragraph 62 of the Complaint. Defendants deny the allegations contained in Paragraph 62 of the Complaint to the extent such allegations could be interpreted to imply that the entry of the order mentioned in Paragraph 62 is significant to the creation and/or perfection of Defendants' Lien.

63.     In response to Paragraph 63 of the Complaint, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations that "the Debtor heavily relied on and trusted the Defendants for her advice and legal counsel" and therefore deny the same. Defendants specifically deny the allegations contained in Paragraph 63 of the Complaint to the extent such allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients.  Further, Defendants specifically deny the allegations contained in Paragraph 63 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of Defendants' knowledge of the Debtor's financial condition.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 64.  Defendants specifically deny the allegations contained in Paragraph 64 of the Complaint to the extent such allegations could be interpreted to portray the Defendants' relationship with the Debtor as anything beyond the standard relationship that exists between all divorce attorneys and their clients.  Further, Defendants specifically deny the allegations contained

16

in Paragraph 64 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1−3932 because of Defendants' knowledge of the Debtor's financial condition.

65. Defendants admit the allegations contained in Paragraph 65 of the Complaint. Answering further, the Defendants assert that their relationship with the Debtor was akin to that which exists between all divorce attorneys and their clients. Amendments to Va. Code § 54.1−3932 were promulgated specifically to protect the fees and costs earned and incurred by divorce attorneys.

66. Defendants admit the allegations contained in Paragraph 66 of the Complaint that the Defendants' Lien served as security for amounts owing by the Debtor to the Defendants for legal services provided by the Defendants to the Debtor. Defendants deny the allegations contained in Paragraph 66 of the Complaint to the extent such allegations assert that the Lien secured <u>only</u> amounts owing by the Debtor to the Defendants for legal services previously provided by the Defendants to the Debtor. Answering further, the Defendants' Lien also secured future payment obligations of the Debtor to Defendants for legal services.

67. In response to Paragraph 67 of the Complaint, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same.

68. In response to Paragraph 68 of the Complaint, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same. Further, Defendants specifically deny the allegations contained in Paragraph 68 of the Complaint to the extent such allegations could be interpreted to imply that Defendants availed themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932 because of

17

Defendants' knowledge of the Debtor's financial condition.  Defendants specifically deny the import of the phrase "unable to pay his fees for quite some time" alleged in Paragraph 68 of the Complaint to the extent such phrase could be interpreted as relevant in any way to Defendants' availing themselves of their right to an attorney's lien pursuant to Va. Code § 54.1-3932.

69.     In response to Paragraph 69 of the Complaint, Defendants assert that the Debtor's Schedules speak for themselves.  Defendants deny the allegations contained in Paragraph 69 to the extent they mischaracterize the Debtor's Schedules.  Further, Defendants deny the allegations contained in Paragraph 69 of the Complaint to the extent they could be interpreted to allege that the content and information contained in the Debtor's Schedules is truthful, accurate, and/or veracious.

70.     Paragraph 70 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 70.  Further, Defendants deny the allegations contained in Paragraph 70 of the Complaint to the extent such allegations could be interpreted to assert that Defendants were not entitled to assert their Lien pursuant to Va. Code. § 54.1-3932 or that Defendants' Lien was not properly created or perfected pursuant to § 54.1-3932.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 71.  Further, Defendants deny the allegations contained in Paragraph 71 of the Complaint to the extent such allegations could be interpreted to assert that Defendants were not entitled to assert their Lien pursuant to Va. Code. § 54.1-3932 or that Defendants' Lien was not properly created or perfected pursuant to § 54.1-3932.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint that the Trustee has made demand for the Funds to be turned over to the Trustee.  In response to the allegations contained in Paragraph 72 of the Complaint regarding the Trustee's awareness of known or knowable affirmative defenses, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same.  Answering further, Defendants previously have made Plaintiff aware of Defendants' affirmative defense that Defendants hold a properly perfected lien on the Funds pursuant to Va. Code § 54.1-3932.

73.     Paragraph 73 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

74.     Defendants admit the allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

76.     Paragraph 76 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

### COUNT III

### Declaratory Judgment for Funds to be Turned Over to the Estate
### 11 U.S.C. § 543

77.     Defendants reincorporate their answers to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

19

78.     Paragraph 78 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint that "[t]he Funds are due and payable to the Debtor."  Further, Paragraph 79 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## COUNT IV

### The Defendants Slandered the Debtor's Title

81.     Defendants reincorporate their answers to Paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82.     Paragraph 82 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 82.

83.     In response to the allegations contained in Paragraph 83 of the Complaint, if Plaintiff inadvertently referenced "Va. Code § 54.1-392" when intending to refer to Va. Code § 54.1-3932, then Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 83.  Further, Defendants specifically deny the allegations contained in Paragraph 83 of

the Complaint to the extent they allege that Defendants were "aware" of the noncompliance alleged by Plaintiff, and, as such, Defendants demand strict proof of the same.

84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint and demand strict proof of the same.

85.    With respect to the allegations contained in Paragraph 85 of the Complaint, if Plaintiff inadvertently referenced "Va. Code § 54.1-392" when intending to refer to Va. Code § 54.1-3932, then, in response to Paragraph 85 of the Complaint, Defendants assert that Va. Code § 54.1-3932 speaks for itself.  Defendants deny the allegations contained in Paragraph 85 to the extent they mischaracterize Va. Code § 54.1-3932.  Further, Defendants deny the allegations contained in Paragraph 85 of the Complaint to the extent they allege that "there is no way the Defendants could have believed that their asserted Lien with respect to the Partition Suit was valid and a truthful statement," and, as such, Defendants demand strict proof of the same.

86.    Defendants admit the allegations contained in Paragraph 86 of the Complaint that they "intentionally filed the Lien in light of the outstanding debt owed."  Answering further, despite Plaintiff's attempt to vilify Defendants' availing themselves of their statutorily granted lien under Va. Code § 54.1-3932, Defendants assert that filing a Lien to protect payment, even if ahead of other creditors, is the entire point of Va. Code § 54.1-3932 and, generally, any lien filed by any creditor.  Defendants deny all other allegations contained in Paragraph 86 of the Complaint and demand strict proof of the same.

87.    Paragraph 87 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 87.  Further, Defendants deny the allegations contained in Paragraph 87 of the Complaint to the extent they could be interpreted to allege that Defendants should have filed the

21

Lien at the commencement of their representation of the Debtor.  Furthermore, Defendants deny the allegations contained in Paragraph 87 of the Complaint to the extent they could be interpreted to allege that Defendants did not timely avail themselves of their right to an attorney's lien under Va. Code § 54.1-3932.  Defendants specifically deny the allegations contained in Paragraph 87 of the Complaint that the Defendants' Lien was filed as "a malicious act" and, as such, demands strict proof of the same.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint. Further, Defendants specifically deny the allegations contained in Paragraph 88 of the Complaint to the extent they could be interpreted to allege that the Debtor is entitled to the Funds.

89.     In response to Paragraph 89 of the Complaint, Defendants lack sufficient knowledge, information, and belief to either admit or deny the allegations and therefore deny the same.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint. Further, Defendants specifically deny the allegations contained in Paragraph 90 of the Complaint to the extent they allege that the Debtor is entitled to the Funds.

## COUNT V

### Determination of Extent of Lien to be Determined by the Court
**11 U.S.C. § 506**

91.     Defendants reincorporate their answers to Paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

93.     The allegations contained in Paragraph 93 of the Complaint are nonsensical and do not call for a response, given that "Va. Code § 54.1-3924" pertains to the Virginia Board of Bar Examiners' determination of fees paid by applicants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 93 of the Complaint.  If Plaintiff inadvertently referenced "Va. Code § 54.1-3924" when intending to refer to Va. Code § 54.1-3932, then Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 93.

94.     The allegations contained in Paragraph 94 of the Complaint are nonsensical and do not call for a response, given that "Va. Code § 54.1-3924" pertains to the Virginia Board of Bar Examiners' determination of fees paid by applicants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 94 of the Complaint.  If Plaintiff inadvertently referenced "Va. Code § 54.1-3924" when intending to refer to Va. Code § 54.1-3932, then Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 94. Further, in response to Paragraph 94 of the Complaint, Defendants assert that Va. Code § 54.1-3932 speaks for itself.  Defendants deny the allegations contained in Paragraph 94 to the extent they mischaracterize Va. Code § 54.1-3932.

95.     In response to Paragraph 95 of the Complaint, Defendants admit that they did not separately invoice the Debtor for fees incurred in connection with the Partition Suit from fees incurred in connection with the Divorce Proceeding.  Defendants deny the allegations contained in Paragraph 95 of the Complaint to the extent such allegations could be interpreted to imply that Defendants were in any way required to separately invoice the Debtor for work provided in the Divorce Proceeding and for work provided in the Partition Suit, which was part and parcel to the

23

Divorce Proceeding.  Further, Defendants deny the allegations contained in Paragraph 95 of the Complaint to the extent they could be interpreted to allege that Defendants' Notice of Lien was not properly filed.

96.     The allegations contained in Paragraph 96 of the Complaint are nonsensical and do not call for a response, given that "Va. Code § 54.1-3924" pertains to the Virginia Board of Bar Examiners' determination of fees paid by applicants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96 of the Complaint.  If Plaintiff inadvertently referenced "Va. Code § 54.1-3924" when intending to refer to Va. Code § 54.1-3932, then Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96. Further, in response to Paragraph 96 of the Complaint, Defendants assert that Va. Code § 54.1-3932 speaks for itself.  Defendants deny the allegations contained in Paragraph 96 to the extent they mischaracterize Va. Code § 54.1-3932.

## COUNT VI

### Objection to Defendants' Proof of Claim
### 11 U.S.C. § 502(b)(1)

97.     Defendants reincorporate their answers to Paragraphs 1 through 96 of the Complaint as if fully set forth herein.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

24

100. Paragraph 100 of the Complaint states only Plaintiff's position and requires no response by Defendants. To the extent a response is required, Defendants deny that Plaintiff is entitled to relief requested in Paragraph 100.

101. Paragraph 101 of the Complaint contains no allegations to which a response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to relief requested in Paragraph 101.

102. The allegations in the unnumbered paragraphs beginning with "wherefore" constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

103. Defendants deny Plaintiff is entitled to any of the relief sought.

104. Defendants deny each allegation of the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Debtor Not Rendered Insolvent)

Defendants are informed and believe, and thereon allege, that the Debtor was not insolvent at the time the Lien was recorded, nor rendered insolvent by such recordation of the Lien.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Counts fail to state a cause of action upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE
### (No Improvement in Position)

Defendants are informed and believe, and thereon allege, that Defendants' position was not improved during the ninety (90) days prior to the Debtor's petition date.

## FOURTH AFFIRMATIVE DEFENSE
### (11 U.S.C. 550(b)(1))

To the extent Ms. DeBoer or DeBoerSouth are determined to be an initial transferee, or one for whose benefit a transfer was made, Ms. DeBoer and DeBoerSouth gave value in good faith and without knowledge of voidability on account of their Lien.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiff's claims are barred in whole or in part by doctrines of equitable estoppel, laches, disclaimer, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Fraud in the Inducement)

As discovery may demonstrate, Plaintiff's claims are barred in whole or in part on the grounds of misrepresentation or fraud in the inducement.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

As discovery may demonstrate, Plaintiff's claims are barred in whole or in part on the grounds of unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Res Judicata)

As discovery may demonstrate, Plaintiff's claims are barred by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE
### (Breach of Contract)

Plaintiffs' claims are barred in whole or in part by the Debtor's default as to the contracts or agreements, if any, which form the basis for Plaintiff's claims or causes of action.

26

## TENTH AFFIRMATIVE DEFENSE

Defendants expressly incorporate and allege all defenses as may be applicable. Defendants further reserve the right to assert any further defenses as may be revealed by additional information acquired during discovery or otherwise. Defendants reserve the right to amend their Answer and assert any other applicable defenses, to assert any applicable cross and/or counterclaims, and to implead any other applicable parties.

WHEREFORE, Defendants Dawn B. DeBoer and DeBoerSouth, PLLC pray that the Court enter an Order dismissing Plaintiff's Complaint with prejudice, that judgment be entered for Defendants on all counts of the Complaint, that Defendants be awarded their costs of suit and reasonable attorneys' fees and other expenses incurred in connection with this adversary proceeding, and for such other and further relief as the Court deems just and proper.

Date: April 6, 2026

WILLIAMS MULLEN

By:   /s/ Michael D. Mueller
Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219-3095
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
jmclemore@williamsmullen.com

*Counsel for Dawn B. DeBoer and
DeBoerSouth, PLLC*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of April 2026, I caused a copy of the foregoing to be

served by electronic means through the ECF system and a copy mailed to the following:

Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

Richard C. Pecoraro, Esquire
Rich Law, PLC
1700 Huguenot Road, Suite B4
Midlothian, VA 23113

William Anthony Broscious, Trustee
P.O. Box 71180
Henrico, VA 23255

Haley Kristen Magel, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

Jeremy S. Williams, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

Matthew W. Cheney
Office of the US Trustee – Region 4-R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

/s/ Michael D. Mueller
Michael D. Mueller

151449901