**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious*

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

</div>

| | | |
|---|---|---|
| IN RE:<br>BRANDON SCOTT MORRIS,<br><br>Debtor. | ) ) ) ) ) ) | Case No. 25-32198-KLP<br>Chapter 7 |
| WILLIAM A. BROSCIOUS, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DAWN B. DEBOER, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 26-03006-KLP |

<div align="center">

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

</div>

William A. Broscious (the "Trustee"), Chapter 7 Trustee for the Bankruptcy Estate of Brandon Scott Morris, by and through counsel, hereby moves (this "Motion") for partial summary judgment against Dawn B. DeBoer ("Ms. DeBoer") and DeBoerSouth, PLLC ("DeBoerSouth" and together with Ms. DeBoer, the "Defendants") pursuant to Rule 56 of the Federal Rules of Civil Procedure, as made applicable to these proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Rules") and Rules 7056-1 and 9013-1 of the Local Rules for the

United   States   Bankruptcy   Court   for   the   Eastern   District   of   Virginia (the "Local Bankruptcy Rules").  In support thereof, the Plaintiff states as follows:

### Parties and Jurisdiction

1.      The Trustee and the Defendants are all of the parties to the above-styled adversary proceeding and are each represented by counsel.

2.      This Court has personal jurisdiction over the parties to this matter pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter constitutes a core proceeding as set forth under 28 U.S.C. § 157(b)(2)(A), (F) and (K).

### Procedural Background

4.      After months of failed settlement negotiations, on March 5, 2026, the Trustee filed his *Complaint* [Docket No. 1] (the "Complaint") against the Defendants seeking to, among other things, avoid an improper lien the Defendants recorded against property of Brandon Scott Morris (the "Debtor").

5.      The Defendant filed an answer to the Complaint on April 6, 2026 [Docket No. 6] (the "Answer").

6.      A trial in this matter is currently scheduled for October 1, 2026 at 10:00 a.m.

### Relief Requested

7.      In the Complaint, the Trustee alleges six separate counts: (i) declaring a lien recorded by the Defendants pursuant to the Virginia Code as void under Count I; (ii) avoiding the lien recorded by the Defendants as a preference pursuant to 11 U.S.C. § 547 under Count II; (iii) declaratory judgment for funds to be turned over to the Debtor's estate pursuant to 11 U.S.C. § 543 under Count III; (iv) damages for slander of title under Count IV; (v) determination of the

extent of the lien recorded by the Defendants pursuant to 11 U.S.C. § 506 under Count V; and (vi) objection to the Defendants' proof of claim pursuant to 11 U.S.C. § 502(b)(1) under Count VI.

8. Pursuant to this Motion, the Trustee is seeking partial summary judgment as to Count I, declaring the lien recorded by the Defendants pursuant to the Virginia Code as void and Count II, in the alternative, avoiding the lien as a preference pursuant to 11 U.S.C. § 547.

9. In conjunction with the pleadings already in the record, the Trustee also attaches and incorporates *Defendants Dawn B. DeBoer and DeBoerSouth, PLLC's Responses to Trustee's First Set of Interrogatories, Requests for the Production of Documents and Requests for Admission* as **Exhibit A**; *Defendants' Answer to Plaintiff's First Interrogatory 15* as **Exhibit B**; *Defendants' Answer to Plaintiff's First Interrogatories 17 and 19* as **Exhibit C**; *Defendants' Answer to Plaintiff's First Interrogatory 20 and Defendants' Response to Plaintiff's First Request for Production of Documents 3* as **Exhibit D**; *Defendants' Answer to Plaintiff's First Interrogatory 21* as **Exhibit E**; and *Verification* as **Exhibit F**.

10. For the reasons set forth below, and based on the evidentiary support in the record, there are no material facts in dispute with respect to the allegations encompassed by Count I and Count II. Accordingly, the Trustee is entitled to partial summary judgment, and respectfully requests that the Court grant such partial summary judgment.

## MEMORANDUM AND ARGUMENT

### Statement of Undisputed Facts

11. On February 17, 2022, the Debtor entered into that certain engagement agreement (the "Engagement Agreement") with the Defendants to represent him in his divorce proceeding in Chesterfield County Circuit Court [Case No. CL21-3927] (the "Divorce Proceeding"). [Answer ¶ 9].

3

12.     As of the date of the Divorce Proceeding, the Debtor owned, jointly, certain real property located at 16919 Jennway Terrace, Moseley, Virginia 23120 (the "Property").  The Property was owned as tenants in common with the Debtor's now former spouse, Michelle Morris ("Ms. Morris") and her parents, Michael Rennie and Fabienne Rennie.  [Answer ¶ 11].

13.     In light of the pending separation of the Debtor and Ms. Morris, the owners of the Property sought to have the Chesterfield County Circuit Court determine their various rights and interests in the Property.  [Answer ¶ 12].

14.     Accordingly, the Defendants, on behalf of the Debtor, commenced a partition suit in Chesterfield County Circuit Court on August 31, 2023 [Case No. CL23-3191] (the "Partition Suit"). The Partition Suit sought to determine the equitable division of interests in the Property. [Answer ¶ 13].

15.     The Debtor did not execute a separate engagement agreement with the Defendants for his representation in the Partition Suit.  [Answer ¶ 14].

16.     On September 27, 2023, the Defendants argued in front of Judge Novey in Chesterfield County Circuit Court to consolidate the Divorce Proceeding and the Partition Suit. Judge Novey ruled that consolidation was not proper or allowed under Virginia law.  [Resp. to Interrogs. 9 and 12].

17.     The Defendants did not separately invoice the Debtor for fees and costs incurred in connection with the Partition Suit.  [Resp. to Req. for Admis. 15].  Instead, the Defendants issued the Debtor invoices representing legal services provided by the Defendants in connection with the Divorce Proceeding and the Partition Suit.  [Answer ¶ 15].

18.     During the course of the engagement, the Debtor stopped regularly paying the monthly invoices for legal services provided to him by the Defendants.  [Answer ¶ 17].

4

19.    During the course of the engagement, the Debtor expressed his financial hardships to the Defendants and the financial strain that child support payments and legal fees placed on him. [Answer ¶ 18].

20.    The Defendants were also aware of the Debtor's financial status because of their relationship with the Debtor as his attorney.  Specifically, as the Debtor's divorce attorney, the Defendants were aware of information regarding the Debtor's income, tax returns, banking information, retirement accounts, investment accounts, mortgage, credit card debts, etc.  [Answer ¶ 19].

21.    The Defendants had access to confidential and non-public information regarding their client's financial life given their role as counsel.  [Answer ¶ 20].

22.    On February 5, 2024, the Debtor's step-mother, Theresa Morris, sent correspondence to Ms. DeBoer informing her that the Debtor had not made rent payments to the Debtor's parents since March 2022, and that the Debtor's father would be going back to work to replenish the over $60,000 given to the Debtor for "this nightmare."  [Resp. to Interrog. 21 p. 2].

23.    On or about August 4, 2024, the Defendants informed the Debtor that they had prepared a motion and order to withdraw as the Debtor's counsel.  The Defendants stated that they would be unable to continue to represent the Debtor if they were not getting paid.  This correspondence to the Debtor also noted that Ms. DeBoer had spoken to the Debtor's mother regarding her concerns about the education of the Debtor's children, and that the mother would assist in paying to pursue that issue.  [Answer ¶ 21; Resp. to Interrogs. 17 and 19 p. 11].

24.    The record with respect to the Divorce Proceeding and the Partition Suit show that Ms. DeBoer did not withdraw as the Debtor's counsel in August 2024.  Instead, 12 days later, on August 16, 2024, the Defendants filed a Notice of Claim of Lien for Attorney Fees (the "Lien") in

5

both the Divorce Proceeding and the Partition Suit. The Lien is allegedly based upon Va. Code §

54.1-3932 (the "Lien Statute") and it is identical in each case.  [Answer ¶ 25].

25.     The Lien states that the "[c]lient signed Fee and Retainer Agreement for

representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this case. Invoices have been

sent to the client for work performed and costs incurred. The approximate amount of attorneys'

fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00."  [Answer ¶ 26].

26.     The Lien was made to or for the benefit of the Defendants because the Lien secured

a debt owed to the Defendants.  [Answer ¶ 65].

27.     The Lien was for or on account of an antecedent debt owed by the Debtor to the

Defendants because the Lien arose out of legal services provided by the Defendants to the Debtor

that the Defendants had not been paid for.  [Answer ¶ 66].

28.     The Defendants were (i) the initial transferee of the Lien and (ii) the persons for

whose benefit the Lien was made.  [Answer ¶ 74].

29.     Even though the Defendants filed their Lien in the Partition Suit, the Defendants

admit that Va. Code § 54.1-3932 makes no reference to liens arising from partition suits.  [Resp.to

Req. for Admis. 11].

30.     The Defendants admit that the attorneys' fees and costs which the Defendants assert

are secured by the Lien, are comprised of, at least in part, attorneys' fees and costs incurred in

connection with the Partition Suit.  [Resp. to Req. for Admis. 24].

31.     The invoices issued by the Defendants to the Debtor did not separately categorize

fees and costs based on whether they pertained to the Divorce Proceeding or the Partition Suit, and

there was no clear delineation between which fees related to the Divorce Proceeding and which

fees related to the Partition Suit. [Compl. ¶ 16; Resp. to Req. for Admis. 15].

32.     On November 15, 2024, an Agreed Order was entered in the Partition Suit and the Debtor was awarded $52,635.86 (the "Funds").  [Answer ¶ 29].

33.     After the filing of the Lien and the award of the Funds in the Partition Suit, on November 20, 2024, Ms. DeBoer sent correspondence to the Debtor noting that she would "send [him] the document memorizing [sic] our arrangement regarding the payment of our balance." [Resp. to Interrogs. 17 and 19 p. 23].

34.     On December 11, 2024, Ms. DeBoer sent correspondence to the Debtor regarding a Confession of Judgment Promissory Note (the "COJ Note") that she had drafted with respect to the payment of the Debtor's balance to DeBoerSouth.  The COJ Note memorialized the Debtor's promise to pay DeBoerSouth $91,059.32 which the COJ states is to be comprised of the Funds ($52,635.86) upon payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris and the remaining $38,423.46 payable within thirty (30) days after the transfer to Ms. Morris of her share of the Fidelity IRA per the Final Decree of divorce.  [Resp. to Interrogs. 17 and 19 pp. 25-28].

35.     Thereafter, Ms. DeBoer sent correspondence to the Debtor on December 30, 2024, January 2, 2025, January 30, 2025, February 17, 2025, and March 4, 2025, regarding his signing of the COJ Note and/or the need for a "written agreement" regarding the Debtor's payment of his outstanding balance to DeBoerSouth.  [Resp. to Interrogs. 17 and 19 pp. 29, 39, 55, 66, 67].

36.     On January 7, 2025, the Debtor sent correspondence to Ms. DeBoer stating that he would not be signing the COJ Note.  In response, on January 8, 2025, Ms. DeBoer noted that the Debtor seemed "to be forgetting all of the late night and weekend hours [she] spent helping [the Debtor] get the children ready to go to school and handling the issues of . . . your marriage so that that would all be handled appropriately."  [Resp. to Interrogs. 17 and 19 pp. 46-48].

37.     On March 11, 2025, Ms. DeBoer sent correspondence to the Debtor notifying him that she would no longer be representing him in any matter.  [Resp. to Interrogs. 17 and 19 pp. 78-79].

38.     On March 26, 2025, an Order was entered in the Partition Suit directing the Funds to be paid to the Clerk of Chesterfield Circuit Court.  [Answer ¶ 34].

39.     The Defendants also admit that on March 26, 2025, an Order was entered in the Divorce Proceeding granting the validity and the amount of the Lien. [Resp. to Req. for Admis. 9].

40.     The Chesterfield County Clerk's Office received the Funds on April 28, 2025, and the Funds remain there today.  [Answer ¶ 35].

41.     On June 3, 2025, the Debtor filed for bankruptcy protection under Chapter 7 of Title 11 of the U.S. Code.  [Answer ¶ 36].

42.     On October 15, 2025, DeBoerSouth filed a Proof of Claim in the Debtor's bankruptcy proceeding [Claim No. 12-1] (the "Proof of Claim").  The Proof of Claim reflects a total amount claimed of $92,446.74 with $52,635.86 of that amount being claimed as secured. [Answer ¶ 43].

## Summary Judgment Standard

43.     Pursuant to Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322.

44.     Whether a fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citation omitted).

45.     The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323.  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

46.     Additionally, matters admitted by a party in response to requests for admission under Federal Rule of Civil Procedure 36 are conclusively established for purposes of this action unless the Court permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b). The Defendants' admissions in response to the Trustee's Requests for Admission, cited throughout this Motion, are therefore conclusively established and not subject to genuine dispute.

### RELIEF REQUESTED

### Count I: The Attorneys' Charging Lien is Void per Va. Code § 54.1-3932

47.     Va. Code § 54.1-3932 sets out that:

> Any person having or claiming a cause of action (i) sounding in tort, (ii) for liquidated or unliquidated damages on contract, or (iii) **for annulment or divorce** may contract with any attorney to prosecute the same, and, upon contracting such attorney, the attorney shall have a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim.

(emphasis added).

9

48.     First, there is no dispute as to whether Va. Code § 54.1-3932 makes reference to liens arising from partition suits.  The Defendants admit it does not.  However, as made clear from the Answer and the Defendants' responses to the Trustee's discovery requests, the Defendants maintain that the "Partition Suit was part and parcel to the Divorce Proceeding.  Accordingly, the fees and costs in connection with the Partition Suit are secured by the Lien." [Resp. to Interrog. 16].  Such assertion is contradicted by the facts, however.

49.     The Defendants acknowledge that Judge Novey ruled that consolidation of the Divorce Proceeding and the Partition Suit was not proper or allowed under Virginia law. The ruling from the Judge makes clear that the Divorce Proceeding and the Partition Suit are two separate legal proceedings that necessarily cannot be combined into one. In short, a Virginia judge has already refuted the Defendants' assertion that the "Partition Suit was part and parcel to the Divorce Proceeding."

50.     Further, the case law in Virginia is well settled with respect to strict construction of statutory liens.  Originally established in 1896, and reaffirmed in 1912, the Supreme Court of Appeals in Virginia held that "courts require a strict compliance with all the statute prescribes for the completion or perfection of the lien, and cannot by construction supply any failure or omission on the part of the claimant, and to this extent may be said to place a strict construction upon the statute, as being an innovation upon the common law." *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547, 552 (1912) (quoting *Bristol Iron & Steel Co. v. Thomas*, 93 Va. 396, 400, 401 (1896)); *see also Ado Home Services, LLC v. Frykman*, 85 Va. App. 55, 77 (2025) (discussing that a party must strictly comply with the specifications of the statute to perfect its lien); *In re Military Circle Pet Ctr. No. 94, Inc.*, 181 B.R. 282, 287 (Bankr. E.D. Va. 1994) (discussing Va. Code § 54.1-3932

and that the conditions of the statute "must be met in order for the attorney to have a valid attorney lien.").

51.     Similarly, the Lien arises out of Va. Code § 54.1-3932, and, as a statutory lien, the provisions and requirements of Va. Code § 54.1-3932 must be strictly construed and strictly complied with for creation and perfection of the lien. As is evident by reading Va. Code § 54.1-3932, and as admitted by the Defendants, the Lien Statute does not mention claims or causes of action for partition actions.  Accordingly, the Lien Statute must be strictly construed per long settled Virginia law to exclude a right to a lien in such matters.  More pointedly, the Lien Statute does not say "[a]ny person having or claiming a cause of action . . . for annulment or divorce [**and related causes of action to such annulment or divorce**]." (emphasis added).  The Lien Statute only says "[a]ny person having or claiming a cause of action . . . for annulment or divorce . . . ." While the Defendants may wish to read the Lien Statue as though it includes the additional language, it does not, and that language must be strictly construed to mean *only* annulment or divorce.

52.     Even if a portion of the fees secured by the Lien related solely to the Divorce Proceeding, the Lien is not severable so as to enforce only that portion. The Lien commingles, without differentiation, fees and costs incurred in the Divorce Proceeding with fees and costs incurred in the non-lienable Partition Suit, and the Defendants admit that their invoices likewise did not separately categorize such fees. [Resp. to Req. for Admis. 15]. Because a statutory lien claimant bears the burden of strict compliance with "all the statute prescribes for the completion or perfection of the lien," and a court "cannot by construction supply any failure or omission on the part of the claimant," *Clement*, 113 Va. at 552, the Court cannot judicially apportion the Lien between lienable and non-lienable fees without impermissibly rewriting it. The Defendants' failure

11

to segregate lienable fees from non-lienable fees is an independent and sufficient basis to declare the entire Lien void.

53.     Due to the Defendants' non-compliance with the Lien Statute, the Lien must be declared as void.

### Count II: The Lien is Avoidable as a Preference

54.     Even if the Defendants were to have a valid lien under § 54.1-3932, such lien would be avoidable as a preference under 11 U.S.C. § 547(B)(4)(A). The date a transfer is deemed to occur under Section 547 is governed by 11 U.S.C. § 547(e).  Under Section 547(e)(2)(B), a transfer is deemed to occur at the time it is perfected if perfection occurs more than 30 days after the transfer takes effect between the parties. Because the Lien was not perfected until, at the earliest, the March 26, 2025 Order confirming its validity and amount, more than 30 days after the Lien was initially recorded on August 16, 2024, the transfer for purposes of Section 547 is deemed to have occurred on March 26, 2025.  That date is within 90 days of the Petition Date.

55.     Notably, § 54.1-3932(A) states that "[i]n causes of action for annulment or divorce, the court may not determine the validity or amount of the lien until the divorce judgment is final and all residual disputes regarding marital property are concluded."  This specific requirement that the court may not determine the validity or amount of the lien until the divorce judgment is final does not similarly apply to the tort or contract causes of action that the Lien Statute also governs. This is important because not only did the Lien become perfected when the court determined the validity and the amount of the Lien on March 26, 2025, but the Lien could not be exercised until then either.  *See Borden v. Wilson*, 79 Va. Cir. 111, *3 (2009) (discussing that an attorney in a divorce proceeding that notices a lien pursuant to § 54.1-3932 is "not sufficient to create an enforceable lien" and an attorney cannot "exercise his claim until all disputes [are] resolved").

The Lien, therefore, is not defeated by 11 U.S.C. 547(c)(6) because the Lien did not merely become perfected within 90 days of the Petition Date, the Lien also was only able to be exercised at that time after all residual disputes regarding marital property are concluded.

56.      Even if the Lien is not avoidable as having been recorded within 90 days, it is undoubtedly avoidable as a transfer made within one year of the Petition Date to a non-statutory insider per 11 U.S.C. § 547(b)(4)(B).   The Defendants are non-statutory insiders due to the Defendants' close relationship to the Debtor as the Debtor's legal counsel in a divorce proceeding. The Bankruptcy Code provides a non-exclusive definition of the term "insider" pursuant to § 101(31)(A).   "Because the statutory language merely "includes" types of persons deemed to be insiders, courts have found these categories nonexhaustive."  *In re Carr & Porter, LLC*, 416 B.R. 239, 254 (Bankr. E.D. Va. 2009), *aff'd sub nom. Smith v. Porter*, 416 B.R. 264 (E.D. Va. 2009). "[A]n insider may be any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny."  *Id.*  (quoting *Butler v. David Shaw*, Inc., 72 F.3d 437, 443 (4th Cir.1996)).

57.      "Courts generally hold, in accordance with the legislative history of Section 101(31), that insider status is determined by a factual inquiry into the closeness of the relationship between the parties and whether the transaction between the transferee and debtor was conducted at 'arm's length.'" *Id.* (quoting *Three Flint Hill Ltd. P'ship v. Prudential Ins. Co.* (*In re Three Flint Hill Ltd. P'ship*), 213 B.R. 292, 298 (D.Md.1997)) (citation omitted). A factual inquiry into the closeness of the relationship between the Defendants and the Debtor reveals that the Defendants were extraordinarily close with the Debtor during their representation of him in the Divorce Proceeding and the Partition Suit.  The Defendants (i) were deeply aware of the Debtor's financial condition to include his income, tax returns, banking information, retirement accounts, investment

13

accounts, mortgage and credit card debts [Answer ¶¶ 19-20]; (ii) communicated with and appear to have been substantially involved with the Debtor's family members to include his mother and step-mother as evidenced by Ms. DeBoer's e-mail correspondence with the same [Answer ¶ 21; Resp. to Interrog. 17]; and (iii) performed work for the Debtor late at night and on the weekends as stated by Ms. DeBoer in her correspondence to the Debtor [Resp. to Interrogs. 17 and 19 pp. 46-48].

58.     Further, as the Debtor's legal counsel, the Debtor trusted and looked to the Defendants for their advice and counseling for the span of at least three years while the Defendants were representing the Debtor.  The closeness and length of this client and counsel relationship, along with the other specific circumstances listed above which provide insight as to the nature of the relationship between the Defendants and the Debtor all lend to the conclusion that the relationship was sufficiently close so as to subject the relationship to careful scrutiny, and, therefore, the Defendants are insiders of the Debtor.

59.     It also does not appear that the transaction between the Debtor and the Defendants was at arm's length. Ms. DeBoer's first correspondence (to the Trustee's knowledge) to the Debtor regarding her need to withdraw as counsel because of nonpayment was on August 4, 2024. Ms. DeBoer later filed her Lien on August 16, 2024. Thereafter, starting on December 11, 2024, Ms. DeBoer began to virtually harass the Debtor regarding his signing of the COJ Note. This continued up and until the Defendants resigned as the Debtor's counsel. The circumstances regarding the Defendants' threatening to withdraw as counsel prior to the filing of the Lien and the Defendants' continuous questioning of the Debtor regarding when he will sign the COJ Note lead to the conclusion that there was not an arm's-length transaction between the parties. Therefore, due to

14

the Defendants' close relationship to the Debtor and the lack of an arm's-length transaction, the Defendants are insiders of the Debtor.

60.     Based upon either of the dates of the filing of the Lien or the March 26, 2025 Order, the Lien can be avoided as a preference to an insider pursuant to 11 U.S.C. § 547(b)(4)(B) or simply as a preference pursuant to 11 U.S.C. § 547(b)(4)(A).  With respect to the requirements of 11 U.S.C. § 547(b)(1), (2) and (3), the Lien was made to or for the benefit of the Defendants because the Lien secured a debt owed to the Defendants [Answer ¶ 65],  the Lien was for or on account of an antecedent debt owed by the Debtor to the Defendants because the Lien arose out of legal services previously provided by the Defendants to the Debtor that the Debtor had not paid for,  [Answer ¶ 66], and  the Debtor is presumed to be insolvent within 90 days of the Petition Date per 11 U.S.C. § 547(f).  Section 547(b)(5) requires that the transfer have enabled the Defendants to receive more than they would have received in a hypothetical chapter 7 liquidation had the transfer not been made.  This element is satisfied as a matter of law.  Absent the Lien, the Defendants' claim for unpaid legal fees would be wholly unsecured and would share pro rata with the Debtor's other unsecured creditors.  Because the Lien instead seeks to secure $52,635.86 of the Defendants' claim [Answer ¶ 43], and the Debtor's Schedules reflect that liabilities far outweigh assets [Compl. ¶ 69], the Defendants necessarily receive more on account of the secured portion of their claim than they would receive as an unsecured creditor sharing pro rata in the Debtor's estate.  Per 11 U.S.C. § 550, the Defendants will be liable to the Trustee for the value of the avoided Lien because the Defendants were (i) the initial transferee of the Lien and (ii) the persons for whose benefit the Lien was made.  [Answer ¶ 74].

61.     The above facts and elements of Count II of the Complaint, together with the insolvency presumption under 11 U.S.C. § 547(f) and the greater-amount analysis set forth above,

15

are undisputed and are appropriately before the Court for entry of partial summary judgment by the Court.

## **Conclusion**

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting partial summary judgment in favor of the Trustee and against the Defendants with respect to Count I of the Complaint, or, in the alternative, several elements of Count II of the Complaint and granting such other relief as the Court deems appropriate.

Dated:  July 14, 2026                                            **WILLIAM A. BROSCIOUS, TRUSTEE**


                                                                                By:  */s/ Haley K. Magel*

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious*

16

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 14, 2026, a copy of the foregoing document was served via CM/ECF on the following necessary parties:

Michael D. Mueller
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA 23219
mmueller@williamsmullen.com
*Counsel for Dawn B. DeBoer and*
*DeBoerSouth, PLLC*

                                        */s/ Haley K. Magel*
                                              Counsel

# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **In re:** | **)** | **Chapter 7** |
| | **)** | |
| **BRANDON SCOTT MORRIS,** | **)** | **Case No. 25-32198-KLP** |
| | **)** | |
| **Debtor.** | **)** | |
| | **)** | |
| | **)** | |
| **WILLIAM A. BROSCIOUS** | **)** | **Adversary Proceeding** |
| | **)** | |
| | **)** | **Case No. 26-03006-KLP** |
| **Plaintiff** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **DAWN B. DEBOER** | **)** | |
| **and** | **)** | |
| **DEBOERSOUTH, PLLC,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

**DEFENDANTS DAWN B. DEBOER AND DEBOERSOUTH, PLLC'S RESPONSES TO
TRUSTEE'S FIRST SET OF INTERROGATORIES, REQUESTS FOR THE
<u>PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION</u>**

Defendant Dawn B. DeBoer ("<u>Ms. DeBoer</u>") and Defendant DeBoerSouth, PLLC

("<u>DeBoerSouth</u>"; together with Ms. DeBoer, "<u>Defendants</u>"), by counsel, provide the following

answers and responses to Plaintiff William A. Broscious' (the "<u>Trustee</u>" or "<u>Plaintiff</u>") *First Set*

---

Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email:   mmueller@williamsmullen.com
         jmclemore@williamsmullen.com

*Counsel for Dawn B. DeBoer and DeBoerSouth, PLLC*

*of Interrogatories, Requests for the Production of Documents and Requests for Admission* (the

"Discovery Requests"):

## RESERVATIONS

1.      Defendants do not waive the attorney-client, work product, or any other privilege

or immunity from disclosure that may attach to information responsive to the Discovery Requests,

nor the subject matters to which a request may refer, and any inadvertent disclosure of documents

that are privileged or otherwise immune from discovery is not to be understood as a waiver of any

privilege or immunity.

2.      Defendants reserve the right to object to other discovery involving or relating to the

subject matters of the Discovery Requests and the right at any time to revise, correct, add or clarify

any of their responses herein.

## RESPONSES TO INTERROGATORIES

1.      To the extent not identified in response to a specific interrogatory, please identify

persons whom you believe to have knowledge of the allegations of fact set forth in the Complaint;

and provide a description of their knowledge.   Include in your response the person's name,

employer, title, address, and telephone number.

**RESPONSE:**

2

1.    Name:        Dawn B. DeBoer, Esquire

      Employer:    Self employed
      Address:     1802 Bayberry Court, Suite 403
                   Richmond, Virginia 23226
      Telephone number: (804) 533-7770
      Description of knowledge:    Ms. DeBoer, as former counsel for the Debtor in the divorce and partition suit proceedings relevant in this case, has knowledge of and information regarding all matters at issue in this case.

2.    Name:        DeBoerSouth, PLLC

      Employer:    Not applicable
      Address:     1802 Bayberry Court, Suite 403
                   Richmond, Virginia 23226
      Telephone number:  (804) 533-7770
      Description of knowledge:   DeBoerSouth, as Ms. DeBoer's law firm, has information regarding all matters at issue in this case.

3.    Name:        William A. Broscious, Esquire

      Employer:    Self employed
      Address:     P.O. Box 71180
                   Henrico, Virginia 23255
      Telephone number:
      Description of knowledge:    William A. Broscious (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee in the Debtor's bankruptcy case, is likely to have knowledge of and information regarding the Debtor's bankruptcy case.

4.    Name:        Richard Pecoraro, Esquire

      Address:     1700 Huguenot Road
                   Midlothian, Virginia 23113
      Employer:    Rich Law, PLC
      Telephone number:  (804) 464-3066
      Description of knowledge:    Mr. Pecoraro, as the Debtor's counsel in the above-referenced bankruptcy case, is likely to have knowledge of and information regarding (i) the Debtor's financial activities during the time period relevant in this case, (ii) certain events preceding the commencement of the Debtor's bankruptcy case, and (iii) the Debtor's bankruptcy case.

3

5.    <u>Name</u>:      Brandon Scott Morris

<u>Employer</u>:    United Bank (last known)
<u>Address</u>:     13836 Randolph Pond Lane
            Midlothian, Virginia 23114
<u>Telephone number</u>:  (804) 514-1926
<u>Description of knowledge</u>:    Mr. Morris, as the Debtor in the above referenced bankruptcy case, is likely to have knowledge of and information regarding all matters at issue in this case.

6.    <u>Name</u>:      Randall Bland

<u>Employer</u>:    Unknown
<u>Address</u>:     13836 Randolph Pond Lane
            Midlothian, Virginia 23114
<u>Telephone number</u>: Unknown
<u>Description of knowledge</u>:    Ms. Bland, as the Debtor's partner, is likely to have knowledge of and information regarding the Debtor's financial activities during the time period relevant in this case.

7.    <u>Name</u>:      Michelle Morris

<u>Employer</u>:    Unknown
<u>Address</u>:     16919 Jennway Terrace
            Moseley, Virginia 23120
<u>Telephone number</u>: (804) 539-8387
<u>Description of knowledge</u>:    Michelle Morris ("<u>Ms. Morris</u>"), as the Debtor's former spouse, is likely to have knowledge of and information regarding (i) the Debtor's financial activities during the time period relevant in this case, (ii) the divorce and partition suit proceedings relevant in this case, and (iii) Defendants' representation of the Debtor in relation to the same.

8.    <u>Name</u>:      Michael Rennie

<u>Employer</u>:    Unknown
<u>Address</u>:     16919 Jennway Terrace
            Moseley, Virginia 23120
<u>Telephone number</u>: Unknown
<u>Description of knowledge</u>:    Michael Rennie ("<u>Mr. Rennie</u>"), as the Debtor's former father-in-law, is likely to have knowledge of and information regarding (i) the divorce and partition suit proceedings relevant in this case, and (ii) Defendants' representation of the Debtor in relation to the same.

9.      Name:      Fabienne Rennie

        Employer:      Unknown
        Address:      16919 Jennway Terrace
                      Moseley, Virginia 23120
        Telephone number: Unknown
        Description of knowledge:      Fabienne Rennie ("Mrs. Rennie"; together with Mr. Rennie, the "Rennies"), as the Debtor's former mother-in-law, is likely to have knowledge of and information regarding (i) the divorce and partition suit proceedings relevant in this case, and (ii) Defendants' representation of the Debtor in relation to the same.

10.      Name:      Easter Moses, Esquire

        Employer:      Easter Moses, Esquire
        Address:      120 Church Avenue, SW
                      Roanoke, Virginia 24011
        Telephone number:
        Description of knowledge:      Mr. Moses, as Trustee pursuant to that certain Deed of Trust dated March 24, 2025 and filed in the Clerk's Office of the Circuit Court of the County of Chesterfield in Deed Book 14832, Page 84, is likely to have knowledge of and information regarding (i) the Debtor's financial activities during the time period relevant in this case and (ii) the divorce and partition suit proceedings relevant in this case.

11.      Name:      Regina Ballard

        Employer:      Unknown
        Address:      6624 Hidden Woods Court
                      Roanoke, Virginia 24018
        Telephone number: Unknown
        Description of knowledge:      Ms. Ballard, the Debtor's mother, is likely to have knowledge of and information regarding (i) the Debtor's financial activities during the time period relevant in this case, (ii) the divorce and partition suit proceedings relevant in this case, and (iii) Defendants' representation of the Debtor in relation to the same.

5

12.    Name:      Theresa Morris

      Employer:   Unknown
      Address:    4108 SW 15th Avenue
                 Cape Coral, Florida 33914
      Telephone number: (804) 356-8669
      Description of knowledge:    Ms. Morris, the Debtor's stepmother, is likely to have knowledge of and information regarding the Debtor's financial activities during the time period relevant in this case.

13.    Name:      Kenneth Morris

      Employer:   Unknown
      Address:    4108 SW 15th Avenue
                 Cape Coral, Florida 33914
      Telephone number: Unknown
      Description of knowledge:    Mr. Morris, the Debtor's father, is likely to have knowledge of and information regarding the Debtor's financial activities during the time period relevant in this case.

14.    Name:      M. Donette Williams

      Employer:   Unknown
      Address:    10525 Dutchess Lane
                 Amelia Courthouse, Virginia 23002

                 Last known office address:
                 21427 Hull Street Road
                 Post Office Box 85
                 Moseley, Virginia 23120
      Telephone number: Unknown

      Description of knowledge:    Ms. Williams, as counsel to Ms. Michelle Morris in the divorce proceeding relevant in this case, is likely to have knowledge of (i) the Debtor's financial activities during the time period relevant in this case, (ii) the divorce and partition suit proceedings relevant in this case, and (iii) Defendants' representation of the Debtor in relation to the same.

6

15.    <u>Name</u>:       Erika E. MacCormac, Esquire

<u>Employer</u>:   Winslow McCurry & MacCormac, PLLC
<u>Address</u>:    Winslow McCurry & MacCormac, PLLC
1324 Sycamore Square, Suite 202C
Midlothian, Virginia 23832
<u>Telephone number</u>: (804) 423-1382
<u>Description of knowledge</u>:   Ms. MacCormac, as Guardian *ad litem* to the Debtor's children, is likely to have knowledge of and information regarding (i) the divorce proceeding relevant in this case.

16.    <u>Name</u>:       A. Russell Watson, Esquire

<u>Employer</u>:   Gordon, Doson, Gordon & Rowlett
<u>Address</u>:    GORDON, DODSON, GORDON & ROWLETT
10303 Memory Lane, Suite 101
Chesterfield, Virginia 23832
<u>Telephone number</u>: (804) 748-8153
<u>Description of knowledge</u>:   Mr. Watson, as counsel to Ms. Michelle Morris and the Rennies in the partition suit relevant in this case, is likely to have knowledge of and information regarding (i) the Debtor's financial activities during the time period relevant in this case, (ii) the divorce and partition suit proceedings relevant in this case, and (iii) Defendants' representation of the Debtor in relation to the same.

2.    Describe the terms and conditions under which the Debtor retained one or both of

the Defendants to provide legal services and identify any contracts regarding same.

**<u>RESPONSE</u>:  Exhibit A to the Complaint is a true and accurate copy of the Engagement Agreement executed by and between the Debtor and the Defendants and sets forth the terms and conditions. The Debtor paid an initial retainer in the amount of $25,000 on February 17, 2022.**

3.    Explain why you think the Adversary Proceeding is not a core proceeding under

28 U.S.C. § 157(b)(2).

**<u>RESPONSE</u>:  The Defendants do not think that the Adversary Proceeding is not a core proceeding under 28 U.S.C. § 157(b)(2).**

4.      Explain why you think the Court lacks jurisdiction over the Adversary

Proceeding.

**RESPONSE:  The Defendants do not think that the Court lacks jurisdiction over the Adversary Proceeding.**

5.      Explain why you think the venue with the Court is not appropriate.

**RESPONSE:   The Defendants do not think that venue with the Court is not appropriate.**

6.      Explain why you think the Court lacks jurisdiction over the Defendants.

**RESPONSE:  The Defendants do not think that the Court lacks jurisdiction over the Defendants.**

7.      Identify what you consider to be the scope of the representation of the Debtor, by

the Defendants, pursuant to the Engagement Agreement.

**RESPONSE:   Pursuant to the Engagement Agreement, the Defendants' representation of the Debtor encompassed all issues and aspects of the Debtor's divorce.**

8.      Identify what provision of the Engagement Agreement you contend supports your

assertion that the Debtor also agreed to retain the Defendants to provide services in connection

with the Partition Suit.

**RESPONSE:  The Defendants' representation of the Debtor encompassed all issues and aspects of the Debtor's divorce.  Pursuant to Section 20-107.3 of the Code of Virginia, upon decreeing the dissolution of a marriage and upon decreeing a divorce from the bond of matrimony, the court must follow the statutory requirements and divide the marital property and marital debt between the parties. The determination of the marital property interest of Michelle Morris and the Debtor in the marital residence owned with Michelle Morris' parents was a necessary prerequisite to the court "decreeing a divorce from the bond of matrimony".**

8

9.       Explain why the Partition Suit was brought as a lawsuit separate and apart from the

Divorce Proceeding.

**RESPONSE:   There is no other mechanism, proceeding or cause of action under
Virginia law to establish the ownership interests in real property of unmarried owners except
as a result of the filing of a partition suit. There is no mechanism to add additional parties to
a divorce case. Counsel for Michelle Morris stated to Ms. DeBoer on August 30, 2023 that
Michelle Morris' parents, Michael and Fabienne Morris, the co-owners of the marital
residence (16919 Jennway Terrace, Moseley, Virginia 23120) of Michelle Morris and the
Debtor, would not make any agreement whatsoever with the Debtor as to the Debtor's
ownership interest in, and the value of his ownership interest in, the marital residence of the
Debtor and Michelle Morris. Counsel for Michelle Morris stated that the Debtor must file a
partition suit for that determination to be made. Counsel for Michelle Morris refused to
consider any avenue to resolve the Court's necessary prerequisite determinations of the
Debtor's ownership interest in, and the value of his ownership interest in, the marital
residence for the divorce case's finalization other than via partition suit.**

**At the September 27, 2023 hearing in Chesterfield County Circuit Court on both the
Divorce Proceeding and the Partition Suit, the Defendants argued the Motion to Consolidate
the cases. Judge Novey ruled such a consolidation was not proper. He ruled the Partition Suit
must be resolved first as such was necessary in order for him to then resolve the Divorce
Proceeding. His rulings were stated to all counsel on each case, and thus constituted the law
of the cases.**

10.      Explain the factual and legal basis for your assertion that "a determination of the

rights and interests of the Debtor and Ms. Morris in the Marital Property was not necessary and

essential to the Divorce Proceedings."

**RESPONSE:   The Defendants do not assert that a determination of the rights and
interests of the Debtor and Ms. Morris in the Marital Property was not necessary and
essential to the Divorce Proceedings. Further, this quote dramatically misconstrues the
Defendants' answers to Paragraphs 12 and 13 of the Complaint. These answers state in
relevant part: "*Defendants deny the allegations contained in [Paragraph 12 / Paragraph 13]
of the Complaint to the extent such allegations could be interpreted to imply that* a
determination of the rights and interests of the Debtor and Ms. Morris in the Marital
Property was not necessary and essential to the Divorce Proceeding." (emphasis added).**

11.      Explain the factual and legal basis for your assertion that the Partition Suit was

necessary and had to be resolved in order for the Divorce Proceeding to continue.

9

**RESPONSE:  Pursuant to Section 20-107.3 of the Code of Virginia, upon decreeing the dissolution of a marriage and upon decreeing a divorce from the bond of matrimony, the court must follow the statutory requirements and divide the marital property and marital debt between the parties. The determination of the marital property interest of Michelle Morris and the Debtor in the marital residence owned with Michelle Morris' parents was a necessary prerequisite to the court "decreeing a divorce from the bond of matrimony". There is no other mechanism, proceeding or cause of action under Virginia law to establish the ownership interests in real property of unmarried owners except as a result of the filing of a partition suit. There is no mechanism to add additional parties to a divorce case. Counsel for Michelle Morris stated to Ms. DeBoer on August 30, 2023 that Michelle Morris' parents, Michael and Fabienne Rennie, the co-owners of the marital residence (16919 Jennway Terrace, Moseley, Virginia 23120) of Michelle Morris and the Debtor, would not make any agreement whatsoever with the Debtor as to the Debtor's ownership interest in, and the value of his ownership interest in, the marital residence of the Debtor and Michelle Morris and the Debtor must file a partition suit for that determination to be made. Counsel for Michelle Morris refused to consider any avenue to resolve the Court's necessary prerequisite determinations of the Debtor's ownership interest in, and the value of his ownership interest in, the marital residence for the divorce case's finalization other than via partition suit.**

**At the September 27, 2023 hearing in Chesterfield County Circuit Court on both the Divorce Proceeding and the Partition Suit, the Defendants argued the Motion to Consolidate the cases. Judge Novey ruled such a consolidation was not proper. He ruled the Partition Suit must be resolved first as such was necessary in order for him to then resolve the Divorce Proceeding. His rulings were stated to all counsel on each case, and thus constituted the law of the cases.**

12.     Identify any orders of the Circuit Court which ordered the filing of the Partition Suit, required that the Partition Suit be resolved prior to continuing the Divorce Proceeding and/or consolidated the Partition Suit and the Divorce Proceeding.

**RESPONSE:  The Circuit Court did not enter a written Order as described in this Interrogatory. On September 27, 2023, the Circuit Court conducted a hearing on the Debtor's Partition Suit, Motion to Consolidate the divorce case and partition suit (Notice of which had been timely served upon all parties), and a hearing in the Divorce Proceedings. In attendance at this September 27, 2023 hearing were: the Debtor; Ms. DeBoer; Michelle Morris and her two lawyers, M. Donette Williams, Esquire (Divorce Proceedings counsel) and Russell Watson, Esquire (Partition counsel); Michael Rennie; Fabienne Rennie; counsel for Michael Rennie and Fabienne Rennie, Russell Watson, Esquire; and Erika MacCormac, Esquire. After argument and presentation, the Circuit Court ruled from the bench that it was not consolidating the Divorce Proceedings and the Partition Suit as such was not proper or allowed under Virginia law, that the Circuit Court must adjudicate the Partition Suit before it could adjudicate the property issues and division of same in the Divorce Proceedings, and set forth a process and schedule of how the Partition Suit would be**

10

**adjudicated. A copy of the transcript of this September 27, 2023 hearing has been ordered from the court reporter and shall be provided upon receipt.**

13.     To the extent you assert the Defendants are not an "Insider" as defined by 11 U.S.C. § 101(31), state the factual basis for such assertion.

**RESPONSE:  Neither Defendant is (i) a relative of the Debtor; (ii) a general partner of the Debtor; (iii) a partnership in which the Debtor is a general partner; (iv) a general partner of the Debtor; or (v) a corporation of which the Debtor is a director, officer, or person in control.**

14.     Explain when and how the Lien arose, the date on which it attached and the date om which it became perfected.

**RESPONSE:  The Defendants filed their Notices of Lien on August 16, 2024 and contemporaneously gave notice of the same to the Debtor, Michelle Morris' counsel, and counsel for Fabienne and Michael Rennie. The Lien relates back to February 17, 2022, the date on which the Engagement Agreement was executed. The Lien arose, attached, and was perfected on February 17, 2022.**

15.     Identify all obligations, including specific time entries, which are secured by the Lien and separately identify what fees and costs relate to the Divorce Proceeding and which relate to the Partition Suit.

**RESPONSE:  Attached are copies of all invoices sent to the Debtor. The entries highlighted in yellow are the entries related to the Partition Suit. All other entries relate to the Divorce Proceeding. All obligations are secured by the Lien.**

16.     Assert that basis for your assertion, including supporting case law, that fees and costs incurred in connection with the Partition Suit are secured by the Lien.

**RESPONSE:  Virginia Code § 54.1-3932 establishes that an attorney may assert a charging lien "for any services rendered in relation" to such attorney's representation of a client in a "cause of action … for annulment or divorce."  The purpose of such lien is to serve as "security for his fees." Per the legislative history of Virginia Code § 54.1-3932 and relevant case law, the statute is to be broadly interpreted for the benefit of attorneys. *See Hughes v. Cole*, 465 S.E.2d 820, 835 (Va. 1996). The Engagement Agreement provides that "[the**

11

**Defendants] have been retained to represent [the Debtor] in the matter of divorce." The
Partition Suit was part and parcel to the Divorce Proceeding. Accordingly, the fees and costs
incurred in connection with the Partition Suit are secured by the Lien.**

**Further, the Defendants asserted the Lien in both the Divorce Proceeding and
the Partition Suit. Even if the Defendants' fees in the Partition Suit are not secured by the Lien,
the amount of the Defendants' fees in the Divorce Proceeding are near to or in excess of the
Debtor's proceeds from the marital residence in the amount of $52,635.86.**

17.     Identify all communications which relate to the obligations owed by the Debtor to
the Defendants.

**RESPONSE:**

- **All invoices sent to the Debtor**

- **August 2, 2024: telephone conference with the Debtor regarding his
  outstanding balance and need to pay same;**

- **December 11, 2024: telephone conference with the Debtor regarding his
  outstanding balance and need to pay same;**

- **See attached email messages dated:**

  - **August 4, 2024 (2);**
  - **August 8, 2024;**
  - **August 15, 2024;**
  - **November 20, 2024;**
  - **December 11, 2024;**
  - **December 30, 2024;**
  - **December 31, 2024;**
  - **January 2, 2025 (2);**
  - **January 8, 2025;**
  - **January 21, 2025;**
  - **January 30, 2025 (3);**
  - **February 17, 2025;**
  - **March 4, 2025;**
  - **March 11, 2025;**
  - **May 27, 2025**

18.     Identify all communications regarding the Debtor's financial condition.

**RESPONSE:  The Defendants have many communications regarding the Debtor's financial condition, amassed during the Defendants' representation of the Debtor from February 17, 2022 until March 11, 2025. Full copies and/or summaries, as applicable, of all such communications were provided to counsel for the Trustee in response to a subpoena *duces tecum* request. Given that the Defendants represented the Debtor in the Divorce Proceeding and Partition Suit, each pertaining in large part to the Debtor's financial condition, the Defendants point to all communications contained in the previously provided documents in response to this Interrogatory.**

19.      Identify all communications regarding efforts to collect any outstanding debts owed to the Defendants.

**RESPONSE:**

- **All invoices sent to the Debtor**

- **August 2, 2024: telephone conference with the Debtor regarding his outstanding balance and need to pay same;**

- **December 11, 2024: telephone conference with the Debtor regarding his outstanding balance and need to pay same;**

- **See attached email messages dated:**

    o **August 4, 2024 (2);**
    o **August 8, 2024;**
    o **August 15, 2024;**
    o **November 20, 2024;**
    o **December 11, 2024;**
    o **December 30, 2024;**
    o **December 31, 2024;**
    o **January 2, 2025 (2);**
    o **January 8, 2025;**
    o **January 21, 2025;**
    o **January 30, 2025 (3);**
    o **February 17, 2025;**
    o **March 4, 2025;**
    o **March 11, 2025;**
    o **May 27, 2025**

13

20.     Identify all payments made by or on behalf of the Debtor, including the date of payment, the amount of payment, the form of payments and the invoice to which payment related.

**RESPONSE:**

| | | | |
|---|---|---|---|
| **2/17/2022** | **$25,000.00** | **Check** | **Retainer** |
| **7/5/2023** | **$3,000.00** | **Check** | **Additional retainer** |
| **5/26/2025** | **$1,449.54** | **Check** | **Invoice #5099** |

21.     Identify all communication from the Debtor or third-parties which pertain to the Debtor's financial status, including the date of such communication, the form of such communication, and the substance of such communication.

**RESPONSE:  The Defendants have many communications regarding the Debtor's financial condition, amassed during the Defendants' representation of the Debtor from February 17, 2022 until March 11, 2025. Full copies and/or summaries, as applicable, of all such communications were provided to counsel for the Trustee in response to a subpoena *duces tecum* request. Given that the Defendants represented the Debtor in the Divorce Proceeding and Partition Suit, each pertaining in large part to the Debtor's financial condition, the Defendants point to all communications contained in the previously provided documents in response to this Interrogatory.**

**The only communications from a third party pertaining to the Debtor's financial status came from Theresa Morris, the Debtor's stepmother, in email messages dated February 5, 2024 and August 22, 2024, copies attached.**

22.     Describe your understanding of the Debtor's financial status as of the date the Lien was recorded.

**RESPONSE:  The Debtor was due to receive the approximate amount of $52,635.86 for his marital property share of the marital residence known as 16919 Jennway Terrace, Moseley, Virginia 23120. The Debtor was due to receive an amount from Michelle Morris for an offset resulting from the division of the marital assets and liabilities in the Divorce Proceedings as ruled upon by the Circuit Court. The Debtor was earning $109,176 per year from his employment. Other than his income from his employment, the Debtor had not provided any financial statements or debt documents to the Defendants since early May 2024.**

14

**As of that time, to the Defendants' knowledge, the Debtor was paying all of his debts, liabilities and expenses except his obligations to the Defendants.**

23.     Explain how our understanding of the Debtor's financial status changed starting with the beginning of the representation up until the Lien was recorded.

**RESPONSE:   The Defendants do not have any information as to Plaintiff's understanding.**

24.     State whether the Defendants requested or required the Lien due to concerns about the Debtor's financial condition.

**RESPONSE:  The Defendants filed and recorded the Lien because the Debtor was not paying his obligations owed to the Defendants as the Debtor had continuously agreed to do and was contractually obligated to do.**

25.     Explain why you did not assert a lien under Va. Code §54.1-3932 prior to the date on which the Lien was recorded.

**RESPONSE:  The Debtor continued to promise to pay the balance he owed to the Defendants. The Debtor pleaded with Ms. DeBoer to not withdraw from his representation. The Defendants were attempting to allow the Debtor to pay the balance owed and reach an agreement regarding the terms of payment as the Debtor had promised to do and was contractually obligated to do.  Further, the Defendants timely asserted the Lien pursuant to Virginia Code § 54.1-3932, which in no way required the Defendants to assert the Lien at an earlier date.**

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents that will be relied upon any witness which you intend to have testify at trial.

**RESPONSE:  No such determination has been made.**

2.     All documents identified in connection with your response to the Interrogatories.

**RESPONSE:  Attached as identified in the Answers to Interrogatories.**

15

3.      All documents which identify any payments tendered by the Debtor.

**RESPONSE:  Attached are copies of checks dated: 2/17/2022; 7/5/2023; 1/7/2025**

## ANSWER TO REQUESTS FOR ADMISSION

1.      Admit that Exhibit A to the Complaint is a true and accurate copy of the Engagement Agreement executed by and between the Debtor and the Defendants.

**ANSWER:  Admit**

2.      Admit that Exhibit B to the Complaint is a true and accurate copy of the Lien filed in the Divorce Proceeding.

**ANSWER:  Admit**

3.      Admit that Exhibit C to the Complaint is a true and accurate copy of the Lien filed in the Partition Suit.

**ANSWER:  Admit**

4.      Admit that on August 4, 2024 you contacted the Debtor via email regarding, among other things, your preparation of documents to withdraw as counsel and that you could not continue to represent the Debtor if you were not getting paid.  A true and correct copy of such correspondence is attached hereto as Exhibit D.

**ANSWER:  Admit**

16

5.      Admit that Gina Ballard did not remit payment to you on behalf of the Debtor as a result of your correspondence to the Debtor attached hereto as Exhibit D.

**ANSWER: Admit**

6.      Admit that Gina Ballard advised that she would not be able to make additional payments on behalf of the Debtor.

**ANSWER: Deny**

7.      Admit that attached hereto as Exhibit E is correspondence from Gina Ballard dated August 9, 2024 indicating her inability to make further payments to you on behalf of the Debtor.

**ANSWER: The Defendants have never seen Exhibit E until receipt of these Discovery Requests. Ms. DeBoer's email address is not: duboee@debowrsouth.com.   Thus, the Defendants deny this Request.**

8.      Admit that on August 16, 2024 you recorded the Lien with respect to both the Divorce Proceeding and the Partition Suit.

**ANSWER: Admit**

9.      Admit that on March 26, 2025 an Order was entered in the Divorce Proceeding granting the validity and the amount of the Lien.

**ANSWER: Admit**

10.     Admit that the Lien was perfected on March 26, 2025 which is within 90 days of the Petition Date.

**ANSWER: Deny**

17

11.     Admit that Va. Code § 54.1-3932 makes no reference to liens arising from partition suits.

**ANSWER: Admit**

12.     Admit that partition suits can be brought separate and apart from divorce proceedings.

**ANSWER: Admit**

13.     Admit that the Partition Suit was initiated by filing a separate complaint with the Circuit Court and was assigned a separate case number.

**ANSWER: Admit**

14.     Admit that no order was entered consolidating the Partition Suit and the Divorce Proceeding.

**ANSWER: Admit**

15.     Admit that in connection with any invoices sent to the Debtor, the Defendants did not separately categorize fees and expenses based on whether they pertained to the Divorce Proceeding or the Partition Suit.

**ANSWER: Admit**

16.     Admit the Debtor was insolvent as of the date the Lien was recorded.

**ANSWER: Deny**

18

17.    Admit the Debtor lacked sufficient resources to timely and fully pay his obligations as they came due as of the date the Lien was recorded.

**ANSWER:  Deny**

18.    Admit you recorded the Lien when you did because you were concerned about the Debtor's ability to promptly pay your invoices going forward.

**ANSWER:  Deny. The Defendants exercised their available right and remedy under Virginia Code § 54.1-3932 because of the Debtor's continued failure to timely pay his obligations to the Defendants.**

19.    Admit that you could have recorded the Lien as of the date the engagement with the Debtor commenced.

**ANSWER:  Admit; while, technically, the Lien could have been recorded on the date the Defendants commenced representation of the Debtor, such timing would be highly unusual and detrimental to a budding attorney-client relationship.**

20.    Admit that Virginia Code § 541.3932 requires that "the court may not determine the validity or amount of the lien until the divorce judgment is final and all residual disputes regarding marital property are concluded."

**ANSWER: Deny (no such code section of the Virginia Code exists)**

21.    Admit that prior to the order entered by the Circuit Court on March 26, 2025, the Circuit Court had not otherwise opined, in writing, regarding the validity of the Lien.

**ANSWER:  Admit**

19

22.     Admit that the Debtor did not have counsel defending him with respect to the amount or validity of the Lien.

**ANSWER:  Admit; no counsel on behalf of Debtor made an appearance in the Circuit Court proceedings and Defendants were not informed that the Debtor had counsel.**

23.     Admit that you did not advise the Debtor of his right to obtain separate counsel to represent him in connection with opposing the Lien.

**ANSWER:  Admit**

24.     Admit that the attorneys' fees and costs which the Defendants assert are secured by the Lien, are comprised of, at least in part, attorneys' fees and costs incurred in connection with the Partition Suit.

**ANSWER:  Admit**

Date: June 17, 2026                                    WILLIAMS MULLEN

                                        By:     /s/ Michael D. Mueller
                                                Michael D. Mueller, Esquire
                                                Jennifer M. McLemore, Esquire
                                                WILLIAMS MULLEN
                                                200 South 10th Street, Suite 1600
                                                Richmond, Virginia 23219-3095
                                                Telephone: (804) 420-6000
                                                Facsimile: (804) 420-6507
                                                Email: mmueller@williamsmullen.com
                                                        jmclemore@williamsmullen.com

                                                *Counsel for Dawn B. DeBoer and
                                                DeBoerSouth, PLLC*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of June 2026, I caused a copy of the foregoing to be

served by e-mail to the following:

Jeremy S. Williams, Esquire
Haley Kristen Magel, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com


<u>/s/ Michael D. Mueller</u>
Michael D. Mueller

21

**EXHIBIT B**

19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE:<br>BRANDON SCOTT MORRIS,<br><br>Debtor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 25-32198-KLP<br>Chapter 7 |
| WILLIAM A. BROSCIOUS,<br><br>Plaintiff,<br><br>v.<br><br>DAWN B. DEBOER, et al.,<br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Adv. Pro. No. 26-03006-KLP |

# DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST INTERROGATORY 15

0001

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

MICHELLE K. MORRIS,                                        Plaintiff,

Case No.: CL21003927-00

BRANDON SCOTT MORRIS,                                 Defendant.

## ATTORNEY'S FEE AND COSTS INCURRED BY BRANDON SCOTT MORRIS

| Invoice Date | Fees & Costs |
|---|---|
| March 1, 2022 | $810.00 |
| March 29, 2022 | $2,174.14 |
| May 3, 2022 | $5,805.00 |
| June 1, 2022 | $2,160.56 |
| July 5, 2022 | $1,749.64 |
| September 29, 2022 | $1,462.50 |
| November 21, 2022 | $585.00 |
| December 19, 2022 | $1,957.50 |
| January 25, 2023 | $67.50 |
| March 1, 2023 | $506.20 |
| March 26, 2023 | $1,545.00 |
| May 1, 2023 | $990.00 |
| June 13, 2023 | $1,635.00 |
| July 26, 2023 | $2,872.54 |

1

0002

| August 29, 2023 | $285.00 |
| October 8, 2023 | $2,004.79 |
| October 25, 2023 | $37,619.82 |
| November 27, 2023 | $2,644.25 |
| January 22, 2024 | $396.40 |
| February 26, 2024 | $5,317.88 |
| March 25, 2024 | $1,133.45 |
| April 29, 2024 | $1,350.00 |
| May 24, 2024 | $13,947.54 |
| June 24, 2024 | $13,333.00 |
| August 25, 2024 | $11,589.06 |
| September 23, 2024 | $991.60 |
| October 29, 2024 | $1,345.74 |
| November 25, 2024 | $200.76 |
| December 23, 2024 | $93.34 |
| January 27, 2025 | $181.78 |
| February 28, 2025 | $135.00 |
| Appraisals | $1,200.00 |

**Total Attorney Fees & Costs:** $119,791.80

**Paid To-Date:** $25,210.06

**Total Outstanding 3/25/25:** $94,581.74

2

0003

I, Dawn B. DeBoer, Esquire, hereby affirm that the above is a true and accurate accounting of the fees and costs incurred by Brandon Scott Morris to-date.

_____

Dawn B. DeBoer

COMMONWEALTH OF VIRGINIA
COUNTY OF HENRICO

Subscribed and sworn to before me, a notary public, in the jurisdiction aforesaid, by Dawn B. DeBoer this 25th day of March, 2025.

_____
Notary Public

Commission Expires: 4/30/26
Registration Number: 7618478

3

0004

# ‖ DeBoerSouth

# DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## INVOICE

| Number | 7211 |
|---|---|
| Issue Date | 2/28/2025 |
| Email | b.scottmorris@yahoo.com |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>1/15/2025<br>Letter to Russ Watson | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>1/20/2025<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>2/25/2025<br>Telephone conference with Russ Watson | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | **Time Entries Total** | **0.30** | **$135.00** |

file

0005

| | |
|---|---|
| Total (USD) | $135.00 |
| Paid | $0.00 |
| Balance | $135.00 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| I-6320 Previous Balance | $10,840.62 |
| I-6320 Previous Interest | $748.44 |
| I-6454 Previous Balance | $945.00 |
| I-6454 Previous Interest | $46.60 |
| I-6636 Previous Balance | $1,294.66 |
| I-6636 Previous Interest | $51.08 |
| I-6767 Previous Balance | $195.00 |
| I-6767 Previous Interest | $5.76 |
| I-6932 Previous Balance | $91.54 |
| I-6932 Previous Interest | $1.80 |
| I-6982 Previous Balance | $180.00 |
| I-6982 Previous Interest | $1.78 |
| Total Outstanding | $94,581.74 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 10/24/2023 | Previous Balance | | $0.00 |
| **3/26/2025** | **Current Balance** | | **$0.00** |

# ⦀ DeBoerSouth

# DeBoerSouth, PLLC                                   INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 6982 |
|---|---|
| Issue Date | 1/27/2025 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $1.78 | 1.00 | $1.78 |
| | **Flat Fees Total:** | | **1.00** | **$1.78** |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>12/30/2024<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>1/2/2025<br>Email from Donette Williams and forward to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>1/3/2025<br>Email from Donette Williams | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>1/7/2025<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | **Time Entries Total** | | **0.40** | **$180.00** |

0008

| | |
|---|---:|
| Total (USD) | $181.78 |
| Paid | $0.00 |
| Balance | $181.78 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| I-6320 Previous Balance | $10,840.62 |
| I-6320 Previous Interest | $748.44 |
| I-6454 Previous Balance | $945.00 |
| I-6454 Previous Interest | $46.60 |
| I-6636 Previous Balance | $1,294.66 |
| I-6636 Previous Interest | $51.08 |
| I-6767 Previous Balance | $195.00 |
| I-6767 Previous Interest | $5.76 |
| I-6932 Previous Balance | $91.54 |
| I-6932 Previous Interest | $1.80 |
| Total Outstanding | $94,446.74 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

file

0009

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| | |
|---|---|
| Number | 6932 |
| Issue Date | 12/23/2024 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $0.90 | 1.00 | $0.90 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $0.90 | 1.00 | $0.90 |
| | | **Flat Fees Total:** | **2.00** | **$1.80** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Delivery services/messengers<br>12/22/2024<br>Invoice 59021 | Dawn M. South | $91.54 | 1.00 | $91.54 |
| | | **Expenses Total:** | **1.00** | **$91.54** |

file

0011

| | |
|---|---|
| Total (USD) | $93.34 |
| Paid | $0.00 |
| Balance | $93.34 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| I-6320 Previous Balance | $10,840.62 |
| I-6320 Previous Interest | $748.44 |
| I-6454 Previous Balance | $945.00 |
| I-6454 Previous Interest | $46.60 |
| I-6636 Previous Balance | $1,294.66 |
| I-6636 Previous Interest | $51.08 |
| I-6767 Previous Balance | $195.00 |
| I-6767 Previous Interest | $5.76 |
| Total Outstanding | $94,264.96 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days

0012

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 10/24/2023 | Previous Balance | | $0.00 |
| **3/26/2025** | **Current Balance** | | **$0.00** |

0013

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

**Bill To:**

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

# INVOICE

| Number | 6767 |
|---|---|
| Issue Date | 11/25/2024 |
| Email | b.scottmorris@yahoo.com |

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $1.92 | 1.00 | $1.92 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $1.92 | 1.00 | $1.92 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $1.92 | 1.00 | $1.92 |
| | **Flat Fees Total:** | | **3.00** | **$5.76** |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>10/28/2024<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>11/4/2024<br>Draft letter to Court in partition suit, prepare fax coversheets and package for hand-delivery | Ashley Scott | $175.00 | 0.20 | $35.00 |
| Time<br>11/21/2024<br>Research IRA form transfer for divorce and instructions; print for attorney review and save to electronic file | Ashley Scott | $175.00 | 0.30 | $52.50 |
| Time<br>11/21/2024<br>Phone call to Courier One to arrange pick up of Decree from opposing counsel office | Ashley Scott | $175.00 | 0.10 | $17.50 |
| | **Time Entries Total** | | **0.80** | **$195.00** |

file

0014

| | |
|---|---|
| Total (USD) | $200.76 |
| Paid | $0.00 |
| Balance | $200.76 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| I-6320 Previous Balance | $10,840.62 |
| I-6320 Previous Interest | $748.44 |
| I-6454 Previous Balance | $945.00 |
| I-6454 Previous Interest | $46.60 |
| I-6636 Previous Balance | $1,294.66 |
| I-6636 Previous Interest | $51.08 |
| Total Outstanding | $94,171.62 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

0015

# ⫼ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

## INVOICE

| | |
|---|---|
| Number | 6636 |
| Issue Date | 10/29/2024 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

### Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $12.77 | 1.00 | $12.77 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $12.77 | 1.00 | $12.77 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $12.77 | 1.00 | $12.77 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $12.77 | 1.00 | $12.77 |
| | **Flat Fees Total:** | | **4.00** | **$51.08** |

### Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>10/7/2024<br>Forward to client draft Orders I want Judge Novey to enter | Dawn B. DeBoer | $450.00 | 0.70 | $315.00 |
| Time<br>10/7/2024<br>Draft letter to Court | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/8/2024<br>Email to Courier One to arrange hand-delivery to Courthouse | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/8/2024<br>Email to client | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/8/2024<br>Update pleadings index, organize files | Ashley Scott | $175.00 | 1.30 | $227.50 |
| Time<br>10/10/2024<br>Phone call from Russ Watson, email to attorney | Ashley Scott | $175.00 | 0.10 | $17.50 |

0016

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>10/10/2024<br>Phone call from Donette Williams' assistant regarding status of endorsements; email message to attorney; return call to confirm courier | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/10/2024<br>Email to Courier One to arrange package coordination/delivery to multiple locations, per attorney emailed instruction | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/10/2024<br>Draft letters to Court and GAL; confidential addendum, vs-4; make various edits per attorney instruction; prepare packet for courier | Ashley Scott | $175.00 | 0.60 | $105.00 |
| Time<br>10/10/2024<br>Email to counsel; provide copies of correspondence | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/10/2024<br>Email to client | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>10/18/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.70 | $315.00 |
| | | **Time Entries Total** | **4.10** | **$1,102.50** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Delivery services/messengers<br>10/27/2024<br>Invoice 58278 | Dawn M. South | $37.54 | 1.00 | $37.54 |
| Uncategorized<br>10/27/2024<br>Invoice 58278 | Dawn M. South | $154.62 | 1.00 | $154.62 |
| | | **Expenses Total:** | **2.00** | **$192.16** |

|  |  |
|---|---|
| Total (USD) | $1,345.74 |
| Paid | $0.00 |
| Balance | $1,345.74 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| I-6320 Previous Balance | $10,840.62 |
| I-6320 Previous Interest | $748.44 |
| I-6454 Previous Balance | $945.00 |
| I-6454 Previous Interest | $46.60 |
| Total Outstanding | $93,970.86 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

0018

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| | |
|---|---|
| Number | 6454 |
| Issue Date | 9/23/2024 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

### Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $9.32 | 1.00 | $9.32 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $9.32 | 1.00 | $9.32 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $9.32 | 1.00 | $9.32 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $9.32 | 1.00 | $9.32 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $9.32 | 1.00 | $9.32 |
| | | **Flat Fees Total:** | **5.00** | **$46.60** |

### Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>8/25/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 1.00 | $450.00 |
| Time<br>8/30/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 1.10 | $495.00 |
| | | **Time Entries Total** | **2.10** | **$945.00** |

file

0019

| | |
|---|---|
| Total (USD) | $991.60 |
| Paid | $0.00 |
| Balance | $991.60 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| I-6320 Previous Balance | $10,840.62 |
| I-6320 Previous Interest | $748.44 |
| Total Outstanding | $92,625.12 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

# ⫶⫶⫶ DeBoerSouth

## DeBoerSouth, PLLC

# INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| | |
|---|---|
| Number | 6320 |
| Issue Date | 8/25/2024 |
| Email | b.scottmorris@yahoo.com |

Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $106.92 | 1.00 | $106.92 |
| | **Flat Fees Total:** | | **7.00** | **$748.44** |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>7/19/2024<br>Email from client enclosing children's report cards | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>7/25/2024<br>Email to Russ Watson | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>7/26/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 1.30 | $585.00 |

file

0021

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>7/29/2024<br>Email from Theresa Morris | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>8/2/2024<br>Telephone conference with Erika MacCormac; telephone conference with client | Dawn B. DeBoer | $450.00 | 1.80 | $810.00 |
| Time<br>8/5/2024<br>Email to Erika MacCormac | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>8/6/2024<br>Draft 7 witness subpoenas, letter to Court; review client email for information for subpoenas | Ashley Scott | $175.00 | 0.70 | $122.50 |
| Time<br>8/6/2024<br>Draft Final Decree | Ashley Scott | $175.00 | 2.00 | $350.00 |
| Time<br>8/9/2024<br>Finalizing witness subpoenas | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>8/11/2024<br>Email messages to and from Erika MacCormac; forward to client | Dawn B. DeBoer | $450.00 | 0.60 | $270.00 |
| Time<br>8/14/2024<br>Work on Final Decree based upon Judge Novey's letter opinion; forward to counsel; revise Order in partition suit and forward to counsel | Dawn B. DeBoer | $450.00 | 2.40 | $1,080.00 |
| Time<br>8/14/2024<br>Draft supplemental discovery responses and letter forwarding to opposing counsel. | Erica Ashley | $175.00 | 0.50 | $87.50 |
| Time<br>8/15/2024<br>Draft VS4 form. | Erica Ashley | $175.00 | 0.10 | $17.50 |
| Time<br>8/15/2024<br>Telephone conference with client, witnesses and Erika MacCormac; preparation for hearing | Dawn B. DeBoer | $450.00 | 3.30 | $1,485.00 |
| Time<br>8/16/2024<br>Travel to an attendance at hearing; telephone conference with Erika MacCormac; telephone conference with client | Dawn B. DeBoer | $450.00 | 6.40 | $2,880.00 |
| Time<br>8/17/2024<br>Telephone conference with client; work on case | Dawn B. DeBoer | $450.00 | 2.60 | $1,170.00 |
| Time<br>8/19/2024<br>Telephone conference with client; email messages with client | Dawn B. DeBoer | $450.00 | 1.20 | $540.00 |
| Time<br>8/20/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.50 | $225.00 |

*(handwritten in red: 22,500)*

0022

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>8/21/2024<br>Draft Order regarding August 16 hearing | Ashley Scott | $175.00 | 0.60 | $105.00 |
| | **Time Entries Total** | | **25.20** | **$10,267.50** |

Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Court Reporter<br>8/25/2024<br>Morris 24-02021 | Dawn M. South | $423.58 | 1.00 | $423.58 |
| Delivery services/messengers<br>8/25/2024<br>Invoice 57145 | Dawn M. South | $65.54 | 1.00 | $65.54 |
| Subpoena fees<br>8/25/2024<br>Subpoena Fees | Dawn M. South | $84.00 | 1.00 | $84.00 |
| | **Expenses Total:** | | **3.00** | **$573.12** |

| | |
|---|---|
| Total (USD) | $11,589.06 |
| Paid | $0.00 |
| Balance | $11,589.06 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| I-5999 Previous Balance | $12,245.98 |
| I-5999 Previous Interest | $1,087.02 |
| **Total Outstanding** | **$91,633.52** |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

0024

# ⫴ DeBoerSouth

## DeBoerSouth, PLLC                                    # INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| | |
|---|---|
| Number | 5999 |
| Issue Date | 6/24/2024 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

### Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $120.78 | 1.00 | $120.78 |
| | **Flat Fees Total:** | | **9.00** | **$1,087.02** |

### Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/20/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/20/2024<br>Preparation of Notice of Hearing, Motion to Bifurcate; Notice of Presentation for filing with the Court | Dawn B. DeBoer | $450.00 | 1.10 | $495.00 |

I-5999

Page 1 of 4

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/21/2024<br>Email exchange with counsel and the Court; work on asset distribution updates | Dawn B. DeBoer | $450.00 | 1.20 | $540.00 |
| Time<br>5/22/2024<br>Continued work on asset distribution filing | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>5/23/2024<br>Work on trial preparation; telephone conference with client | Dawn B. DeBoer | $450.00 | 2.10 | $945.00 |
| Time<br>5/23/2024<br>Receipt and review of various client emails and documents; save same to electronic file; print for hard file | Ashley Scott | $175.00 | 0.80 | $140.00 |
| Time<br>5/23/2024<br>Phone call to Courier One for hand-delivery to Courthouse | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/24/2024<br>Travel to and attendance at trial; conference with client beforehand | Dawn B. DeBoer | $450.00 | 4.40 | $1,980.00 |
| Time<br>5/24/2024<br>Email to opposing counsel | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/24/2024<br>Scan & save client supplemental discovery answers to electronic file; make copies for counsel and trial; organize for hard file | Ashley Scott | $175.00 | 0.50 | $87.50 |
| Time<br>5/24/2024<br>Draft attorney's fees exhibit; print invoices; notarize same | Ashley Scott | $175.00 | 0.50 | $87.50 |
| Time<br>5/25/2024<br>Email exchanges with client regarding summer school application and enrollment process; telephone conference with client; email exchange regarding Cabela's credit card statement | Dawn B. DeBoer | $450.00 | 2.70 | $1,215.00 |
| Time<br>5/26/2024<br>Email exchanges with client regarding summer school application and enrollment process | Dawn B. DeBoer | $450.00 | 0.50 | $225.00 |
| Time<br>5/27/2024<br>Email exchanges with client regarding summer school application and enrollment process; email to counsel with update on summer school issue and process | Dawn B. DeBoer | $450.00 | 1.40 | $630.00 |
| Time<br>5/28/2024<br>Email exchanges with client regarding summer school application and enrollment process | Dawn B. DeBoer | $450.00 | 0.70 | $315.00 |
| Time<br>5/31/2024<br>Work on Closing Argument | Dawn B. DeBoer | $450.00 | 2.30 | $1,035.00 |
| Time<br>6/4/2024<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>6/5/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.50 | $225.00 |
| Time<br>6/13/2024<br>Work on Closing Argument for filing | Dawn B. DeBoer | $450.00 | 3.20 | $1,440.00 |
| Time<br>6/17/2024<br>Filing Closing Argument | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>6/19/2024<br>Work on Motion for Award of Attorneys' Fees | Dawn B. DeBoer | $450.00 | 1.20 | $540.00 |
| Time<br>6/20/2024<br>Finalizing and filing Attorney Fee Closing Argument and attachments | Dawn B. DeBoer | $450.00 | 1.50 | $675.00 |
| | **Time Entries Total** | | **26.70** | **$11,465.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Appraisal<br>6/2/2024<br>AJ Appraisal | Dawn M. South | $150.00 | 1.00 | $150.00 |
| Delivery services/messengers<br>6/2/2024<br>Invoice #55386 | Dawn M. South | $69.86 | 1.00 | $69.86 |
| Court Reporter<br>6/9/2024<br>Morris Invoices #24-01282 and #24-01292 | Bookkeeper At DeBoerSouth | $523.58 | 1.00 | $523.58 |
| Delivery services/messengers<br>6/9/2024<br>Invoice 55612 | Bookkeeper At DeBoerSouth | $37.54 | 1.00 | $37.54 |
| | **Expenses Total:** | | **4.00** | **$780.98** |

| | |
|---|---|
| Total (USD) | $13,333.00 |
| Paid | $0.00 |
| Balance | $13,333.00 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| I-5864 Previous Balance | $13,947.54 |
| I-5864 Previous Interest | $1,238.04 |
| Total Outstanding | $80,044.46 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/25/2025 | Current Balance | | $0.00 |

I-5999

0028

# ⫼ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

# INVOICE

| Number | 5864 |
|---|---|
| Issue Date | 5/24/2024 |
| Email | b.scottmorris@yahoo.com |

### Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $137.56 | 1.00 | $137.56 |
| | **Flat Fees Total:** | | **9.00** | **$1,238.04** |

### Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>4/29/2024<br>Telephone conference with Russ Watson; preparation for partition suit trial | Dawn B. DeBoer | $450.00 | 1.10 | $495.00 |

file

Page 1 of 5

0029

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>4/29/2024<br>Review of opposing party discovery answers for deficiencies; save to electronic file | Ashley Scott | $175.00 | 1.90 | $332.50 |
| Time<br>5/2/2024<br>File Notice of Hearing; mail exchange with Alex Uminski regarding rental value analysis; telephone conference with Russ Watson | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>5/3/2024<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/5/2024<br>Telephone conference with client; work on partition suit trial preparation | Dawn B. DeBoer | $450.00 | 3.70 | $1,665.00 |
| Time<br>5/6/2024<br>Draft letter to opposing counsel | Ashley Scott | $175.00 | 0.50 | $87.50 |
| Time<br>5/6/2024<br>Work on partition suit trial preparation; work on settlement proposal | Dawn B. DeBoer | $450.00 | 3.10 | $1,395.00 |
| Time<br>5/6/2024<br>Telephone conference with client; receipt of Sylvan results from client; telephone conference with Erika MacCormac; instruction to staff and begin drafting Motion regarding academics | Dawn B. DeBoer | $450.00 | 1.40 | $630.00 |
| Time<br>5/7/2024<br>Forward settlement proposal to Russ Watson; work on trial preparation | Dawn B. DeBoer | $450.00 | 4.60 | $2,070.00 |
| Time<br>5/7/2024<br>Review of email from Alex Uminski and rental analysis; save to electronic file | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/7/2024<br>Draft Consent Order for Partition Suit | Ashley Scott | $175.00 | 0.70 | $122.50 |
| Time<br>5/7/2024<br>Prepare exhibits for trial | Ashley Scott | $175.00 | 0.60 | $105.00 |
| Time<br>5/8/2024<br>Work on Order to forward to counsel for endorsement | Dawn B. DeBoer | $450.00 | 1.20 | $540.00 |
| Time<br>5/8/2024<br>Preparation for, travel to and attendance at trial | Dawn B. DeBoer | $450.00 | 4.70 | $2,115.00 |
| Time<br>5/8/2024<br>Draft updates to attorney fee exhibit; notarize, scan and save to electronic file; make copies for trial | Ashley Scott | $175.00 | 0.40 | $70.00 |
| Time<br>5/8/2024<br>Draft Order regarding appraisal | Ashley Scott | $175.00 | 0.20 | $35.00 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/8/2024<br>Draft Motion for sole custody; review and save exhibits and client emails to electronic file | Ashley Scott | $175.00 | 2.20 | $385.00 |
| Time<br>5/8/2024<br>Save Alex Uminski resume to electronic file; make trial exhibit | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/9/2024<br>Draft letter to Court, updates to Motion, updates to PSA; prepare packets for delivery to Court and counsel | Ashley Scott | $175.00 | 0.80 | $140.00 |
| Time<br>5/9/2024<br>Draft Notice of Hearing; letter to Court; note hearing on attorney calendar | Ashley Scott | $175.00 | 0.20 | $35.00 |
| Time<br>5/9/2024<br>Work on Motion regarding education and medical decisions; forward copy of same to client and Erika MacCormac; work on Amended Support Order; multiple email exchanges with client | Dawn B. DeBoer | $450.00 | 3.20 | $1,440.00 |
| Time<br>5/10/2024<br>Filing Motion regarding education and medical decisions; forward copy to law clerk; multiple email exchanges with client; work on Amended PL Order and forward to client for his review; work on partial Property Settlement Agreement | Dawn B. DeBoer | $450.00 | 1.10 | $495.00 |
| Time<br>5/10/2024<br>Draft updates to pleadings index | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/10/2024<br>Email to client | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/13/2024<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>5/13/2024<br>Receipt and review of various emails and attached documents from client; save to electronic file | Ashley Scott | $175.00 | 0.80 | $140.00 |
| Time<br>5/14/2024<br>Email exchange with client; finalize Amended PL Order to send to Donette Williams | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>5/14/2024<br>Receipt and review of email from client; save document to electronic file | Ashley Scott | $175.00 | 0.10 | $17.50 |
| Time<br>5/14/2024<br>Draft letter to opposing counsel and supplemental discovery answers; print and organize responsive documents for attorney review | Ashley Scott | $175.00 | 2.40 | $420.00 |
| Time<br>5/16/2024<br>Organize file. | Erica Ashley | $175.00 | 3.00 | $525.00 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/17/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | **Time Entries Total** | | **39.40** | **$13,825.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Court Reporter<br>5/12/2024<br>Morris Invoice 092823B | Dawn M. South | $85.00 | 1.00 | $85.00 |
| Delivery services/messengers<br>5/19/2024<br>Invoice #55126 | Dawn M. South | $37.54 | 1.00 | $37.54 |
| | **Expenses Total:** | | **2.00** | **$122.54** |

| | |
|---|---|
| Total (USD) | $15,185.58 |
| Paid | $0.00 |
| Balance | $15,185.58 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| I-5786 Previous Balance | $1,350.00 |
| I-5786 Previous Interest | $133.20 |
| Total Outstanding | $66,711.46 |

## Terms & Conditions

Please be advised we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

# ▋▋ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 5786 |
| --- | --- |
| Issue Date | 4/29/2024 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
| --- | --- | --- | --- | --- |
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| Interest<br>300 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $13.32 | 1.00 | $13.32 |
| | **Flat Fees Total:** | | **10.00** | **$133.20** |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
| --- | --- | --- | --- | --- |
| Time<br>4/8/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |

file

Page 1 of 3

0034

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>4/10/2024<br>Email exchange with court and counsel regarding hearing date for Orders; email from client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>4/14/2024<br>Emails from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/15/2024<br>Preparation of Order and showing Order differences for filing with the Court | Dawn B. DeBoer | $450.00 | 1.20 | $540.00 |
| Time<br>4/17/2024<br>Email exchange with Court and counsel | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/17/2024<br>Voicemail message from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/18/2024<br>Telephone conference with Judge Novey, Donette Williams and Erika MacCormac | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>4/18/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/21/2024<br>Emails from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/22/2024<br>Email to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/26/2024<br>Instructions to staff | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | **Time Entries Total** | **3.00** | **$1,350.00** |

| | |
|---|---|
| Total (USD) | $1,483.20 |
| Paid | $0.00 |
| Balance | $1,483.20 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| I-5621 Previous Balance | $1,122.38 |
| I-5621 Previous Interest | $132.84 |
| Total Outstanding | $51,525.88 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | **Current Balance** | | **$0.00** |

0036

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| | |
|---|---|
| Number | 5621 |
| Issue Date | 3/25/2024 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

### Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>300 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>330 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| Interest<br>360 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $11.07 | 1.00 | $11.07 |
| | **Flat Fees Total:** | | **12.00** | **$132.84** |

### Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|

file

0037

| Time<br>2/26/2024<br>Voicemail message from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
|---|---|---|---|---|
| Time<br>3/6/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/12/2024<br>Email from client; email from Donette Williams | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>3/13/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/14/2024<br>Work on support calculations; emails to client | Dawn B. DeBoer | $450.00 | 0.90 | $405.00 |
| Time<br>3/15/2024<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | **Time Entries<br>Total** | **1.50** | **$675.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Court Reporter<br>2/28/2024<br>Morris Invoice 24-00511 | Dawn M. South | $323.58 | 1.00 | $323.58 |
| Delivery services/messengers<br>2/28/2024<br>Invoice #53738 | Dawn M. South | $92.00 | 1.00 | $92.00 |
| Delivery services/messengers<br>3/17/2024<br>FedEx | Dawn M. South | $31.80 | 1.00 | $31.80 |
| | | **Expenses Total:** | **3.00** | **$447.38** |

| | |
|---|---:|
| Total (USD) | $1,255.22 |
| Paid | $0.00 |
| Balance | $1,255.22 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| I-5512 Previous Balance | $5,215.00 |
| I-5512 Previous Interest | $668.72 |
| Total Outstanding | $50,042.68 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/26/2025 | Current Balance | | $0.00 |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 5512 |
|---|---|
| Issue Date | 2/26/2024 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>300 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>330 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>360 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| Interest<br>390 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $51.44 | 1.00 | $51.44 |
| | **Flat Fees Total:** | | **13.00** | **$668.72** |

Time Entries

I-5512

0040

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>1/15/2024<br>Letter to Russ Watson inquiring about my outstanding discovery | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>1/29/2024<br>Telephone conference with client; work on calculations | Dawn B. DeBoer | $450.00 | 0.60 | $270.00 |
| Time<br>1/29/2024<br>Telephone conference with Russ Watson | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>2/13/2024<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 1.40 | $630.00 |
| Time<br>2/22/2024<br>Telephone conference with client; preparation for hearing | Dawn B. DeBoer | $450.00 | 3.30 | $1,485.00 |
| Time<br>2/23/2024<br>Travel to and attendance at hearing; conference with client | Dawn B. DeBoer | $450.00 | 5.80 | $2,610.00 |
| **Time Entries Total** | | | **11.40** | **$5,130.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Court Reporter<br>2/25/2024<br>Morris Invoice 092823B | Dawn M. South | $85.00 | 1.00 | $85.00 |
| **Expenses Total:** | | | **1.00** | **$85.00** |

| | |
|---|---|
| Total (USD) | $5,883.72 |
| Paid | $0.00 |
| **Balance** | **$5,883.72** |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| I-5354 Previous Balance | $385.00 |
| I-5354 Previous Interest | $53.20 |
| **Total Outstanding** | **$48,787.46** |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 10/24/2023 | Previous Balance | | $0.00 |
| 3/25/2025 | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| | |
|---|---|
| Number | 5354 |
| Issue Date | 1/22/2024 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>300 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>330 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>360 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>390 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |
| Interest<br>420 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $3.80 | 1.00 | $3.80 |

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| | **Flat Fees Total:** | | **14.00** | **$53.20** |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>11/29/2023<br>Email exchange with Court and client to reschedule hearing | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| | **Time Entries Total** | | **0.30** | **$135.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Court Reporter<br>1/14/2024<br>Morris Invoice 244223 | Bookkeeper At DeBoerSouth | $250.00 | 1.00 | $250.00 |
| | **Expenses Total:** | | **1.00** | **$250.00** |

| | |
|---|---|
| Total (USD) | $438.20 |
| Paid | $0.00 |
| Balance | $438.20 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| I-5227 Previous Balance | $2,520.00 |
| I-5227 Previous Interest | $372.75 |
| Total Outstanding | $42,903.74 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| **3/24/2025** | **Current Balance** | | **$0.00** |

I-5354

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 5227 |
|---|---|
| Issue Date | 11/27/2023 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>300 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>330 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>360 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>390 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| Interest<br>420 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |

I-5227

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>450 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $24.85 | 1.00 | $24.85 |
| | | Flat Fees Total: | 15.00 | $372.75 |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>10/2/2023<br>Email exchange with Court for new date; email exchange with client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>10/4/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>10/6/2023<br>Email to Ron Guillot in partition suit | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>10/11/2023<br>Emil exchange with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>10/16/2023<br>Email exchange with client, Donette Williams, Erica MacCormack's office | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>10/26/2023<br>Email to counsel in partition suit regarding status | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>10/27/2023<br>Travel to and attendance at partition suit hearing; conference with client; email exchange with Alex Uminski; email to Judge Novey's secretary regarding appraiser option and we have no objection | Dawn B. DeBoer | $450.00 | 3.30 | $1,485.00 |
| Time<br>10/31/2023<br>Research entered Order for appraisal appointment; locate contact information and mail Reid Adams regarding appraisal | Dawn B. DeBoer | $450.00 | 0.60 | $270.00 |
| Time<br>11/1/2023<br>Check for appraiser to Court; emails from client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>11/1/2023<br>Email with client regarding Order for Appraisal; review new documents from client. | Heather Garcia | $150.00 | 0.30 | $45.00 |
| Time<br>11/3/2023<br>Email exchange with Donette Williams asking again about income tax filings | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/8/2023<br>Email to Donette Williams again requesting response regarding income tax returns filings | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/13/2023<br>Letter from Donette Williams; forward to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>11/14/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/16/2023<br>Receipt of garnishment from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/20/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | **Time Entries<br>Total** | **5.80** | **$2,520.00** |

| | |
|---|---|
| Total (USD) | $2,892.75 |
| Paid | $0.00 |
| Balance | $2,892.75 |
| I-5099 Previous Balance | $33,890.37 |
| I-5099 Previous Interest | $5,682.42 |
| Total Outstanding | $42,465.54 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 10/24/2023 | Previous Balance | | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ‖‖ DeBoerSouth

## DeBoerSouth, PLLC                                      # INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 5099 |
| --- | --- |
| Issue Date | 10/25/2023 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Flat Fees

| Flat Fees | Billed By | Price | Qty | Sub |
| --- | --- | --- | --- | --- |
| Interest<br>30 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>60 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>90 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>120 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>150 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>180 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>210 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>240 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>270 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>300 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>330 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>360 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>390 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>420 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |

0048

| Flat Fees | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Interest<br>450 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>480 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| Interest<br>510 days overdue. 0.99% interest at the rate of 12.00% per annum. | | $334.26 | 1.00 | $334.26 |
| | **Flat Fees Total:** | | **17.00** | **$5,682.42** |

Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>8/30/2023<br>Travel to and attendance at Judicial Settlement Conference | Dawn B. DeBoer | $450.00 | 5.20 | $2,340.00 |
| Time<br>8/31/2023<br>Travel to courthouse to obtain copies of deeds; work on Partition suit and filing of same | Dawn B. DeBoer | $450.00 | 5.60 | $2,520.00 |
| Time<br>8/31/2023<br>Draft witness subpoenas for Michael Rennie and Fabienne Julie Rennie for further attorney review. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>8/31/2023<br>Draft letter to Clerk of Court regarding witness subpoenas being filed. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>8/31/2023<br>Online research regarding PNC Financial Services Group; multiple telephone call with PNC representatives; emails with PNC representatives. | Heather Garcia | $150.00 | 1.70 | $255.00 |
| Time<br>9/1/2023<br>Identify service addresses for Complaint for Partition to provide to process server. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>9/1/2023<br>Email with process server regarding service of process of partition suit | Dawn B. DeBoer | $450.00 | 0.70 | $315.00 |
| Time<br>9/5/2023<br>Instructions to staff regarding partition suit | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>9/6/2023<br>Update file with pleadings for Partition suit. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>9/6/2023<br>Review of Affidavit of Service to ensure proper service of Complaint for Partition upon PNC and Amerisave and identify relevant deadlines. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>9/7/2023<br>Email from law clerk regarding Show Cause Motion | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |

0049

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>9/7/2023<br>Review of Affidavits of Service for Complaint for Partition served upon Mortgage Electronic Registration Systems, Michael Rennie, Fabienne Rennie and Michelle Morris. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>9/7/2023<br>Update Partition suit pleadings. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>9/12/2023<br>Work on discovery supplementation | Dawn B. DeBoer | $450.00 | 0.90 | $405.00 |
| Time<br>9/13/2023<br>Instructions to staff regarding supplementation of discovery responses | Dawn B. DeBoer | $450.00 | 0.70 | $315.00 |
| Time<br>9/13/2023<br>Review documents from client for supplemental discovery responses; prepare Supplemental Responses to Request for Production and respond to same. | Heather Garcia | $150.00 | 2.50 | $375.00 |
| Time<br>9/14/2023<br>Work on discovery supplementation | Dawn B. DeBoer | $450.00 | 0.90 | $405.00 |
| Time<br>9/14/2023<br>Prepare Supplemental Answers to Interrogatories and begin responding to same. | Heather Garcia | $150.00 | 2.80 | $420.00 |
| Time<br>9/15/2023<br>Work on and finalize supplemental discovery responses; email to Alex Uminski regarding his testimony; multiple emails with client; forward Shoe Cause documents | Dawn B. DeBoer | $450.00 | 2.10 | $945.00 |
| Time<br>9/15/2023<br>Telephone call with client regarding Supplemental Answers to Interrogatories. | Heather Garcia | $150.00 | 0.80 | $120.00 |
| Time<br>9/15/2023<br>Emails from and to client regarding documents needed for discovery. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>9/15/2023<br>Revise Supplemental Responses to Request for Production; prepare Supplemental Answers to Interrogatories; prepare document production; draft letter to opposing counsel regarding supplemental discovery responses. | Heather Garcia | $150.00 | 2.90 | $435.00 |
| Time<br>9/15/2023<br>Draft letter to opposing counsel requesting copies of subpoenas duces tecum issued to Essex Bank, United Bank and Wells Fargo. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>9/16/2023<br>Emil exchange with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>9/18/2023<br>Work on, file and submit for service Motion to Consolidate and amended Notice of Hearing | Dawn B. DeBoer | $450.00 | 1.20 | $540.00 ½ |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>9/19/2023<br>Begin drafting Asset and Liability Schedule, Asset Distribution Scheme and Proposed distribution; letter to counsel attempting to resolve certain issues; preparation of Motion to Consolidate and Notice of Hearing | Dawn B. DeBoer | $450.00 | 5.20 | $2,340.00 |
| Time<br>9/19/2023<br>Review emails from client regarding information and documents needed for discovery and upcoming trial. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>9/19/2023<br>Voicemail from client; email to client regarding text messages for discovery and process regarding same. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>9/19/2023<br>Review Affidavit of Service for Complaint served upon Samuel I. White, PC - Trustee. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>9/19/2023<br>Review additional documents from client; prepare second supplemental responses to Request for Production; prepare document production; review previous documents from client for use in document production. | Heather Garcia | $150.00 | 0.80 | $120.00 |
| Time<br>9/20/2023<br>Work on Asset forms and proposed distribution for filing | Dawn B. DeBoer | $450.00 | 3.10 | $1,395.00 |
| Time<br>9/20/2023<br>Review and prepare document production for discovery file. | Heather Garcia | $150.00 | 1.00 | $150.00 |
| Time<br>9/21/2023<br>Organize and prepare supplemental discovery responses and other file materials in anticipation of upcoming trial; review new documents from client; initiate identification and preparation of trial exhibits; emails to and from client; telephone call to client; draft letter to Clerk of Court regarding Distribution Request. | Heather Garcia | $150.00 | 3.80 | $570.00 |
| Time<br>9/21/2023<br>Work on asset forms and proposed distribution for filing | Dawn B. DeBoer | $450.00 | 4.10 | $1,845.00 |
| Time<br>9/22/2023<br>Work on and finalize Asset and Liability Schedule, Asset Distribution Schedule, Proposed Distribution and discovery supplementation; email exchange with law clerk; email to Russ Watson | Dawn B. DeBoer | $450.00 | 4.50 | $2,025.00 |
| Time<br>9/22/2023<br>Revise supplemental discovery responses; prepare additional documents from client for document production; draft Defendant's Exhibit List and identify exhibits; emails to and from client. | Heather Garcia | $150.00 | 10.00 | $1,500.00 |
| Time<br>9/24/2023<br>Conference with client to prepare for Court; prepare response to Show Cause Petition | Dawn B. DeBoer | $450.00 | 4.10 | $1,845.00 |
| Time<br>9/25/2023<br>Prepare for trial. | Heather Garcia | $150.00 | 2.00 | $300.00 |

*Handwritten annotation near 9/22/2023 entry: $45.00*

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>9/25/2023<br>Telephone conference with counsel in partition suit; conference with client to prepare for trial; telephone conference with Ron Guillot; telephone conference with Russ Watson | Dawn B. DeBoer | $450.00 | 2.60 | $1,170.00 |
| Time<br>9/26/2023<br>Telephone conference with Erika MacCormac; preparation for trial; telephone conference with Donette Williams; conference with client; review wife's exhibits | Dawn B. DeBoer | $450.00 | 9.20 | $4,140.00 |
| Time<br>9/26/2023<br>Continue trial prep. | Heather Garcia | $150.00 | 2.30 | $345.00 |
| Time<br>9/27/2023<br>Travel to and attendance at hearing; work on hearing for next day | Dawn B. DeBoer | $450.00 | 9.70 | $4,365.00 |
| Time<br>9/28/2023<br>Review Plaintiff's exhibits; prepare additional exhibits for trial. | Heather Garcia | $150.00 | 1.40 | $210.00 |
| Time<br>9/28/2023<br>Preparation for, travel to and attendance at hearing | Dawn B. DeBoer | $450.00 | 6.90 | $3,105.00 |
| Time<br>9/29/2023<br>Email to judges' secretary regarding getting another date for support issues | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time Entries Total | | | 101.00 | $35,280.00 |

*(handwritten, highlighted) $270.00*

*(handwritten, highlighted) $450.00*

| | | |
|---|---|---|
| Total (USD) | | $40,962.42 |
| Payment 7252 10/24/2023<br>Transfer from Trust Account | | $-1,389.63 |
| Balance | | $39,572.79 |
| Total Outstanding | | $39,572.79 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 8/29/2023 | Previous Balance | | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

# INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 4888 |
|---|---|
| Issue Date | 10/8/2023 |
| Email | b.scottmorris@yahoo.com |

Bill To:

Brandon Scott Morris

6803 Velvet Antler Court
Midlothian, VA 23112

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Courtfees<br>8/31/2023<br>Morris Filing Fee | Dawn M. South | $84.00 | 1.00 | $84.00 |
| Delivery services/messengers<br>9/10/2023<br>Invoice 50327 | Bookkeeper At DeBoerSouth | $37.54 | 1.00 | $37.54 |
| Delivery services/messengers<br>10/1/2023<br>Invoice 50892 | Bookkeeper At DeBoerSouth | $116.10 | 1.00 | $116.10 |
| Delivery services/messengers<br>10/1/2023<br>Invoice #50600 | Bookkeeper At DeBoerSouth | $519.15 | 1.00 | $519.15 |
| Delivery services/messengers<br>10/1/2023<br>Invoice 50837 | Bookkeeper At DeBoerSouth | $168.00 | 1.00 | $168.00 |
| Appraisal<br>10/2/2023<br>MGMiller Valuations | Dawn M. South | $400.00 | 1.00 | $400.00 |
| Court Reporter<br>10/8/2023<br>Morris Invoice 092723 | Bookkeeper At DeBoerSouth | $680.00 | 1.00 | $680.00 |
| | **Expenses Total:** | | **7.00** | **$2,004.79** |

| | |
|---|---|
| Total (USD) | $2,004.79 |
| Payment 7184 10/8/2023<br>Transfer from Trust Account | $-2,004.79 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 8/29/2023 | Previous Balance | | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| 4/21/2024 | **Current Balance** | | **$0.00** |

# ‖‖ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 4873 |
|---|---|
| Issue Date | 8/29/2023 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>7/2/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>7/24/2023<br>Review of file materials to determine relevant details concerning Judicial Settlement Conference. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>7/24/2023<br>Draft Order for Designation and Referral to Judicial Settlement Conference for further attorney review. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>7/24/2023<br>Draft letter to Clerk of Court regarding Order for Designation and Referral to Judicial Settlement Conference. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>8/1/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>8/21/2023<br>Designation to the Court | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>8/23/2023<br>Review of file to verify receipt of copies of subpoena responses from opposing counsel. | Heather Garcia | $150.00 | 0.20 | $30.00 |
| Time<br>8/23/2023<br>Draft letter to opposing counsel requesting copies of subpoena responses. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>8/24/2023<br>Work on file | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |

I-4873

0056

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| | Time Entries Total | | 1.10 | $285.00 |

| | | |
|---|---|---|
| | Total (USD) | $285.00 |
| | Payment 7076 8/29/2023 | $-285.00 |
| | Transfer from Trust Account | |
| | Balance | $0.00 |
| | Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% Interest on any Invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 7/25/2023 | Previous Balance | | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

# INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 4733 |
|---|---|
| Issue Date | 7/26/2023 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>6/14/2023<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>6/15/2023<br>Work on filings | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>6/20/2023<br>Email exchange with Court, Judge Hauler, counsel | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>6/20/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>6/21/2023<br>Email message from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>6/22/2023<br>Email exchange with Ericka | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>6/22/2023<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>6/26/2023<br>Emails from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>6/29/2023<br>Telephone conference with Donette Williams | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>7/3/2023<br>Call with client | Dawn M. South | $350.00 | 0.10 | $35.00 |

I-4733

Page 1 of 3

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>7/5/2023<br>Meeting with client | Dawn M. South | $350.00 | 1.00 | $350.00 |
| Time<br>7/5/2023<br>Call with client | Dawn M. South | $350.00 | 0.10 | $35.00 |
| Time<br>7/6/2023<br>Review videos and recordings, photos, pull case law, prepare for hearing | Dawn M. South | $350.00 | 0.90 | $315.00 |
| Time<br>7/6/2023<br>Email to opposing counsel regarding pre-trial order and request for status update on subpoenas duces tecum previously issued. | Heather Garcia | $150.00 | 0.10 | $15.00 |
| Time<br>7/7/2023<br>Travel to and from Chesterfield GDC for hearing | Dawn M. South | $350.00 | 3.00 | $1,050.00 |
| | | **Time Entries Total** | **7.50** | **$2,835.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Delivery services/messengers<br>7/3/2023<br>Invoice 49095 | Bookkeeper At DeBoerSouth | $37.54 | 1.00 | $37.54 |
| | | **Expenses Total:** | **1.00** | **$37.54** |

| | |
|---|---|
| Total (USD) | $2,872.54 |
| Payment 6919 7/26/2023<br>Transfer from Trust Account | $-2,872.54 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 6/13/2023 | Previous Balance | | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

0060

# ‖‖‖ DeBoerSouth

## DeBoerSouth, PLLC

# INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 4538 |
|---|---|
| Issue Date | 6/13/2023 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/2/2023<br>Confirmation of appraisal date; email to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/2/2023<br>Telephone conference with Erika MacCormac | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>5/3/2023<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/4/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/5/2023<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.50 | $225.00 |
| Time<br>5/5/2023<br>Email from court regarding case is being continued; telephone<br>conference with Donette Williams; telephone conference with client | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>5/11/2023<br>Receipt of house appraisal | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/16/2023<br>Conference with client | Dawn B. DeBoer | $450.00 | 1.10 | $495.00 |
| Time<br>5/19/2023<br>Correspondence from Donette Williams | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/20/2023<br>Emails from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |

I-4538

Page 1 of 2

0061

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/22/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/25/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/30/2023<br>Reply to email from opposing counsel's assistant | Cathy Mann | $150.00 | 0.10 | $15.00 |
| Time<br>6/5/2023<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.60 | $270.00 |
| **Time Entries Total** | | | **3.70** | **$1,635.00** |

| | |
|---|---|
| Total (USD) | $1,635.00 |
| Payment 6747 6/13/2023<br>Transfer from Trust Account | $-1,635.00 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 5/1/2023 | Previous Balance | | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ‖‖ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
Info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 4407 |
|---|---|
| Issue Date | 5/1/2023 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>3/26/2023<br>Email to witness | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/27/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/10/2023<br>Email exchange with client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>4/13/2023<br>Letter from Donette Williams | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/19/2023<br>Email to Alex Uminski; Motion to Supplement and Motion to Inspect for filing | Dawn B. DeBoer | $450.00 | 0.60 | $270.00 |
| Time<br>4/24/2023<br>Email to Donette Williams regarding appraisal | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/25/2023<br>Email exchange with Donette Williams | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>4/27/2023<br>Telephone conference with Donette Williams | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| | | **Time Entries Total** | **2.20** | **$990.00** |

I-4407

| | Total (USD) | $990.00 |
| --- | --- | --- |
| | Payment 6591 5/1/2023 | $-990.00 |
| | Transfer from Trust Account | |
| | Balance | $0.00 |
| | Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
| --- | --- | --- | --- |
| 3/26/2023 | Previous Balance | | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ⫼ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 4240 |
|---|---|
| Issue Date | 3/26/2023 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>3/2/2023<br>Telephone conference with United Bank | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>3/2/2023<br>Letter from Donette Williams | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/4/2023<br>Email to potential experts | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>3/5/2023<br>Email to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/6/2023<br>Draft motion and Oder for Vocational Evaluation and cover letters | Faith Moussa | $150.00 | 0.80 | $120.00 |
| Time<br>3/6/2023<br>Email exchange with Erika MacCormac | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/7/2023<br>Call Chestefield County Public Schools; Call Homeschool Program; Prepare SDT; Exhibits and Private addenda for Chesterfield County Homeshool Office | Faith Moussa | $150.00 | 1.50 | $225.00 |
| Time<br>3/8/2023<br>Draft Motion for Educational Testing | Faith Moussa | $150.00 | 0.70 | $105.00 |
| Time<br>3/8/2023<br>Revise school SDT's; prepare Navy Federal SDT's | Faith Moussa | $150.00 | 0.80 | $120.00 |
| Time<br>3/10/2023<br>Prepared Motion to Supplement discovery; updated pp | Faith Moussa | $150.00 | 0.40 | $60.00 |

0065

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>3/10/2023<br>Prepare medical SDT's | Faith Moussa | $150.00 | 0.80 | $120.00 |
| Time<br>3/10/2023<br><br>Draft sdt for children's counseling records | Faith Moussa | $150.00 | 0.80 | $120.00 |
| Time<br>3/13/2023<br>SDT's for counseling | Faith Moussa | $150.00 | 0.30 | $45.00 |
| Time<br>3/15/2023<br>Email exchange with client; email to Erika MacCormac | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/19/2023<br>Email to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/24/2023<br>Telephone conference with Erika MacCormac | Dawn B. DeBoer | $450.00 | 0.50 | $225.00 |
| | **Time Entries Total** | | **7.50** | **$1,545.00** |

| | |
|---|---|
| Total (USD) | $1,545.00 |
| Payment 6405 3/26/2023<br>Transfer from Trust Account | $-1,545.00 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days

0066

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 1/24/2023 | Previous Balance | | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| 3/21/2025 | **Current Balance** | | **$0.00** |

# ⦀ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 4043 |
|---|---|
| Issue Date | 3/1/2023 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>1/31/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>2/1/2023<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>2/13/2023<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>2/20/2023<br>Draft letter to opposing counsel requesting subpoenaed Wells Fargo records | Cathy Mann | $150.00 | 0.20 | $30.00 |
| | | Time Entries Total | 0.70 | $255.00 |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Court Reporter<br>2/19/2023<br>Morris Invoice 23-0291 | Bookkeeper At DeBoerSouth | $251.20 | 1.00 | $251.20 |
| | Expenses Total: | | 1.00 | $251.20 |

| | |
|---|---|
| Total (USD) | $506.20 |
| Payment 6243 3/1/2023<br>Transfer from Trust Account | $-506.20 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

I-4043

0068

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 1/24/2023 | Previous Balance | | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| 3/21/2025 | Current Balance | | $0.00 |

# ‖DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

# INVOICE

| Number | 3889 |
|---|---|
| Issue Date | 1/25/2023 |
| Email | b.scottmorris@yahoo.com |

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>12/22/2022<br>Calculate applicable deadlines based on new trial date. | Sarah Zacharias | $225.00 | 0.10 | $22.50 |
| Time<br>1/17/2023<br>Emails from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | Time Entries<br>Total | 0.20 | $67.50 |

| | |
|---|---|
| Total (USD) | $67.50 |
| Payment 6075 1/25/2023<br>Transfer from Trust Account | $-67.50 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

I-3889

0070

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 12/19/2022 | Previous Balance | | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| 3/21/2025 | **Current Balance** | | **$0.00** |

# ⫴ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

## INVOICE

| Number | 3771 |
|---|---|
| Issue Date | 12/19/2022 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>11/8/2022<br>Emails from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/14/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/17/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/29/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>11/30/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>12/1/2022<br>Email exchanged with Erika MacCormac; email to client | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>12/6/2022<br>Email to Donette Williams regarding Erika MacCormac's unavailability for trial | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>12/7/2022<br>Multiple email messages to court, opposing counsel, Guardian ad litem regarding a new trial date | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>12/7/2022<br>Conference with client | Dawn B. DeBoer | $450.00 | 2.10 | $945.00 |
| Time<br>12/8/2022<br>Research re: educational experts and evaluations; begin draft Notice of Hearing. | Sarah Zacharias | $225.00 | 1.00 | $225.00 |

0072

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>12/8/2022<br>Instructions to staff | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>12/13/2022<br>Correspondence with Chesterfield County Public Schools. | Sarah Zacharias | $225.00 | 0.30 | $67.50 |
| Time<br>12/14/2022<br>Correspondence with Chesterfield County. | Sarah Zacharias | $225.00 | 0.20 | $45.00 |
| Time<br>12/14/2022<br>Review school comparison expert issue | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | **Time Entries<br>Total** | **5.10** | **$1,957.50** |

| | |
|---|---|
| Total (USD) | $1,957.50 |
| Payment 5881 12/19/2022<br>Transfer from Trust Account | $-1,957.50 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised we charge 1% interest on any invoice not paid in full within thirty days

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|-------:|--------:|
| 9/29/2022 | Previous Balance | | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 3638 |
|---|---|
| Issue Date | 11/21/2022 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time 10/13/2022 Letter from Donette Williams; forward same to client; email exchange with client | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time 10/14/2022 Telephone conference with client | Dawn B. DeBoer | $450.00 | 1.00 | $450.00 |
| | | **Time Entries Total** | **1.30** | **$585.00** |

| | |
|---|---|
| Total (USD) | $585.00 |
| Payment 5710 11/20/2022 Transfer from Trust Account | $-585.00 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

I-3638

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 9/29/2022 | Previous Balance | | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ⦀ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

## INVOICE

| Number | 3440 |
|---|---|
| Issue Date | 9/29/2022 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>7/5/2022<br>Emailed videos and photos from client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>7/7/2022<br>Conference with client; telephone conference with Erika MacCormac;<br>email to MacCormac | Dawn B. DeBoer | $450.00 | 2.80 | $1,260.00 |
| Time<br>7/19/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>8/1/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>8/22/2022<br>Trial prep re: deadlines. | Sarah Zacharias | $225.00 | 0.10 | $22.50 |
| | **Time Entries Total** | | **3.30** | **$1,462.50** |

| | |
|---|---|
| Total (USD) | $1,462.50 |
| Payment 5454 9/29/2022<br>Transfer from Trust Account | $-1,462.50 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within 30 days.

I-3440

0077

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 7/4/2022 | Previous Balance | | $12,300.66 |
| 9/29/2022 | Transfer P-5454<br>Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ⫼ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

## INVOICE

| | |
|---|---|
| Number | 3133 |
| Issue Date | 7/5/2022 |
| Email | b.scottmorris@yahoo.com |

### Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/31/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>6/9/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>6/13/2022<br>Email exchange with client; letter from Donette Williams and forward to client | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>6/16/2022<br>Emails with client; telephone conference with Erika MacCormac; email regarding same to client | Dawn B. DeBoer | $450.00 | 1.10 | $495.00 |
| Time<br>6/22/2022<br>Email message from client; email with Erika MacCormac's secretary to schedule date | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>7/1/2022<br>Conference with client | Dawn B. DeBoer | $450.00 | 1.80 | $810.00 |
| | | **Time Entries Total** | **3.80** | **$1,710.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Delivery services/messengers<br>6/4/2022<br>Invoice 42453 | Bookkeeper At DeBoerSouth | $39.64 | 1.00 | $39.64 |
| | | **Expenses Total:** | **1.00** | **$39.64** |

I-3133

Page 1 of 2

0079

| | Total (USD) | $1,749.64 |
|---|---|---|
| | Payment 5126 7/4/2022 | $-1,749.64 |
| | Transfer from Trust Account | |
| | Balance | $0.00 |
| | Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 5/30/2022 | Previous Balance | | $14,050.30 |
| 7/4/2022 | Transfer P-5126<br>Transfer to Operating Account | $-1,749.64 | $12,300.66 |
| 9/29/2022 | Transfer P-5454<br>Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 2943 |
|---|---|
| Issue Date | 6/1/2022 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>5/3/2022<br>Preparation of Orders and forward to client for his review; calculate arrearage | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>5/4/2022<br>Emails regarding Order | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/11/2022<br>Finalize Orders and forward to counsel; email to client | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>5/12/2022<br>Work on matter; email exchange with client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>5/12/2022<br>Call with opposing counsel regarding order (2) | Dawn M. South | $350.00 | 0.20 | $70.00 |
| Time<br>5/15/2022<br>Email to client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>5/16/2022<br>Conference with client; email messages regarding possible earlier dates for custody case | Dawn B. DeBoer | $450.00 | 1.80 | $810.00 |
| Time<br>5/19/2022<br>Telephone conference with client; email to Donette Williams | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>5/20/2022<br>Numerous email messages regarding custody date possibility | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| | | **Time Entries Total** | **4.70** | **$2,095.00** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Delivery services/messengers<br>5/8/2022<br>Invoice #42033 | Bookkeeper At<br>DeBoerSouth | $65.56 | 1.00 | $65.56 |
| | **Expenses Total:** | | **1.00** | **$65.56** |

| | |
|---|---|
| Total (USD) | $2,160.56 |
| Payment 4943 5/30/2022<br>Transfer from Trust Account | $-2,160.56 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

0082

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 3/29/2022 | Previous Balance | | $22,015.86 |
| 5/3/2022 | Transfer P-4849<br>Transfer to Operating Account | $-5,805.00 | $16,210.86 |
| 5/30/2022 | Transfer P-4943<br>Transfer to Operating Account | $-2,160.56 | $14,050.30 |
| 7/4/2022 | Transfer P-5126<br>Transfer to Operating Account | $-1,749.64 | $12,300.66 |
| 9/29/2022 | Transfer P-5454<br>Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| 3/21/2025 | **Current Balance** | | **$0.00** |

# ⦀ DeBoerSouth

## DeBoerSouth, PLLC

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

# INVOICE

| Number | 2818 |
|---|---|
| Issue Date | 5/3/2022 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>4/10/2022<br>Work on file; email to client listing again all documents I need; email from client | Dawn B. DeBoer | $450.00 | 0.40 | $180.00 |
| Time<br>4/11/2022<br>Review file and analysis thereto in connection with filing financial documents for Pendente Lite hearing; emails to and from client; draft statement of income, income and expense statement, combined guidelines, and correspondence to Court; instructions to courier. | Sarah Zacharias | $225.00 | 3.00 | $675.00 |
| Time<br>4/11/2022<br>Multiple email messages from client; finalize filings to the Court and forward same to client | Dawn B. DeBoer | $450.00 | 0.80 | $360.00 |
| Time<br>4/19/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/20/2022<br>Begin draft of Consent Pendente Lite Order. | Sarah Zacharias | $225.00 | 0.60 | $135.00 |
| Time<br>4/20/2022<br>Review and analysis of documents in connection with hearing prep. | Sarah Zacharias | $225.00 | 0.20 | $45.00 |
| Time<br>4/20/2022<br>Work on Consent Order proposal and preparation for hearing; numerous email exchanges with client; multiple telephone conferences with client; telephone conference with Donette Williams; forward Consent Order to Donette Williams | Dawn B. DeBoer | $450.00 | 3.90 | $1,755.00 |

I-2818

0084

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>4/21/2022<br>Telephone conference with Donette Williams regarding terms of Consent Order; telephone conference with client regarding same; travel to and attendance at hearing; conference with client thereafter; email message from and telephone conference with Donette Williams; telephone conference with client | Dawn B. DeBoer | $450.00 | 5.40 | $2,430.00 |
| Time<br>4/25/2022<br>Voicemail message from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>4/26/2022<br>Email messages from client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>4/29/2022<br>Email from Donette Williams | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| | | **Time Entries Total** | **14.80** | **$5,805.00** |

| | |
|---|---|
| Total (USD) | $5,805.00 |
| Payment 4849 5/3/2022<br>Transfer from Trust Account | $-5,805.00 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

0085

## Trust Account Balance

| Date | Item | Amount | Balance |
|---|---|---|---|
| 3/29/2022 | Previous Balance | | $22,015.86 |
| 5/3/2022 | Transfer P-4849<br>Transfer to Operating Account | $-5,805.00 | $16,210.86 |
| 5/30/2022 | Transfer P-4943<br>Transfer to Operating Account | $-2,160.56 | $14,050.30 |
| 7/4/2022 | Transfer P-5126<br>Transfer to Operating Account | $-1,749.64 | $12,300.66 |
| 9/29/2022 | Transfer P-5454<br>Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

# INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 2706 |
|---|---|
| Issue Date | 3/29/2022 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>3/1/2022<br>Finalize Motion to Substitute; Order to Substitute; Notice of Appearance and file | Dawn B. DeBoer | $450.00 | 0.90 | $405.00 |
| Time<br>3/3/2022<br>Letter from Donette Williams; email to client | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>3/4/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/8/2022<br>Email with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/8/2022<br>Letter to Williams regarding discovery responses. | Jessica Creed | $150.00 | 0.30 | $45.00 |
| Time<br>3/8/2022<br>Reviewed 3 USB and emailed DBD. | Jessica Creed | $150.00 | 0.80 | $120.00 |
| Time<br>3/9/2022<br>organized file from opposing counsel. | Jessica Creed | $150.00 | 2.00 | $300.00 |
| Time<br>3/21/2022<br>Letter from Donette Williams regarding iPad | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/22/2022<br>Email from client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>3/23/2022<br>Telephone conference with client | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |

0087

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>3/24/2022<br>Draft Authorizations. | Sarah Zacharias | $225.00 | 0.10 | $22.50 |
| Time<br>3/24/2022<br>Conference with client; letter to Donette Williams regarding her outstanding discovery responses | Dawn B. DeBoer | $450.00 | 1.90 | $855.00 |
| | **Time Entries Total** | | **6.70** | **$2,062.50** |

## Expenses

| Expenses | Billed By | Price | Qty | Sub |
|---|---|---|---|---|
| Delivery services/messengers<br>3/5/2022<br>Invoice 41210 | Bookkeeper At DeBoerSouth | $36.00 | 1.00 | $36.00 |
| Delivery services/messengers<br>3/27/2022<br>Invoice #4143 | Bookkeeper At DeBoerSouth | $75.64 | 1.00 | $75.64 |
| | **Expenses Total:** | | **2.00** | **$111.64** |

| | | |
|---|---|---|
| **Total (USD)** | | **$2,174.14** |
| Payment 4647 3/29/2022<br>Transfer from Trust Account | | $-2,174.14 |
| **Balance** | | **$0.00** |
| **Total Outstanding** | | **$0.00** |

## Terms & Conditions

Please be advised that we charge 1% interest on all invoices not paid in full within thirty days.

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 2/18/2022 | Previous Balance | | $25,000.00 |
| 3/1/2022 | Transfer P-4530<br>Transfer to Operating Account | $-810.00 | $24,190.00 |
| 3/29/2022 | Transfer P-4647<br>Transfer to Operating Account | $-2,174.14 | $22,015.86 |
| 5/3/2022 | Transfer P-4849<br>Transfer to Operating Account | $-5,805.00 | $16,210.86 |
| 5/30/2022 | Transfer P-4943<br>Transfer to Operating Account | $-2,160.56 | $14,050.30 |
| 7/4/2022 | Transfer P-5126<br>Transfer to Operating Account | $-1,749.64 | $12,300.66 |
| 9/29/2022 | Transfer P-5454<br>Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

# ||| DeBoerSouth

## DeBoerSouth, PLLC

# INVOICE

1802 Bayberry Court
Suite 403
Richmond, VA 23226
US
info@DeBoerSouth.com
DeBoerSouth.com
O: 804-533-7770

| Number | 2597 |
|---|---|
| Issue Date | 3/1/2022 |
| Email | b.scottmorris@yahoo.com |

## Bill To:

Brandon Scott Morris

13836 Randolph Pond Lane
Midlothian, VA 23114

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Time<br>2/17/2022<br>Consultation | Dawn B. DeBoer | $450.00 | 1.00 | $450.00 |
| Time<br>2/18/2022<br>Instructions to staff | Dawn B. DeBoer | $450.00 | 0.10 | $45.00 |
| Time<br>2/21/2022<br>Instructions to staff; email to Wyatt Taylor regarding Order to Substitute | Dawn B. DeBoer | $450.00 | 0.30 | $135.00 |
| Time<br>2/24/2022<br>Telephone conference with Donette Williams | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| Time<br>2/24/2022<br>Email exchange with Court regarding hearing | Dawn B. DeBoer | $450.00 | 0.20 | $90.00 |
| | | **Time Entries Total** | **1.80** | **$810.00** |

| | |
|---|---|
| Total (USD) | $810.00 |
| Payment 4530 3/1/2022<br>Transfer from Trust Account | $-810.00 |
| Balance | $0.00 |
| Total Outstanding | $0.00 |

## Terms & Conditions

Please be advised that we charge 1% interest on any invoice not paid in full within thirty days.

I-2597

0090

# Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 2/18/2022 | Payment P-4495<br>#1528 | $25,000.00 | $25,000.00 |
| 3/1/2022 | Transfer P-4530<br>Transfer to Operating Account | $-810.00 | $24,190.00 |
| 3/29/2022 | Transfer P-4647<br>Transfer to Operating Account | $-2,174.14 | $22,015.86 |
| 5/3/2022 | Transfer P-4849<br>Transfer to Operating Account | $-5,805.00 | $16,210.86 |
| 5/30/2022 | Transfer P-4943<br>Transfer to Operating Account | $-2,160.56 | $14,050.30 |
| 7/4/2022 | Transfer P-5126<br>Transfer to Operating Account | $-1,749.64 | $12,300.66 |
| 9/29/2022 | Transfer P-5454<br>Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710<br>Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881<br>Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075<br>Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243<br>Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405<br>Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591<br>Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747<br>Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919<br>Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076<br>Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184<br>Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252<br>Transfer to Operating Account | $-1,389.63 | $0.00 |
| 3/21/2025 | **Current Balance** | | **$0.00** |

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| IN RE:<br>BRANDON SCOTT MORRIS,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No. 25-32198-KLP<br>Chapter 7 |
| WILLIAM A. BROSCIOUS,<br><br>Plaintiff,<br><br>v.<br><br>DAWN B. DEBOER, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Pro. No. 26-03006-KLP |

# DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST INTERROGATORIES 17 and 19

0001

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Sunday, August 4, 2024 7:01 AM |
| **To:** | Scott Morris |
| **Subject:** | Draft to Erika |

Scott –

Please review this draft email message to Erika and let me know your thoughts.

Please research each of the summer school teachers and tell me at which school they normally teach. I need to send them a witness subpoena.

I have prepared a Motion and Order to Withdraw for me to withdraw from your representation, which I will send you in a separate email message. As you and I discussed, your mother told me specifically how upset she was about the children's lack of academic rigor and poor academic progress, and that she would assist in paying to pursue that issue. You can forward to her my email message, letting her know that I am unable to continue to represent you if I am not getting paid.

Erika -

I have discussed the content io our conversation with Mr. Morris.  We are agreeable for you to contact Donette and suggest the following in an effort to compromise:

Mr. Morris will not pursue sole legal custody of the children at this time if the folio is ordered:
Greyson, Audrey and Nolan will attend public school (Grange Hall, in Ms. Morris' school district);
Christian and Ainsley shall continue with a homeschool cohort; Mr. Morris shall be provided all information about this new cohort that Ms. Morris never provided him or told him about;
The parties shall review Christian's and Ainsley's progress in December to determine if they are making sufficient progress, and have a B average, to continue in the cohort or shall enter public school;
Mr. Morris shall be listed on all school and cohort contact lists and shall be provided all information and contact names regarding this cohort;
Mr. Morris shall be included in all aspects of each child's academics;
The parties shall exchange weekly emails on Mondays, with the party who has had the children for the past weekend initiating the email exchange by 6:00 p.m. and the other parent responding by 9:00 p.m., advising or inquiring of each child's health and education issues and progress and well-being;
Each party shall have full access to the child's medical and educational records as well as authority to communicate with the children's doctors, counselors, teachers, principals, cohort leaders, and all other professionals

Dawn B. DeBoer, Esq.

**||| DeBoerSouth**

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)

1

0002

DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

2

# Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Sunday, August 4, 2024 7:31 AM |
| **To:** | Scott Morris |
| **Subject:** | Motion to Withdraw |
| **Attachments:** | Clerk with Motion to Withdraw.pdf |

Scott –

Per our conversation, enclosed please find the Motion and Order to Withdraw from your representation. I am unable to continue to represent you if I am not receiving compensation for my work.

Many thanks.

Dawn B. DeBoer, Esq.

## ||| DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

1

0004



Dawn B. DeBoer

Direct: 804.533.7771   |   DeBoer@DeBoerSouth.com

## DeBoerSouth    1802 Bayberry Court, Suite 403   |   Richmond, VA 23226   |   Office: 804.533.7770   |   Fax: 804.285.0201

August 5, 2024

**_VIA HAND DELIVERY_**
Hon. Amanda L. Pohl, Clerk
Chesterfield County Circuit Court
9500 Courthouse Road
Chesterfield, VA 23832-0125

        **_Re:_**   **_Michelle K. Morris v. Brandon Scott Morris_**
              **Case No.: CL21003927**

Dear Ms. Pohl:

      Enclosed please find a Motu to Withdraw fir filing in this matter. The Order is being circulated.

      Thank you for your assistance in this matter. If you should have any questions at all, please do not hesitate to contact me.

                      Sincerely yours,

                      Dawn B. DeBoer

DBD/drh
Enclosure

cc:   Brandon Scott Morris *(via email)*
      M. Donette Williams, Esquire *(via email as agreed and U.S. mail)*
      Erika MacCormac, Esquire *(via U.S. mail)*

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

MICHELLE K. MORRIS,                                                    Plaintiff,

v.                                              Case No.: CL21003927

BRANDON SCOTT MORRIS,                                          Defendant.

## MOTION TO WITHDRAW AS COUNSEL

COMES NOW Dawn B. DeBoer, Esquire, and the Law Offices of DeBoerSouth, PLLC, counsel for the Defendant, Brandon Scott Morris, and move this Court to be allowed to withdraw as counsel of record for Brandon Scott Morris.

**BRANDON SCOTT MORRIS**
By Counsel

Dawn B. DeBoer, Esquire (VSB # 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, VA 23226
(804) 533-7770
(804) 285-0201 (facsimile)
Email: DeBoer@DeBoerSouth.com
*Counsel for Defendant*

## CERTIFICATE

0006

I hereby certify that a true and exact copy of the foregoing Motion was sent via facsimile and mail, postage prepaid, to M. Donette Williams, Esquire, Counsel for Plaintiff, at P.O. Box 85, Moseley, VA 23120, and to Erika E. MacCormac, Esquire, Guardian *ad litem*, at Winslow McCurry & MacCormac, PLLC, 1324 Sycamore Square, Suite 202C, Midlothian, VA 23832, this ____ day of August, 2024.

Dawn B. DeBoer

2

0007

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

MICHELLE MORRIS,                                                    Plaintiff,

v.                                               Case No.: CL21003927

BRANDON S. MORRIS,                                           Defendant.

### ORDER OF WITHDRAWAL

THIS DAY CAME Dawn B. DeBoer, Esquire and the law firm of DeBoerSouth, PLLC, and requested leave to withdraw as counsel of record for the Defendant, Brandon Scott Morris, in this matter.

Upon consideration whereof it is hereby ORDERED that Dawn B. DeBoer, Esquire and the law firm of DeBoerSouth, PLLC, are hereby relieved as counsel of record for the Defendant, Brandon Scott Morris.

ENTERED:          /        /

_____
                                                         Judge

I Ask for This:

_____
Dawn B. DeBoer, Esquire (VSB No.: 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
Telephone: (804) 533-7770
Telecopier: (804) 285-0201
DeBoer@DeboerSouth.com
*Counsel for Defendant*

**Page 1 of 2 Pages**

0008

Brandon Scott Morris
Defendant


SEEN:

M. Donette Williams, Esquire (VSB No.: 93998)
M. Donette Williams LLC
21427 Hull Street Road
Post Office Box 85
Moseley, Virginia 23120
Telephone: (804) 921-6910
donette@mdonettewilliams.com
*Counsel for Plaintiff*


Erika E. MacCormac, Esquire (VSB No.: 83864)
Winslow, McCurry & MacCormac, PLLC
1324 Sycamore Square
Midlothian, Virginia 23113
Telephone: (804) 423-1382
Telecopier: (804) 423-1383
erika@wmmlegal.com
Guardian *ad litem*

**Page 2 of 2 Pages**

0009

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, August 8, 2024 6:00 PM |
| **To:** | Scott Morris |
| **Subject:** | RE: Draft to Erika |

Any update?

Dawn B. DeBoer, Esq.

## ||| DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Scott Morris <b.scottmorris@yahoo.com>
**Sent:** Monday, August 5, 2024 10:55 AM
**To:** Dawn DeBoer <DeBoer@DeboerSouth.com>
**Subject:** Re: Draft to Erika

She is coming in town tomorrow. I sent her the email, so I can talk to her about it then.

my iPhone

> On Aug 5, 2024, at 10:43 AM, Dawn DeBoer <DeBoer@deboersouth.com> wrote:
>
> Thank you. Any word from your mom?
>
> Sent from my iPhone
>
> > On Aug 5, 2024, at 10:01 AM, Scott Morris <b.scottmorris@yahoo.com> wrote:
> >
> > Yes, thanks Dawn. I think the draft to Erica is fine.
> >
> > I will also send you my kid's teacher's information shortly.
> >
> > Thanks

1

Scott
Sent from my iPhone

On Aug 4, 2024, at 8:48 PM, Dawn DeBoer
<DeBoer@deboersouth.com> wrote:

Are you agreeable with this?

Dawn B. DeBoer, Esq.
<image001.jpg>
1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Dawn DeBoer
**Sent:** Sunday, August 4, 2024 7:01 AM
**To:** Scott Morris <b.scottmorris@yahoo.com>
**Subject:** Draft to Erika

Scott –

Please review this draft email message to Erika and let me know your thoughts.

Please research each of the summer school teachers and tell me at which school they normally teach. I need to send them a witness subpoena.

I have prepared a Motion and Order to Withdraw for me to withdraw from your representation, which I will send you in a separate email message. As you and I discussed, your mother told me specifically how upset she was about the children's lack of academic rigor and poor academic progress, and that she would assist in paying to pursue that issue. You can forward to her my email message, letting her know that I am unable to continue to represent you if I am not getting paid.

Erika -

I have discussed the content io our conversation with Mr. Morris. We are agreeable for you to contact Donette and suggest the following in an effort to compromise:

Mr. Morris will not pursue sole legal custody of the children at this time if the folio is ordered:
Greyson, Audrey and Nolan will attend public school (Grange Hall, in Ms. Morris' school district);
Christian and Ainsley shall continue with a homeschool cohort; Mr. Morris shall be provided all information about this new cohort that Ms. Morris never provided him or told him about;
The parties shall review Christian's and Ainsley's progress in December to determine if they are making sufficient progress, and have a B average, to continue in the cohort or shall enter public school;
Mr. Morris shall be listed on all school and cohort contact lists and shall be provided all information and contact names regarding this cohort;
Mr. Morris shall be included in all aspects of each child's academics;
The parties shall exchange weekly emails on Mondays, with the party who has had the children for the past weekend initiating the email exchange by 6:00 p.m. and the other parent responding by 9:00 p.m., advising or inquiring of each child's health and education issues and progress and well-being;
Each party shall have full access to the child's medical and educational records as well as authority to communicate with the children's doctors, counselors, teachers, principals, cohort leaders, and all other professionals

Dawn B. DeBoer, Esq.
<image001.jpg>
1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, August 15, 2024 2:23 PM |
| **To:** | Scott Morris |
| **Subject:** | Filings |
| **Attachments:** | 2-10 Motion Remote Hearing.pdf; 2-9 Notice of Lien 081524.pdf; Notice of Lien 081524.pdf |

Please see attached filed today

Dawn B. DeBoer, Esq.

# ||| DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

1

0013



Dawn B. DeBoer
Direct: 804.533.7771  |  DeBoer@DeBoerSouth.com

# ⫼ DeBoerSouth
1802 Bayberry Court, Suite 403  |  Richmond, VA 23226  |  Office: 804.533.7770  |  Fax: 804.285.0201

August 15, 2024

**_VIA HAND DELIVERY_**
Hon. Amanda L. Pohl, Clerk
Chesterfield County Circuit Court
9500 Courthouse Road
Chesterfield, VA 23832-0125

  Re: _**Michelle K. Morris v. Brandon Scott Morris**_
    **Case Number: CL21003927**
    **Hearing Date: August 16, 2024 at 8:30 a.m.**

Dear Ms. Pohl:

  Enclosed please a Motion for Remote Hearing for filing in the above-referenced matter. Please present the Motion to Judge Novey for consideration and entry of an Order.

  Thank you for your assistance in this matter. If you should have any questions at all, please do not hesitate to contact me.

          Very truly yours

          Dawn B. DeBoer

DBD/eaa
Enclosure

cc: Brandon Scott Morris _(via email)_
  M. Donette Williams, Esquire _(via email and U.S. mail)_
  Erika MacCormac, Esquire _(via facsimile and mail)_

0014

## MOTION FOR REMOTE HEARING

Commonwealth of Virginia – rev. 04/16/2020

Case No. CL21003927

Page: 1 of 2

**Chesterfield County:** ■Circuit Court   ☐General District Court   ☐Juvenile & Domestic Relations District Court

*It is the responsibility of the requesting party to ensure:*
*All parties and witnesses agree to a remote hearing AND have the ability to connect in the manner requested.*

**Case Names:**

Michelle K. Morris
_____
Petitioner/Plaintiff

16919 Jennway Terrace
_____
Address

Moseley, VA 23120
_____
Address

_____
Telephone Number

Brandon Scott Morris
_____
Defendant/Respondent

13836 Randolph Pond Lane
_____
Address

Midlothian, VA 23114
_____
Address

(804) 514-1926
_____
Telephone Number

**Remote Mechanism Requested:**

■Telephonic

■WebEx – Best used with a personal computer

☐Polycom Virtual Meeting Rooms – Best used with other Polycom video equipment

| Hearing Date Information |
| --- |
| ☐ Case currently set for August 16, 2024 at 8:30 a.m. |
| ☐ Request hearing date. List attorneys'/parties' available dates: |

Reason for remote hearing request: Witness is in Florida

Witnesses to be called: Theresa Morris

Other parties to be called: _____

Parties appearing remotely: ☐All ☐ _____

Evidence to be presented: ☐None ■Documents ☐Pictures ☐Objects ☐ Text messages

Interpreter/Other Special Needs: ■None ☐Yes – Explain _____

Requesting Party: Dawn B. DeBoer  *[signature]*  ☐Petitioner/Plaintiff ☐Defendant/Respondent
■Attorney ☐Self-represented

*COURT USE ONLY*                    **ORDER**

☐Granted ☐Denied ☐Other _____

Judge _____   Entered _____

0015

# *Contact Information for ALL Remote Participants*

**MOTION FOR REMOTE HEARING-Addendum**
Commonwealth of Virginia – rev. 04/16/2020

Case No. CL21003927
Page: 2 of 2

| ☑ Witness ☐ Other_____ | ☐ Witness ☐ Other_____ |
|---|---|
| Name **Theresa Morris** | Name_____ |
| Address **4108 SW 15th Avenue** **Cape Coral, Florida 33914** | Address_____ |
| Phone **(804) 356-8669** | Phone_____ |
| Email **theresaseaymorris@gmail.com** | Email_____ |
| ☐ Witness ☐ Other_____ | ☐ Witness ☐ Other_____ |
| Name_____ | Name_____ |
| Address_____ | Address_____ |
| Phone_____ | Phone_____ |
| Email_____ | Email_____ |
| ☐ Witness ☐ Other_____ | ☐ Witness ☐ Other_____ |
| Name_____ | Name_____ |
| Address_____ | Address_____ |
| Phone_____ | Phone_____ |
| Email_____ | Email_____ |
| ☐ Witness ☐ Other_____ | ☐ Witness ☐ Other_____ |
| Name_____ | Name_____ |
| Address_____ | Address_____ |
| Phone_____ | Phone_____ |
| Email_____ | Email_____ |

**CONFIDENTIAL INFORMATION – PLACE IN SEALED ENVELOPE**

0016



Dawn B. DeBoer
Direct: 804.533.7771  |  DeBoer@DeBoerSouth.com

**DeBoerSouth**   1802 Bayberry Court, Suite 403  |  Richmond, VA 23226  |  Office: 804.533.7770  |  Fax: 804.285.0201

August 15, 2024

**VIA HAND DELIVERY**
Hon. Amanda L. Pohl, Clerk
Chesterfield County Circuit Court
9500 Courthouse Road
Chesterfield, VA 23832-0125

> Re:  **Michelle K. Morris v. Brandon Scott Morris**
> **Case Number: CL21003927**
> **DeBoerSouth, PLC v. Brandon Scott Morris**

Dear Ms. Pohl:

Enclosed please find a Notice of Claim of Lien for Attorney Fees for recordation in the above-referenced matter on behalf of DeBoerSouth, PLLC and Dawn B. DeBoer which I ask be filed and recorded. Also enclosed please find a $11.50 check for the fee associated with this request.

Thank you for your assistance in this matter. If you should have any questions at all, please do not hesitate to contact me.

Very truly yours

Dawn B. DeBoer

DBD/eaa
Enclosures

cc:   Brandon Scott Morris *(via email)*
      M. Donette Williams, Esquire *(via U.S. mail)*

0017

**NOTICE OF CLAIM OF LIEN**
**FOR ATTORNEY FEES**
COMMONWEALTH OF VIRGINIA   Va. Code § 54.1-3932

In the Circuit Court of the [ ] City [X] County of Chesterfield ........

Case Information:

[X]  This notice is filed in connection with the following case: Case No. CL21-3927 ........

| Michelle K. Morris | V. | Brandon Scott Morris |
|---|---|---|
| PLAINTIFF(S) | | DEFENDANT(S) |

**OR**

[ ]  To the best of my knowledge, no case asserting the cause of action or claim described below has been filed.

Case No. ........

**ATTORNEY:**                                   **CLIENT(S):**

| Dawn B. DeBoer | Brandon Scott Morris |
|---|---|
| NAME | NAME(S) |
| 1802 Bayberry Court, Suite 403 | 13836 Randolph Pond Lane |
| ADDRESS | ADDRESS |
| Richmond        VA    23226 | Midlothian       VA    23114 |
| CITY        STATE    ZIP | CITY        STATE    ZIP |
| DeBoer@DeBoerSouth.com | b.scottmorris@yahoo.com |
| EMAIL ADDRESS | EMAIL ADDRESS (OPTIONAL) |
| (804) 533-7770 | (804) 514-1926 |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| 26551 | |
| VIRGINIA STATE BAR NO. | |

**NOTICE:** The attorney named above has claimed a lien upon the cause of action asserted by the client(s) or former client(s) named above as security for the contracted fees for services rendered in relation to the cause of action or claim asserted. Written notice of this lien is being given either within 45 days of the end of representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract, before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final judgment is entered, whichever is earlier.

Description of cause of action or claim upon which a lien is asserted:

Client signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this divorce case. Invoices have been sent to the client for work performed and costs incurred. The approximate amount of attorneys' fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00.

FORM CC-1480 (MASTER, PAGE ONE OF TWO) 07/23

0018

I, the undersigned counsel, certify that I have provided a copy of this written notice to my client(s) or former client(s) listed above. I have also provided a copy of this written notice to [ ] any opposing party or [ ] such party's attorney(s) or agent(s) listed below.

| M. Donette Williams, Esquire | Erika E. MacCormac, Esquire |
|---|---|
| NAME(S) | NAME(S) |
| P. O. Box 85 | 1324 Sycamore Square |
| ADDRESS | ADDRESS |

| Moseley | VA | 23120 | Midlothian | VA | 23113 |
|---|---|---|---|---|---|
| CITY | STATE | ZIP | CITY | STATE | ZIP |

| donette@mdonettewilliams.com | erika@wmmlegal.com |
|---|---|
| EMAIL ADDRESS | EMAIL ADDRESS |
| (804) 921-6910 | (804) 423-1382 |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

| DATE | Dawn B. DeBoer | | SIGNATURE OF ATTORNEY |
|---|---|---|---|
| | PRINTED NAME OF ATTORNEY | | |

If signatory is different from attorney on page one, provide information below:

_____
ADDRESS

_____
CITY          STATE     ZIP

_____
EMAIL ADDRESS

_____
TELEPHONE NUMBER

_____
VIRGINIA STATE BAR NO.

FORM CC-1480 (MASTER, PAGE TWO OF TWO) 07/23

0019



Dawn B. DeBoer

Direct: 804.533.7771  |  DeBoer@DeBoerSouth.com

**DeBoerSouth**   1802 Bayberry Court, Suite 403  |  Richmond, VA 23226  |  Office: 804.533.7770  |  Fax: 804.285.0201

August 15, 2024

**_VIA HAND DELIVERY_**
Hon. Amanda L. Pohl, Clerk
Chesterfield County Circuit Court
9500 Courthouse Road
Chesterfield, VA 23832-0125

      **Re:**   **_Brandon Scott Morris v. Michelle K. Morris, et. al._**
              **Case No.:**  **CL23003191**
              **DeBoerSouth, PLLC v. Brandon Sott Morris**

Dear Ms. Pohl:

      Enclosed please find a Notice of Claim of Lien for Attorney Fees for recordation in the above-referenced matter on behalf of DeBoerSouth, PLLC and Dawn B. DeBoer which I ask be filed and recorded. Also enclosed please find a $11.50 check for the fee associated with this request.

      Thank you for your assistance in this matter. If you should have any questions at all, please do not hesitate to contact me.

                             Very truly yours,

                             Dawn B. DeBoer

DBD/drh
Enclosures

cc:     Brandon Scott Morris *(via email)*
        A. Russell Watson, Esquire *(via U.S. mail & facsimile)*
        Ronald J. Guillot, Jr., Esquire *(via U.S. mail & facsimile)*

0020

**NOTICE OF CLAIM OF LIEN**
**FOR ATTORNEY FEES**
COMMONWEALTH OF VIRGINIA   Va. Code § 54.1-3932

In the Circuit Court of the [ ] City [X] County of ..Chesterfield........................................................

Case Information:

[X]  This notice is filed in connection with the following case: Case No. ..CL23003191.................................

Brandon Scott Morris                         V.                    Michelle K. Morris, et.al.
..................................................                                      ....................................................
PLAINTIFF(S)                                                      DEFENDANT(S)

**OR**

[ ]  To the best of my knowledge, no case asserting the cause of action or claim described below has
been filed.

Case No. ..........................................................

| ATTORNEY: | CLIENT(S): |
|---|---|
| Dawn B. DeBoer | Brandon Scott Morris |
| NAME | NAME(S) |
| 1802 Bayberry Court, Suite 403 | 13836 Randolph Pond Lane |
| ADDRESS | ADDRESS |
| Richmond          VA    23226 | Midlothian          VA    23114 |
| CITY          STATE     ZIP | CITY          STATE     ZIP |
| DeBoer@DeBoerSouth.com | b.scottmorris@yahoo.com |
| EMAIL ADDRESS | EMAIL ADDRESS (OPTIONAL) |
| (804) 533-7770 | (804) 514-1926 |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| 26551 | |
| VIRGINIA STATE BAR NO. | |

**NOTICE:** The attorney named above has claimed a lien upon the cause of action asserted by the client(s) or
former client(s) named above as security for the contracted fees for services rendered in relation to the cause of
action or claim asserted. Written notice of this lien is being given either within 45 days of the end of
representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract,
before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final
judgment is entered, whichever is earlier.

Description of cause of action or claim upon which a lien is asserted:

Client signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this
case. Invoices have been sent to the client for work performed and costs incurred. The approximate amount of attorneys'
fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00.

FORM CC-1480 (MASTER, PAGE ONE OF TWO) 07/23

0021

I, the undersigned counsel, certify that I have provided a copy of this written notice to my client(s) or former client(s) listed above. I have also provided a copy of this written notice to [  ] any opposing party or [X] such party's attorney(s) or agent(s) listed below.

| A. Russell Watson, Esquire | Ronald J. Guillot, Jr., Esquire |
|---|---|
| NAME(S) | NAME(S) |
| 10303 Memory Lane, Suite 101 | 448 Viking Drive, Suite 350 |
| ADDRESS | ADDRESS |
| Chesterfield                VA    23832 | Virginia Beach              VA    23452 |
| CITY                    STATE    ZIP | CITY                    STATE    ZIP |
| rwatson@gordondodson.com | rguillot@siwpc.com |
| EMAIL ADDRESS | EMAIL ADDRESS |
| (804) 748-8153 | (757) 217-9304 |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

Dawn B. DeBoer

DATE          PRINTED NAME OF ATTORNEY

SIGNATURE OF ATTORNEY

If signatory is _different_ from attorney on page one, provide information below:

ADDRESS

CITY                          STATE    ZIP

EMAIL ADDRESS

TELEPHONE NUMBER

VIRGINIA STATE BAR NO.

FORM CC-1480 (MASTER, PAGE TWO OF TWO) 07/23

0022

# Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Wednesday, November 20, 2024 3:14 PM |
| **To:** | Scott Morris |
| **Subject:** | Fwd: Morris |

The latest is below. I ran by Erika's office after I left court this afternoon to get Erika's signature.

I am also awaiting Donette's confirmation regarding the filing of the income tax returns with the refunds being deposited in the joint account.

I will send you the document memorizing our arrangement regarding the payment of our balance.

Sent from my iPhone

Begin forwarded message:

> **From:** Donette Williams <donette@mdonettewilliams.com>
> **Date:** November 20, 2024 at 3:07:51 PM EST
> **To:** Dawn DeBoer <DeBoer@deboersouth.com>
> **Cc:** "Erika E. MacCormac" <erika@wmmlegal.com>, Sara Dunn <dunn@wmmlegal.com>
> **Subject: Re: Morris**
>
>
> My client is coming in tomorrow.  I'm working on it.
>
> D

---

**From:** Dawn DeBoer <DeBoer@DeboerSouth.com>
**Sent:** Wednesday, November 20, 2024 2:14 PM
**To:** Donette Williams <donette@mdonettewilliams.com>
**Cc:** Erika E. MacCormac <erika@wmmlegal.com>; Sara Dunn <dunn@wmmlegal.com>
**Subject:** Re: Morris

I have Erika's endorsement. Donette please let us know where we are as soon as you are able.

Sent from my iPhone

> On Nov 20, 2024, at 9:40 AM, Donette Williams <donette@mdonettewilliams.com> wrote:
>
>
> Waiting to get the okay from my client.

1

0023

**From:** Erika E. MacCormac <erika@wmmlegal.com>
**Sent:** Tuesday, November 19, 2024 11:10 PM
**To:** Dawn DeBoer <DeBoer@deboersouth.com>
**Cc:** Donette Williams <donette@mdonettewilliams.com>; Sara Dunn <dunn@wmmlegal.com>
**Subject:** Re: Morris

No objection from me!

Erika
Sent from my iPhone

> On Nov 19, 2024, at 7:31 AM, Dawn DeBoer
> <DeBoer@deboersouth.com> wrote:

Attached is the revised Final Decree and the Confidential
Addendum. Please confirm it is agreeable so we can get it entered.

Many thanks.

Dawn B. DeBoer, Esq.

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the
named addressee is proprietary and is subject to attorney-
client privilege and work product confidentiality. If the
recipient of this transmission is not the named addressee, the
recipient should immediately notify the sender and destroy
the information transmitted without making any copy or
distribution thereof.

2

0024

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Wednesday, December 11, 2024 11:16 AM |
| **To:** | Scott Morris |
| **Subject:** | Note |
| **Attachments:** | Confession of Judgment note.pdf |

Scott –

As you see, I have again made inquiry about the Final Decree entry, and the confirmation of the tax filings and the signing of the IRA forms from Michelle.

As we discussed, I need confirmation of the payment of your balance with DeBoerSouth. I have attached a Confessed Judgment Note that I ask that you sign in the presence of a notary public. You can sign it at my office.

I will continue to keep you apprised of the status.

What is the baby status??

Many thanks.

Dawn B. DeBoer, Esq.

||| **DeBoerSouth**

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

1

0025

## <u>CONFESSION OF JUDGMENT PROMISSORY NOTE</u>

### IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

Henrico County, Virginia        December _____, 2024

**$91,059.32**

FOR VALUE RECEIVED, the undersigned, **BRANDON SCOTT MORRIS**, maker (the "Maker"), promises to pay **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, payee ("Payee"), at 1802 Bayberry Court, Suite 403, Richmond, Virginia 23226 (or at such other place as the Payee hereof may, from time to time, designate in writing), the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32),** with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86),** payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest,** payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

Maker may prepay the principal amount of this Confession of Judgment Promissory Note at any time, without penalty.

If Maker does not pay the total amount of principal due as set forth herein, Payee will give Maker not less than ten (10) days written notice that the principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in default ("Default"). Following Default, Payee may cause judgment to be confessed against Maker.

1

0026

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

With the exception of the ten (10) day written notice above, presentment for payment, notice of dishonor, protest and notice of protest, and any other notice of default under this Confession of Judgment Promissory Note, are hereby expressly waived by Maker.

This Note is made for a business purpose.

This Note shall be governed by the laws of the Commonwealth of Virginia.

**TO THE CLERK OF THE CIRCUIT COURT OF HENRICO COUNTY, VIRGINIA, Greetings:**

Be it known to you that **BRANDON SCOTT MORRIS**, the Maker, is indebted to **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, the Payee, in the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86)**, payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest,** payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

If Maker fails to pay any amounts due as set forth above, Payee will give Maker not less than ten (10) days written notice that the total amount of unpaid principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in Default. Following Default, Payee may cause judgment to be confessed against Maker.

2

0027

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

The Maker does hereby constitute and appoint **DAWN B. DeBOER, ESQUIRE**, its true and lawful attorney-in-fact, and with full power and authority hereby given to appear before you in your said office and for her to confess judgment before you therein against Maker **BRANDON SCOTT MORRIS** and in favor of the Payee under this Confession of Judgment Promissory Note, for the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, from the time of default, minus any payments previously made, together with the cost of confessing and entering of said judgment; and Maker further agrees that said attorney-in-fact may appear before you in your said office and confess judgment for reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

WITNESS THE HAND AND SEAL OF THE UNDERSIGNED:

**MAKER:**

_____

**BRANDON SCOTT MORRIS**

COMMONWEALTH OF VIRGINIA
COUNTY OF HENRICO, to wit:

The foregoing instrument was acknowledged before me this _____ day of December, 2024 by BRANDON SCOTT MORRIS, Maker.

_____

Notary Public

_____

Printed Name of Notary Public

My Commission Expires: _____

My Registration Number is: _____

3

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Monday, December 30, 2024 9:01 AM |
| **To:** | Scott Morris |
| **Subject:** | FW: Note |
| **Attachments:** | Confession of Judgment note.pdf |

Happy New Year and I hope everyone is well, baby is here, and all had a wonderful Christmas.

I want to file a Show Cause against Michelle for failure to confirm the tax filing procedure and signing the IRA transfer documents. I need you to come to my office and sign the affidavit for those issues and to sign the Promissory Note.

Many thanks.

Dawn B. DeBoer, Esq.

## ‖‖ DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Dawn DeBoer
**Sent:** Wednesday, December 11, 2024 11:16 AM
**To:** Scott Morris <b.scottmorris@yahoo.com>
**Subject:** Note

Scott –

As you see, I have again made inquiry about the Final Decree entry, and the confirmation of the tax filings and the signing of the IRA forms from Michelle.

As we discussed, I need confirmation of the payment of your balance with DeBoerSouth. I have attached a Confessed Judgment Note that I ask that you sign in the presence of a notary public. You can sign it at my office.

I will continue to keep you apprised of the status.

1

0029

What is the baby status??

Many thanks.

Dawn B. DeBoer, Esq.

# ‖ DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

0030

## CONFESSION OF JUDGMENT PROMISSORY NOTE

### IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

Henrico County, Virginia        December _____, 2024

**$91,059.32**

FOR VALUE RECEIVED, the undersigned, **BRANDON SCOTT MORRIS**, maker (the "Maker"), promises to pay **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, payee ("Payee"), at 1802 Bayberry Court, Suite 403, Richmond, Virginia 23226 (or at such other place as the Payee hereof may, from time to time, designate in writing), the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86)**, payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest,** payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

Maker may prepay the principal amount of this Confession of Judgment Promissory Note at any time, without penalty.

If Maker does not pay the total amount of principal due as set forth herein, Payee will give Maker not less than ten (10) days written notice that the principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in default ("Default"). Following Default, Payee may cause judgment to be confessed against Maker.

0031

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

With the exception of the ten (10) day written notice above, presentment for payment, notice of dishonor, protest and notice of protest, and any other notice of default under this Confession of Judgment Promissory Note, are hereby expressly waived by Maker.

This Note is made for a business purpose.

This Note shall be governed by the laws of the Commonwealth of Virginia.

### TO THE CLERK OF THE CIRCUIT COURT OF HENRICO COUNTY, VIRGINIA, Greetings:

Be it known to you that **BRANDON SCOTT MORRIS**, the Maker, is indebted to **DeBOERSOUTH, PLLC**, a Virginia professional limited liability company, the Payee, in the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86)**, payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest,** payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

If Maker fails to pay any amounts due as set forth above, Payee will give Maker not less than ten (10) days written notice that the total amount of unpaid principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in Default. Following Default, Payee may cause judgment to be confessed against Maker.

2

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

The Maker does hereby constitute and appoint **DAWN B. DeBOER, ESQUIRE**, its true and lawful attorney-in-fact, and with full power and authority hereby given to appear before you in your said office and for her to confess judgment before you therein against Maker **BRANDON SCOTT MORRIS** and in favor of the Payee under this Confession of Judgment Promissory Note, for the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, from the time of default, minus any payments previously made, together with the cost of confessing and entering of said judgment; and Maker further agrees that said attorney-in-fact may appear before you in your said office and confess judgment for reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

WITNESS THE HAND AND SEAL OF THE UNDERSIGNED:

**MAKER:**

_____
**BRANDON SCOTT MORRIS**

COMMONWEALTH OF VIRGINIA
COUNTY OF HENRICO, to wit:

The foregoing instrument was acknowledged before me this _____ day of December, 2024 by BRANDON SCOTT MORRIS, Maker.

_____
Notary Public

_____
Printed Name of Notary Public

My Commission Expires: _____

My Registration Number is: _____

3

0033

# Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Tuesday, December 31, 2024 8:31 AM |
| **To:** | Scott Morris |
| **Subject:** | FW: Note |
| **Attachments:** | Confession of Judgment note.pdf |

It looks like our email messages passed each other yesterday!  Thank you for sending the photos; Aiden is absolutely precious. I am so glad everyone is doing well.

When can you come to my office to sign the affidavits so I can file the Show Cause Motions against Michelle?

Dawn B. DeBoer, Esq.

**‖ DeBoerSouth**

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Dawn DeBoer
**Sent:** Monday, December 30, 2024 9:01 AM
**To:** Scott Morris <b.scottmorris@yahoo.com>
**Subject:** FW: Note

Happy New Year and I hope everyone is well, baby is here, and all had a wonderful Christmas.

I want to file a Show Cause against Michelle for failure to confirm the tax filing procedure and signing the IRA transfer documents.  I need you to come to my office and sign the affidavit for those issues and to sign the Promissory Note.

Many thanks.

Dawn B. DeBoer, Esq.

**‖ DeBoerSouth**

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226

1

0034

(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Dawn DeBoer
**Sent:** Wednesday, December 11, 2024 11:16 AM
**To:** Scott Morris <b.scottmorris@yahoo.com>
**Subject:** Note

Scott –

As you see, I have again made inquiry about the Final Decree entry, and the confirmation of the tax filings and the signing of the IRA forms from Michelle.

As we discussed, I need confirmation of the payment of your balance with DeBoerSouth. I have attached a Confessed Judgment Note that I ask that you sign in the presence of a notary public. You can sign it at my office.

I will continue to keep you apprised of the status.

What is the baby status??

Many thanks.

Dawn B. DeBoer, Esq.

# ||| DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

2

0035

## <u>CONFESSION OF JUDGMENT PROMISSORY NOTE</u>

### IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

Henrico County, Virginia          December _____, 2024

**$91,059.32**

FOR VALUE RECEIVED, the undersigned, **BRANDON SCOTT MORRIS**, maker (the "Maker"), promises to pay **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, payee ("Payee"), at 1802 Bayberry Court, Suite 403, Richmond, Virginia 23226 (or at such other place as the Payee hereof may, from time to time, designate in writing), the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32),** with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86),** payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest,** payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

Maker may prepay the principal amount of this Confession of Judgment Promissory Note at any time, without penalty.

If Maker does not pay the total amount of principal due as set forth herein, Payee will give Maker not less than ten (10) days written notice that the principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in default ("Default"). Following Default, Payee may cause judgment to be confessed against Maker.

1

0036

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

With the exception of the ten (10) day written notice above, presentment for payment, notice of dishonor, protest and notice of protest, and any other notice of default under this Confession of Judgment Promissory Note, are hereby expressly waived by Maker.

This Note is made for a business purpose.

This Note shall be governed by the laws of the Commonwealth of Virginia.

**TO THE CLERK OF THE CIRCUIT COURT OF HENRICO COUNTY, VIRGINIA, Greetings:**

Be it known to you that **BRANDON SCOTT MORRIS**, the Maker, is indebted to **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, the Payee, in the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86)**, payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest**, payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

If Maker fails to pay any amounts due as set forth above, Payee will give Maker not less than ten (10) days written notice that the total amount of unpaid principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in Default. Following Default, Payee may cause judgment to be confessed against Maker.

2

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

The Maker does hereby constitute and appoint **DAWN B. DeBOER, ESQUIRE**, its true and lawful attorney-in-fact, and with full power and authority hereby given to appear before you in your said office and for her to confess judgment before you therein against Maker **BRANDON SCOTT MORRIS** and in favor of the Payee under this Confession of Judgment Promissory Note, for the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, from the time of default, minus any payments previously made, together with the cost of confessing and entering of said judgment; and Maker further agrees that said attorney-in-fact may appear before you in your said office and confess judgment for reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

WITNESS THE HAND AND SEAL OF THE UNDERSIGNED:

**MAKER:**

_____

**BRANDON SCOTT MORRIS**

COMMONWEALTH OF VIRGINIA
COUNTY OF HENRICO, to wit:

The foregoing instrument was acknowledged before me this _____ day of December, 2024 by BRANDON SCOTT MORRIS, Maker.

_____

Notary Public

_____

Printed Name of Notary Public

My Commission Expires: _____

My Registration Number is: _____

3

0038

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, January 2, 2025 9:55 AM |
| **To:** | Scott Morris |
| **Subject:** | Fwd: PNC Mortgage Assumption Form |
| **Attachments:** | QUAL IRF FORM 09_01_24.pdf |

Happy New Year!

I am going to deal with Russ on this partition issue, not Donette. And, we are not agreeable for this to be an assumption.

However, I am not able to continue to do work for you without you signing the agreement about how your balance with my firm will be paid. You keep avoiding that topic.

I also need you to sign the affidavit if you want to have Michelle be forced to sign what she is supposed to sign by me filing the Show Cause.

I can talk this afternoon if you would like.

Sent from my iPhone

Begin forwarded message:

> **From:** Donette Williams <donette@mdonettewilliams.com>
> **Date:** January 2, 2025 at 8:16:23 AM EST
> **To:** Dawn DeBoer <DeBoer@deboersouth.com>
> **Subject: Fw: PNC Mortgage Assumption Form**
>
>
> Dawn,  Please see attached.  Ms. Morris would like to have this document signed by your client so that the funds transfer as ordered by the court can take place.  Please advise.
>
> Donette
>
> **From:** Michelle Morris <michellek.morris@yahoo.com>
> **Sent:** Tuesday, December 31, 2024 10:27 AM
> **To:** Donette Williams <donette@mdonettewilliams.com>
> **Subject:** PNC Mortgage Assumption Form
>
> Hi Donette,
>
> PNC Mortgage needs both my father and Scott's signature on this PNC mortgage assumption form in order to begin the assumption of the mortgage.
>
> What would you recommend in order to get his signature? Do I email him? Could it be sent through Dawn?

1

0039

Attached is a blank form, my Dad has one filled out with his signature that I can send to you if needed.

Thanks,
Michelle

2

0040

# *Initial Assumption Request Form*  PNC

Answer **all** of the questions listed below and print clearly when completing this form.
Please note that there are two pages to this form.

**Please return completed form by either fax or e-mail.**
- **To Fax**: Send to ( 833)  779- 5810 with Attention to the *Assumptions Department*
- **To E-mail**: Scan and Send to _PNCASSUMPTIONS@PNC.COM_
- For questions, contact the Assumptions Department at (800) 822-5626

## Assumption Request and Loan Information

1   I(We)_____ request _____ to
    assume the existing mortgage on PNC Mortgage loan # _____ under the same terms
    and conditions as the existing mortgage loan.

2   Is this assumptions request the result of a death of the borrower currently on the loan?
    ☐ Yes    ☐ No

3   The intent of this assumption is to:
    ☐ Remove a borrower who is currently obligated to the note and mortgage and release him/her from liability
    ☐ Purchase the subject property and assume the existing mortgage, releasing the current owners from liability

4   At closing:
    ☐ There will be no money exchanging hands
    ☐ The assuming borrower will be purchasing the property for $_____

5.  The occupancy of the subject property will be:
    ☐ Primary Residence      ☐ Second Home      ☐ Investment

6.  Please indicate if the new borrower(s) is(are) a family member:
    ☐ There is **no** family relationship
    ☐ There **is** a family relationship of: ☐ Child   ☐ Parent   ☐ Sibling   ☐ Other: Ex-Spouse_____

7.  Escrows will be assumed by the new borrower(s).  The existing borrower(s):
    ☐ **Will not** be reimbursed at closing for any escrow balance
    ☐ **Will** be reimbursed at closing for the existing escrow balance.

8.  The remaining/new borrower(s) will:
    ☐ Obtain a new hazard insurance policy
    ☐ Retain the existing hazard insurance policy

9.  Seller's Full Legal Name: _____
    Seller's Current Marital Status: ☐ Married   ☐ Divorced   ☐ Single   ☐ Other: _____

10. **Deed** (check one)
    ☐ Prepare a new deed  (Copy of current deed required)
    ☐ The new deed has been recorded and I will provide a copy (Copy of Recorded Deed required)
    ☐ The new deed has been prepared but is not recorded yet. I will obtain the original and provide to PNC Mortgage to have recorded with the assumption transaction.

11. **FOR VA LOANS ONLY**
    ☐ New/remaining borrower(s) **is/are** a veteran & entitlement is being exchanged
    ☐ New/remaining borrower(s) **is/are not** a veteran and entitlement **is not** being exchanged
    ☐ Veteran to veteran, no change in entitlement.

 **PNC**

# *Initial Assumption Request Form*

## Existing and New Borrower Contact Information

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

## Required Signatures

_____     Date _____
Existing Borrower

_____     Date _____
New Borrower

_____     Date _____
Existing Borrower

_____     Date _____
New Borrower

_____     Date _____
Existing Borrower

_____     Date _____
New Borrower

The above signed Existing Borrower and/or Co-Borrower (if any) (individually and collectively, "Borrower" or "I"), authorize the above mortgage lender/servicer and its successors and assigns (individually and collectively, "Servicer") and the above Assumption Applicants (individually and collectively "New Borrower") to obtain, share, release, discuss, and otherwise provide to and with each other public and non-public personal information contained in or related to the assumption of a mortgage loan of the Borrower. This information may include (but is not limited to) the Unpaid Principle Balance, interest rate, balances due from unpaid fees and other original loan terms.

The Servicer will take reasonable steps to verify the identity of the Assumption Applicant. The Servicer has no responsibility or liability for what the Assumption Applicant does with such information.

This authorization will remain on record for the duration of the Assumptions process or until revoked, in writing, by you. A signed copy of this authorization may be accepted as an original.

This Initial Assumption Request Form is valid when signed by any Borrower and/or Co-Borrower named on the mortgage and until the Servicer receives a written revocation signed by any borrower or co-borrower.

0042

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, January 2, 2025 11:24 AM |
| **To:** | Scott Morris |
| **Subject:** | Re: PNC Mortgage Assumption Form |

And, I am not going backwards. The video of that December incident was a terrible, terrible picture of you and would have played right into their hands on the custody issue. I will not discuss that again. You have mishandled a lot of this.

Sent from my iPhone

On Jan 2, 2025, at 10:59 AM, Scott Morris <b.scottmorris@yahoo.com> wrote:

Thanks Dawn,

Happy New Year!

I'm confused why Michelle and her parents are continuing to ask about assuming the mortgage when I have made it crystal clear that is not on the table.  Also, the document that they sent is a blank application to start the process. That is telling me they are not going to meet the 01/15/25deadline as stated in the order.  This was decided back in May, 2024. They have had more than enough time to get the refinance completed.

With regard to the "confession of Judgment" document. I have some questions about it, and was wondering if you had some time on Monday to discuss.

I have the kids this week, and with my new baby have not been getting a lot of sleep. Randall had a c-section and has been in a lot of pain, so I have been very very busy until she is feeling better, so not avoiding you.

The way Michelle and her parents continue to play games is exactly why I wanted Judge Novey to see the protective order affidavits, and police reports, and for Michelle and her parents to be questioned about these absolutely false claims. I believe that how they removed me from the house was advised by Donette.  I also believe if Judge Novey would have heard and seen more evidence about all of the false claims Michelle and the Rennies have made against me, he may not have been deceived my Michelle when she make the false sexual assault allegation, and better understand my reaction to yet more false accusations, and that had a huge impact on Judge Novey's ruling with regard to custody and asset division. As you have seen they will never stop playing games until they are forced to stop, or they get what they want! Michelle and her parents will only comply with the orders if they are forced too. They are not good or honest people, and we set them up to look like they are.

1

0043

Thanks
Scott

Sent from my iPhone

On Jan 2, 2025, at 9:55 AM, Dawn DeBoer <DeBoer@deboersouth.com> wrote:

Happy New Year!

I am going to deal with Russ on this partition issue, not Donette. And, we are not agreeable for this to be an assumption.

However, I am not able to continue to do work for you without you signing the agreement about how your balance with my firm will be paid. You keep avoiding that topic.

I also need you to sign the affidavit if you want to have Michelle be forced to sign what she is supposed to sign by me filing the Show Cause.

I can talk this afternoon if you would like.

Sent from my iPhone

Begin forwarded message:

**From:** Donette Williams <donette@mdonettewilliams.com>
**Date:** January 2, 2025 at 8:16:23 AM EST
**To:** Dawn DeBoer <DeBoer@deboersouth.com>
**Subject: Fw: PNC Mortgage Assumption Form**

Dawn, Please see attached. Ms. Morris would like to have this document signed by your client so that the funds transfer as ordered by the court can take place. Please advise.

Donette

---

**From:** Michelle Morris <michellek.morris@yahoo.com>
**Sent:** Tuesday, December 31, 2024 10:27 AM
**To:** Donette Williams <donette@mdonettewilliams.com>
**Subject:** PNC Mortgage Assumption Form

Hi Donette,

PNC Mortgage needs both my father and Scott's signature on this PNC mortgage assumption form in order to begin the assumption of

the mortgage.

What would you recommend in order to get his signature? Do I email him? Could it be sent through Dawn?

Attached is a blank form, my Dad has one filled out with his signature that I can send to you if needed.

Thanks,
Michelle

<QUAL IRF FORM 09_01_24.pdf>

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Wednesday, January 8, 2025 6:43 AM |
| **To:** | Scott Morris |
| **Subject:** | RE: PNC Mortgage Assumption Form |

Please see below responses.

Dawn B. DeBoer, Esq.

### ‖ DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Scott Morris <b.scottmorris@yahoo.com>
**Sent:** Tuesday, January 7, 2025 12:34 PM
**To:** Dawn DeBoer <DeBoer@DeboerSouth.com>
**Subject:** Re: PNC Mortgage Assumption Form

Hi Dawn,

My goal in expressing my opinion about you not presenting the video from December 2021 was not to dig up old topics. I thought long and hard about whether to show that video to Judge Novey. I still believe it was the correct call to make. Erika, the independent professional who only has the best interest of your children as her focus but was favorable to you, was disturbed by your behavior in that video and did not think it was a good idea to present to Novey. You have a tendency to only see the world through Scott-colored glasses, not how an objective judge views things. You wanted to push the condonation issue. That backfired on you and you lost credibility with Novey as a result. If we had not pushed that, the rape allegation would not have come up and you would have been better off.

I am just thinking that nothing on Michelle end of the order is going to be completed as ordered by Judge Novey. I am thinking nothing will happen until Judge Novey forces the issue. I am not disagreeing with you. Russ has 7 days to get his clients in line. I have told you several times that I am ready to file the Show Cause against Michelle regarding the tax filing and the IRA documents, but I need you to sign the affidavit before I can file. However, I am no longer willing to do work for you if I am not being paid. He didn't see how unethical her and her parents are. I strongly disagree with you. Novey saw Michele's evil (and selfish) side in our last two hearings, to the extent that he granted my child support Order without having a hearing and without Donette even signing the Order (unheard of). Michelle's parents have nothing to do with your divorce case. I proved what we needed to prove in the partition suit and Russ conceded to what I wanted him to concede to. Again, you are viewing things through Scott-colored glasses, not the objective jurist. They believe that they are special and the rules don't apply to them. No one cares if they think they are special. I am frustrated that they were able to harass me and use the court system to kick me out of my house, there was absolutely nothing I could have done about that. You made certain decisions and adopted certain legal strategies at the time of the Protective Order hearing

1

0046

with your prior counsel that I cannot/could not undo. and Michelle is able to accuse of me of rape, you wanted to pursue condonation. That was your very conscious choice.  When I asked you questions when you were on the stand about that night, you did a terrible job answering my questions, to such an extent that Novey commented that no matter how many times and how many ways I asked you the questions I needed you to answer the correct way, you did not do it. and yet she won everything and suffered no consequences for her lies.  That is a completely inaccurate statement. You have almost 50/50 time with your children (with which Michelle disagreed), and they are all going to public school (with which Michelle vehemently disagreed). Novey has stated the spousal support will be reviewed when Ella goes to kindergarten, which is only 7 months away in August. Again, you are only viewing things through Scott-colored glasses and not objectively.

 I just wanted Judge Novey to see the truth about this case. I stand by what I said above. I understand that you have been an attorney for a long time, but please understand that this divorce has cost me everything that I had worked for. I do not understand what you are trying to say. In our very first meeting on July 1, 2022, I showed you a long, detailed letter opinion from Judge Brice on a case with similar facts I got involved in after the divorce was finalized. Brice hammered my client (before he became my client) who was in a very similar situation to yours. I told you in that very first meeting that you had a lot to lose and you needed to behave and do things the right way. You did not heed my advice and you refused to pay Michelle anything until the day of court, about which Judge Brice was not happy. Temporary hearings can set the stage for the entire case going forward.

I really don't believe with context that the video from 2021 makes me look that bad. Your behavior was terrible in that video. I am not the only person who said so. I think combined with the police reports, Michelle and Michael's affidavits, and Michael saying on camera that "he was going to start the games". I believe it would have shown how calculating and unethical Michelle and her parents are.  It would have painted a picture of who they were to Judge Novey instead of him only hearing their lies. They were even lying to you..ie "Michelle saying I slammed the child support check into Michelle's chest, then I bear hugged her". Don't you think if I had done that she would have called the police on me? I am not going to repeat myself.

 Dawn, she called the police on me because I mouthed "fuck you" to her. I also think because she hadn't mentioned "rape" the entire time Until the custody hearing, isn't that convenient. Oh, she did accuse me of rape in the past. When she left me for 18 months back in 2012. Then she came back and we had 4 more kids. You NEVER told me she had made that allegation before until the end of that day of testimony (that you did not do well at). Had you told me that before I would have taken a different approach. I cannot manage what I do not know.

I also, disagree with you standing up in court and saying my behavior was atrocious, that is a completely inaccurate statement. I never said that  but never mentioned what Michelle and her parents had done to me for months. Again, incorrect. And, your adultery was the reason for the dissolution of the marriage, which is what Novey was mandated by the statute to determine They definitely got their false narrative through to Judge Novey. Who is "they"? No one testified other than Michelle.  He had mentioned in the custody hearing that he had wished he heard more about Michelle's parents. I think we could have easily demonstrated a pattern of their behavior You were not divorcing Michelle's parents. You were divorcing Michelle. Any "pattern of their behavior" that was immoral was irrelevant to the case . From the lies and false accusations, stealing the insurance money, I presented evidence about the insurance money, and you got to keep your insurance money   hiding money from the court. Michelle completely lied in her affidavit for the first protective order, and we could have proven that. Again, you made certain decisions and adopted certain legal strategies at the time of the Protective Order hearing that I cannot/could not undo. You made the decision before I got involved that you would not contest the Protective Order when you had the opportunity to do so, and you would move out.  Theresa was plenty of evidence to put on to show who she and her parents are. Michelle and the Rennies are not going to comply with the court order, because they have gotten away with deceiving the court since the start. I have no idea what you are talking about. Again, Russ has 7 days to get his clients in line. I have told you several times that I am ready to file the Show Cause against Michelle regarding the tax filing and the IRA documents, but I need you to sign the affidavit before I can file. If the refinance is not done by January 15, 2025, we file a Show Cause. That is how this works. However, I am no longer willing to do work for you if I am not being paid.

Judge Novey didn't hear that our marriage was having problems in 2019, or  see how I had to walk on eggshells with Michelle, and how her parents caused so much conflict within our marriage. First, you did testify about those things. Second, your adultery trumped all of that. Your adultery is the reason for the dissolution of the marriage. I told you that would be the conclusion and view of the judge on the very first day we met. You just chose not to listen.   Her father got in my face to fight me in 2019 because he was using household money to cover his expenses, and I haven't had a relationship with them since. We didn't show any of what really happened, and Michelle was able to manipulate and spin the truth to win. I hope you see now there is no "going high" with Michelle, you just have to lay out the facts to counter her false accusations. Her lies cost me time with my children, and every dollar I have ever earned. I am not going to repeat myself.

2

I also understand that you do not work for free, Query: when you go to work every day, do you expect to be paid for the work you do? If you were to not get paid for the work that you did, would you continue to work at that job? but I am not going to sign the "Confession of Judgement" that you had sent me. I would hope that you would be understanding in we lost the case, "we" did not lose the case. You continued to make bad choices that I was constantly trying to get you out of. You did not even have the decency to tell me: 1) That you were still seeing Randall and I learned about it from opposing counsel in the middle of trial and that Randall was coming to the children's sports games; and 2) that Randall was pregnant and I had to learn about it in the middle of a very important hearing from opposing counsel (a hearing we won, by the way) and you are still being compensated over $90,000 for your representation. I do not understand what you are saying. As you and I were both hopeful that Judge Novey could have seen that Michelle and Donette were purposely running up the attorney fees in this case, but he did not with the evidence given. I do not understand what you are saying. You also appear to be completely forgetting all of the late night and weekend hours I spent helping you get the children ready to go to school and handling the issues of Randall's pregnancy and your marriage so that that would all be handled appropriately. Issues that I did not create.

Two things on the confession of judgment document: don't think compound interest, as I believe this violates fair lending laws, . I do not understand what you are saying; there is no compound interest and Qualified assets are protected.  . I do not understand what you are saying

I am available to speak about this anytime. I cannot talk until Thursday as I am in Court

Thanks
Scott

On Thursday, January 2, 2025 at 11:24:33 AM EST, Dawn DeBoer <deboer@deboersouth.com> wrote:

And, I am not going backwards. The video of that December incident was a terrible, terrible picture of you and would have played right into their hands on the custody issue. I will not discuss that again. You have mishandled a lot of this.

Sent from my iPhone

On Jan 2, 2025, at 10:59 AM, Scott Morris <b.scottmorris@yahoo.com> wrote:

 Thanks Dawn,

Happy New Year!

I'm confused why Michelle and her parents are continuing to ask about assuming the mortgage when I have made it crystal clear that is not on the table.   Also, the document that they sent is a blank application to start the process. That is telling me they are not going to meet the 01/15/25 deadline as stated in the order.  This was decided back in May, 2024. They have had more than enough time to get the refinance completed.

With regard to the "confession of Judgment" document. I have some questions about it, and was wondering if you had some time on Monday to discuss.

I have the kids this week, and with my new baby have not been getting a lot of sleep. Randall had a c-section and has been in a lot of pain, so I have been very very busy until she is feeling better, so not avoiding you.

The way Michelle and her parents continue to play games is exactly why I wanted Judge Novey to see the protective order affidavits, and police reports, and for Michelle and her parents to be questioned about these absolutely false claims. I believe that how they removed me from the house was advised by Donette. I also believe if Judge Novey would have heard and seen more evidence about all of the false claims Michelle and the Rennies have made against me, he may not have been deceived my Michelle when she make the false sexual assault allegation, and better understand my reaction to yet more false

3

accusations, and that had a huge impact on Judge Novey's ruling with regard to custody and asset division. As you have seen they will never stop playing games until they are forced to stop, or they get what they want! Michelle and her parents will only comply with the orders if they are forced too. They are not good or honest people, and we set them up to look like they are.

Thanks
Scott

Sent from my iPhone

On Jan 2, 2025, at 9:55 AM, Dawn DeBoer <DeBoer@deboersouth.com> wrote:

Happy New Year!

I am going to deal with Russ on this partition issue, not Donette. And, we are not agreeable for this to be an assumption.

However, I am not able to continue to do work for you without you signing the agreement about how your balance with my firm will be paid. You keep avoiding that topic.

I also need you to sign the affidavit if you want to have Michelle be forced to sign what she is supposed to sign by me filing the Show Cause.

I can talk this afternoon if you would like.

Sent from my iPhone

Begin forwarded message:

**From:** Donette Williams <donette@mdonettewilliams.com>
**Date:** January 2, 2025 at 8:16:23 AM EST
**To:** Dawn DeBoer <DeBoer@deboersouth.com>
**Subject: Fw: PNC Mortgage Assumption Form**

Dawn,  Please see attached.  Ms. Morris would like to have this document signed by your client so that the funds transfer as ordered by the court can take place.  Please advise.

Donette

**From:** Michelle Morris <michellek.morris@yahoo.com>
**Sent:** Tuesday, December 31, 2024 10:27 AM
**To:** Donette Williams <donette@mdonettewilliams.com>
**Subject:** PNC Mortgage Assumption Form

Hi Donette,

PNC Mortgage needs both my father and Scott's signature on this PNC mortgage assumption form in order to begin the assumption of the mortgage.

What would you recommend in order to get his signature? Do I email him? Could it be sent through Dawn?

Attached is a blank form, my Dad has one filled out with his signature that I can send to you if needed.

4

Thanks,
Michelle

<QUAL IRF FORM 09_01_24.pdf>

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Tuesday, January 21, 2025 8:01 AM |
| **To:** | Scott Morris |
| **Subject:** | FW: PNC Mortgage Assumption Form |
| **Attachments:** | QUAL IRF FORM 09_01_24.pdf |

Scott –

In response to your email message of yesterday morning, I assume the deed can be signed at the time of the closing as is done in other closings. I have not been presented with a deed draft to even review yet.

What I stated in my January 2, 2025 email below remains true. I told Russ we were not agreeable to an assumption. I am not dealing with Donette on the partition issues.

I am not able to continue to do work for you without you and I agreeing on how your balance with my firm will be paid.

Many thanks.

Dawn B. DeBoer, Esq.

## ⫘ DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

---

**From:** Dawn DeBoer
**Sent:** Thursday, January 2, 2025 9:55 AM
**To:** Scott Morris <b.scottmorris@yahoo.com>
**Subject:** Fwd: PNC Mortgage Assumption Form

Happy New Year!

I am going to deal with Russ on this partition issue, not Donette. And, we are not agreeable for this to be an assumption.

1

0051

However, I am not able to continue to do work for you without you signing the agreement about how your balance with my firm will be paid. You keep avoiding that topic.

I also need you to sign the affidavit if you want to have Michelle be forced to sign what she is supposed to sign by me filing the Show Cause.

I can talk this afternoon if you would like.

Sent from my iPhone

Begin forwarded message:

**From:** Donette Williams <donette@mdonettewilliams.com>
**Date:** January 2, 2025 at 8:16:23 AM EST
**To:** Dawn DeBoer <DeBoer@deboersouth.com>
**Subject: Fw: PNC Mortgage Assumption Form**

Dawn, Please see attached. Ms. Morris would like to have this document signed by your client so that the funds transfer as ordered by the court can take place. Please advise.

Donette

---

**From:** Michelle Morris <michellek.morris@yahoo.com>
**Sent:** Tuesday, December 31, 2024 10:27 AM
**To:** Donette Williams <donette@mdonettewilliams.com>
**Subject:** PNC Mortgage Assumption Form

Hi Donette,

PNC Mortgage needs both my father and Scott's signature on this PNC mortgage assumption form in order to begin the assumption of the mortgage.

What would you recommend in order to get his signature? Do I email him? Could it be sent through Dawn?

Attached is a blank form, my Dad has one filled out with his signature that I can send to you if needed.

Thanks,
Michelle

# *Initial Assumption Request Form*



Answer <u>all</u> of the questions listed below and print clearly when completing this form.
Please note that there are two pages to this form.

**Please return completed form by either fax or e-mail.**
- **To Fax:** Send to ( 833) 779- 5810 with Attention to the ***Assumptions Department***
- **To E-mail:** Scan and Send to PNCASSUMPTIONS@PNC.COM
- For questions, contact the Assumptions Department at (800) 822-5626

## Assumption Request and Loan Information

1  I(We)_____ request _____ to
assume the existing mortgage on PNC Mortgage loan # _____ under the same terms
and conditions as the existing mortgage loan.

2  Is this assumptions request the result of a death of the borrower currently on the loan?
☐ Yes    ☐ No

3  The intent of this assumption is to:
☐ Remove a borrower who is currently obligated to the note and mortgage and release him/her from liability
☐ Purchase the subject property and assume the existing mortgage, releasing the current owners from liability

4  At closing:
☐ There will be no money exchanging hands
☐ The assuming borrower will be purchasing the property for $_____

5.  The occupancy of the subject property will be:
☐ Primary Residence      ☐ Second Home      ☐ Investment

6.  Please indicate if the new borrower(s) is(are) a family member:
☐ There is <u>no</u> family relationship
☐ There <u>is</u> a family relationship of: ☐ Child   ☐ Parent   ☐ Sibling   ☐ Other: Ex-Spouse_____

7.  Escrows will be assumed by the new borrower(s).  The existing borrower(s):
☐ <u>Will not</u> be reimbursed at closing for any escrow balance
☐ <u>Will</u> be reimbursed at closing for the existing escrow balance.

8.  The remaining/new borrower(s) will:
☐ Obtain a new hazard insurance policy
☐ Retain the existing hazard insurance policy

9.  Seller's Full Legal Name: _____
Seller's Current Marital Status: ☐ Married   ☐ Divorced   ☐ Single   ☐ Other: _____

10. **Deed** (check one)
☐ Prepare a new deed  (Copy of current deed required)
☐ The new deed has been recorded and I will provide a copy (Copy of Recorded Deed required)
☐ The new deed has been prepared but is not recorded yet.  I will obtain the original and provide to PNC Mortgage to have recorded with the assumption transaction.

11. **FOR VA LOANS ONLY**
☐ New/remaining borrower(s) **is/are** a veteran & entitlement is being exchanged
☐ New/remaining borrower(s) **is/are not** a veteran and entitlement **is not** being exchanged
☐ Veteran to veteran, no change in entitlement.

0053

 **PNC**          *Initial Assumption Request Form*

## Existing and New Borrower Contact Information

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address**<br><br>Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address**<br><br>Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address**<br><br>Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

## Required Signatures

| Existing Borrower | Date |
|---|---|

| New Borrower | Date |
|---|---|

| Existing Borrower | Date |
|---|---|

| New Borrower | Date |
|---|---|

| Existing Borrower | Date |
|---|---|

| New Borrower | Date |
|---|---|

The above signed Existing Borrower and/or Co-Borrower (if any) (individually and collectively, "Borrower" or "I"), authorize the above mortgage lender/servicer and its successors and assigns (individually and collectively, "Servicer") and the above Assumption Applicants (individually and collectively "New Borrower") to obtain, share, release, discuss, and otherwise provide to and with each other public and non-public personal information contained in or related to the assumption of a mortgage loan of the Borrower. This information may include (but is not limited to) the Unpaid Principle Balance, interest rate, balances due from unpaid fees and other original loan terms.

The Servicer will take reasonable steps to verify the identity of the Assumption Applicant. The Servicer has no responsibility or liability for what the Assumption Applicant does with such information.

This authorization will remain on record for the duration of the Assumptions process or until revoked, in writing, by you. A signed copy of this authorization may be accepted as an original.

This Initial Assumption Request Form is valid when signed by any Borrower and/or Co-Borrower named on the mortgage and until the Servicer receives a written revocation signed by any borrower or co-borrower.

0054

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, January 30, 2025 8:20 AM |
| **To:** | Scott Morris |
| **Subject:** | Update |

Scott -

I was able to finally speak with Russ. Contrary to his advice, it appears Mr. Rennie talked with Donette about the partition suit and had in his mind an assumption was appropriate. Bottom line - Russ set everyone straight and Mr. Rennie was proceeding with the refinance. When I asked Russ if he had a timeframe in mind for the closing, he said 30 days. Russ said he questioned the mortgage company about their request that the deed be signed soon and held in escrow until closing, and they told him it was because this was not an ordinary purchase and closing and that was a requirement. We are guessing they may have encountered issues in these types of cases in the past so they have established certain policies as a result. I asked Russ to get something in writing from them about this requirement so I could provide it to you.

I received a voicemail message yesterday afternoon when I was in court from another lawyer, Richmond Wollstein. His message was that he had met with Michelle, that Donette was no longer practicing, and he was trying to understand where things were and what else needed to be done. I will call him today. That probably explains Michelle's cryptic response about her delay.

You will recall I emailed you the first few days of January, telling you a Show Cause was the next step and that you needed to come to my office to sign the Show Cause affidavits if you wanted to file a Show Cause. You never did that.

You and I need to have an agreement and understanding going forward. I am happy to continue helping you, but I need a firm commitment and written agreement about how the outstanding balance will be paid.

I will let you know what Richmond says after I speak with him.

Sent from my iPhone

1

0055

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, January 30, 2025 8:22 AM |
| **To:** | Scott Morris |
| **Subject:** | Fwd: PNC Mortgage Assumption Form |
| **Attachments:** | QUAL IRF FORM 09_01_24.pdf |

My email of January 2 regarding the Show Cause

Sent from my iPhone

Begin forwarded message:

> **From:** Dawn DeBoer <DeBoer@deboersouth.com>
> **Date:** January 2, 2025 at 9:55:18 AM EST
> **To:** Scott Morris <b.scottmorris@yahoo.com>
> **Subject: Fwd: PNC Mortgage Assumption Form**
>
>  Happy New Year!
>
> I am going to deal with Russ on this partition issue, not Donette. And, we are not agreeable for this to be an assumption.
>
> However, I am not able to continue to do work for you without you signing the agreement about how your balance with my firm will be paid. You keep avoiding that topic.
>
> I also need you to sign the affidavit if you want to have Michelle be forced to sign what she is supposed to sign by me filing the Show Cause.
>
> I can talk this afternoon if you would like.
>
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** Donette Williams <donette@mdonettewilliams.com>
>> **Date:** January 2, 2025 at 8:16:23 AM EST
>> **To:** Dawn DeBoer <DeBoer@deboersouth.com>
>> **Subject: Fw: PNC Mortgage Assumption Form**
>>
>>
>> Dawn, Please see attached. Ms. Morris would like to have this document signed by your client so that the funds transfer as ordered by the court can take place. Please advise.
>>
>> Donette

1

0056

**From:** Michelle Morris <michellek.morris@yahoo.com>
**Sent:** Tuesday, December 31, 2024 10:27 AM
**To:** Donette Williams <donette@mdonettewilliams.com>
**Subject:** PNC Mortgage Assumption Form

Hi Donette,

PNC Mortgage needs both my father and Scott's signature on this PNC mortgage assumption form in order to begin the assumption of the mortgage.

What would you recommend in order to get his signature? Do I email him? Could it be sent through Dawn?

Attached is a blank form, my Dad has one filled out with his signature that I can send to you if needed.

Thanks,
Michelle

2

0057

# *Initial Assumption Request Form*

 **PNC**

Answer <u>all</u> of the questions listed below and print clearly when completing this form.
Please note that there are two pages to this form.

**Please return completed form by either fax or e-mail.**
- **To Fax:** Send to ( 833)  779- 5810 with Attention to the ***Assumptions Department***
- **To E-mail:** Scan and Send to  PNCASSUMPTIONS@PNC.COM
- For questions, contact the Assumptions Department at (800) 822-5626

## Assumption Request and Loan Information

1  I(We)_____ request _____ to
assume the existing mortgage on PNC Mortgage loan # _____ under the same terms
and conditions as the existing mortgage loan.

2  Is this assumptions request the result of a death of the borrower currently on the loan?
☐ Yes    ☐ No

3  The intent of this assumption is to:
☐ Remove a borrower who is currently obligated to the note and mortgage and release him/her from liability
☐ Purchase the subject property and assume the existing mortgage, releasing the current owners from liability

4  At closing:
☐ There will be no money exchanging hands
☐ The assuming borrower will be purchasing the property for $ _____

5.  The occupancy of the subject property will be:
☐ Primary Residence        ☐ Second Home        ☐ Investment

6.  Please indicate if the new borrower(s) is(are) a family member:
☐ There is <u>no</u> family relationship
☐ There <u>is</u> a family relationship of: ☐ Child   ☐ Parent   ☐ Sibling   ☐ Other: Ex-Spouse _____

7.  Escrows will be assumed by the new borrower(s).  The existing borrower(s):
☐ <u>Will not</u> be reimbursed at closing for any escrow balance
☐ <u>Will</u> be reimbursed at closing for the existing escrow balance.

8.  The remaining/new borrower(s) will:
☐ Obtain a new hazard insurance policy
☐ Retain the existing hazard insurance policy

9.  Seller's Full Legal Name:  _____
Seller's Current Marital Status:  ☐ Married   ☐ Divorced   ☐ Single   ☐ Other: _____

10. **Deed** (check one)
☐ Prepare a new deed  (Copy of current deed required)
☐ The new deed has been recorded and I will provide a copy (Copy of Recorded Deed required)
☐ The new deed has been prepared but is not recorded yet.  I will obtain the original and provide to PNC Mortgage to have recorded with the assumption transaction.

11. **FOR VA LOANS ONLY**
☐ New/remaining borrower(s) **is/are** a veteran & entitlement is being exchanged
☐ New/remaining borrower(s) **is/are not** a veteran and entitlement **is not** being exchanged
☐ Veteran to veteran, no change in entitlement.

0058

 **PNC**

# *Initial Assumption Request Form*

## Existing and New Borrower Contact Information

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** Physical address not PO Box | |
| **Phone Number(s)** | |
| **E-mail** | |

| Existing Borrower Contact Information (All) | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

| New Borrower Contact Information | |
|---|---|
| **Full Name** | |
| **Address** | |
| **Phone Number(s)** | |
| **E-mail** | |

## Required Signatures

| Existing Borrower | Date | New Borrower | Date |
|---|---|---|---|

| Existing Borrower | Date | New Borrower | Date |
|---|---|---|---|

| Existing Borrower | Date | New Borrower | Date |
|---|---|---|---|

The above signed Existing Borrower and/or Co-Borrower (if any) (individually and collectively, "Borrower" or "I"), authorize the above mortgage lender/servicer and its successors and assigns (individually and collectively, "Servicer") and the above Assumption Applicants (individually and collectively "New Borrower") to obtain, share, release, discuss, and otherwise provide to and with each other public and non-public personal information contained in or related to the assumption of a mortgage loan of the Borrower. This information may include (but is not limited to) the Unpaid Principle Balance, interest rate, balances due from unpaid fees and other original loan terms.

The Servicer will take reasonable steps to verify the identity of the Assumption Applicant. The Servicer has no responsibility or liability for what the Assumption Applicant does with such information.

This authorization will remain on record for the duration of the Assumptions process or until revoked, in writing, by you. A signed copy of this authorization may be accepted as an original.

This Initial Assumption Request Form is valid when signed by any Borrower and/or Co-Borrower named on the mortgage and until the Servicer receives a written revocation signed by any borrower or co-borrower.

0059

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Thursday, January 30, 2025 8:24 AM |
| **To:** | Scott Morris |
| **Subject:** | Fwd: Note |
| **Attachments:** | image001.jpg; Confession of Judgment note.pdf |

My December 30 and 31 emails about the Show Cause

Sent from my iPhone

Begin forwarded message:

> **From:** Dawn DeBoer <DeBoer@deboersouth.com>
> **Date:** December 31, 2024 at 12:42:00 AM EST
> **To:** Scott Morris <b.scottmorris@yahoo.com>
> **Subject: FW: Note**
>
>
> It looks like our email messages passed each other yesterday!  Thank you for sending the photos; Aiden is absolutely precious. I am so glad everyone is doing well.
>
> When can you come to my office to sign the affidavits so I can file the Show Cause Motions against Michelle?
>
> Dawn B. DeBoer, Esq.
>
> 1802 Bayberry Court, Suite 403
> Richmond, Virginia 23226
> (804) 533-7770
> (804) 533-7771 (Direct Dial)
> (804) 285-0201 (Fax)
> DeBoer@DeBoerSouth.com
> DeBoerSouth.com
>
> NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.
>
>
> ---
>
> **From:** Dawn DeBoer
> **Sent:** Monday, December 30, 2024 9:01 AM
> **To:** Scott Morris <b.scottmorris@yahoo.com>
> **Subject:** FW: Note

1

0060

Happy New Year and I hope everyone is well, baby is here, and all had a wonderful Christmas.

I want to file a Show Cause against Michelle for failure to confirm the tax filing procedure and signing the IRA transfer documents. I need you to come to my office and sign the affidavit for those issues and to sign the Promissory Note.

Many thanks.

Dawn B. DeBoer, Esq.
<image001.jpg>
1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

---

**From:** Dawn DeBoer
**Sent:** Wednesday, December 11, 2024 11:16 AM
**To:** Scott Morris <b.scottmorris@yahoo.com>
**Subject:** Note

Scott –

As you see, I have again made inquiry about the Final Decree entry, and the confirmation of the tax filings and the signing of the IRA forms from Michelle.

As we discussed, I need confirmation of the payment of your balance with DeBoerSouth. I have attached a Confessed Judgment Note that I ask that you sign in the presence of a notary public. You can sign it at my office.

I will continue to keep you apprised of the status.

What is the baby status??

Many thanks.

Dawn B. DeBoer, Esq.
<image001.jpg>
1802 Bayberry Court, Suite 403

2

0061

Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

3

# <u>CONFESSION OF JUDGMENT PROMISSORY NOTE</u>

## IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

Henrico County, Virginia          December _____, 2024

**$91,059.32**

FOR VALUE RECEIVED, the undersigned, **BRANDON SCOTT MORRIS**, maker (the "Maker"), promises to pay **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, payee ("Payee"), at 1802 Bayberry Court, Suite 403, Richmond, Virginia 23226 (or at such other place as the Payee hereof may, from time to time, designate in writing), the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86)**, payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest,** payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

Maker may prepay the principal amount of this Confession of Judgment Promissory Note at any time, without penalty.

If Maker does not pay the total amount of principal due as set forth herein, Payee will give Maker not less than ten (10) days written notice that the principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in default ("Default"). Following Default, Payee may cause judgment to be confessed against Maker.

1

0063

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

With the exception of the ten (10) day written notice above, presentment for payment, notice of dishonor, protest and notice of protest, and any other notice of default under this Confession of Judgment Promissory Note, are hereby expressly waived by Maker.

This Note is made for a business purpose.

This Note shall be governed by the laws of the Commonwealth of Virginia.

**TO THE CLERK OF THE CIRCUIT COURT OF HENRICO COUNTY, VIRGINIA, Greetings:**

Be it known to you that **BRANDON SCOTT MORRIS**, the Maker, is indebted to **DeBOERSOUTH, PLLC,** a Virginia professional limited liability company, the Payee, in the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32)**, with interest at 12% per annum, payable as follows:

1. The amount of **Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86)**, payable upon the payment from Michael J. Rennie, Fabienne J. Rennie and Michelle K. Morris per the Chesterfield County Circuit Court Order entered on November 15, 2024 in Case Number CL23-3191; and
2. The balance, currently in the amount of **Thirty-Eight Thousand Four Hundred Twenty-Three and 46/100 Dollars ($38,423.46), plus interest**, payable within thirty (30) days after the transfer to Michelle Morris of her share of the Fidelity IRA per the Final Decree of divorce.

If Maker fails to pay any amounts due as set forth above, Payee will give Maker not less than ten (10) days written notice that the total amount of unpaid principal is past due. If Maker does not pay the principal amount following the passage of the ten (10) day notice period, Maker will be in Default. Following Default, Payee may cause judgment to be confessed against Maker.

2

Following Default Maker agrees to pay interest at twelve percent (12%) per annum, plus all expenses incurred by Payee in the collection of this Confession of Judgment Promissory Note, including reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

The Maker does hereby constitute and appoint **DAWN B. DeBOER, ESQUIRE,** its true and lawful attorney-in-fact, and with full power and authority hereby given to appear before you in your said office and for her to confess judgment before you therein against Maker **BRANDON SCOTT MORRIS** and in favor of the Payee under this Confession of Judgment Promissory Note, for the principal sum of **NINETY-ONE THOUSAND FIFTY-NINE AND 32/100 Dollars ($91,059.32),** with interest at 12% per annum, from the time of default, minus any payments previously made, together with the cost of confessing and entering of said judgment; and Maker further agrees that said attorney-in-fact may appear before you in your said office and confess judgment for reasonable attorneys' fees of not more than twenty percent (20%) of the principal and all interest then due under this Confession of Judgment Promissory Note.

WITNESS THE HAND AND SEAL OF THE UNDERSIGNED:

**MAKER:**

_____

**BRANDON SCOTT MORRIS**

COMMONWEALTH OF VIRGINIA
COUNTY OF HENRICO, to wit:

The foregoing instrument was acknowledged before me this _____ day of December, 2024 by BRANDON SCOTT MORRIS, Maker.

_____

Notary Public

_____

Printed Name of Notary Public

My Commission Expires: _____

My Registration Number is: _____

3

0065

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Monday, February 17, 2025 8:01 AM |
| **To:** | Scott Morris |
| **Subject:** | Response |

Scott –

You have sent me 5 email messages since 5:00 p.m. on Friday, one of which was sent impulsively as you accused me of omitting an important provision from an Order. I did not omit the provision.

1. I have not heard from Russ. I will send him a letter today.
2. I have not heard from Richmond again. I will send hm a letter today.
3. I have sent you many email messages since December 11, 2024 asking you to address your outstanding balance with my firm. This has not been addressed, yet you continue to ask me to do work on your behalf. Just as you do not expect to go to work but not get paid for your work, nor do I.

I will send the letters as I noted above. Otherwise, I am not able to file any new Motions in Court on your behalf unless and until you and I reach an agreement as to the payment of the outstanding balance owed to my firm in full.

Dawn B. DeBoer, Esq.

**║ DeBoerSouth**

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

1

**Dawn DeBoer**

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Tuesday, March 4, 2025 8:30 AM |
| **To:** | Scott Morris |
| **Subject:** | RE: Morris v Rennie |
| **Attachments:** | Watson 030425.pdf; Wollstein 030425.pdf |

Scott –

Attached please find copies of the letters to Russ and Richmond of today.

Per the Rules of the Supreme Court of Virginia, a lawyer cannot talk to, or have contact with, their opposing party if that opposing party is represented by counsel. You know this.

If I am still your lawyer, you cannot file a Show Cause on your own. I have made it clear to you that unless you and I have a written agreement as to exactly how and when your outstanding balance owed to DeBoerSouth will be paid, I am unable to file a Show Cause on your behalf. Show Cause Motions are entirely new matters as both Court cases are closed and ended and have been removed from the active docket.

Thus, if there is no definitive movement on these outstanding issues by Michelle and her parents by March 10, 2025, then you have the decision to make of reopening each case and filing a Show Cause Moton yourself and me no longer representing you (which involves a process of which I do not know that you have knowledge),or me filing after we have our agreement as noted above.

Many thanks.

Dawn B. DeBoer, Esq.

 **DeBoerSouth**

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Scott Morris <b.scottmorris@yahoo.com>
**Sent:** Monday, March 3, 2025 2:33 PM

1

To: Dawn DeBoer <DeBoer@DeboerSouth.com>
Subject: Fw: Morris v Rennie

Hi Dawn,

I just called Russ Watson's office again trying to get some kind of update on the partition case.  The receptionist told me that Russ had let her know that you told him that he could not talk to me?

Did you tell Russ not to talk to me?

I have emailed you a couple of times, and I just want to know what the status is?  I need to know if I need to try to file a show cause on my own, or are they working to resolve the outstanding items?

I have not heard back from Michelle in two weeks, and she will not communicate or work with me to finish this.

Please just respond to me and let me know if you are still working as my attorney?

Thanks

----- Forwarded Message -----
From: Scott Morris <b.scottmorris@yahoo.com>
To: "rwatson@gordondodson.com" <rwatson@gordondodson.com>
Sent: Monday, March 3, 2025 at 11:09:43 AM EST
Subject: Fwd: Morris v Rennie

Hi Russ,

Happy Monday. I'm just following up with you concerning the email that I sent you on February 25th, and a couple of messages that I left you last week at your office. I am looking forward to hearing from you.

Thanks
B. Scott Morris
Sent from my iPhone

Begin forwarded message:

> From: Scott Morris <b.scottmorris@yahoo.com>
> Date: February 25, 2025 at 12:31:29 PM EST
> To: rwatson@gordondodson.com
> Subject: Morris v Rennie

> Hi Russ,

> I hope this email find you well.  I am emailing hoping you can provide me some updates to the status of the partition case.  I have reached out to Michelle several times regarding status updates regarding the partition case, and every time I do she tells me to contact my attorney.  Russ I'm not sure if you are aware but my finances are very limited as I am supporting two households on my income which included 7 minor children.  I currently have a large outstanding bill/debt to my current attorney Dawn.  I am hoping to get this case resolved without incurring any additional attorney fees for myself or Michelle.  I am reaching out to you for a status update.  Per Judge Novey's order this was supposed to be completed by 01/15/2025, and today is 02/25/2025.  Resolving this case should not be a surprise to anyone as the agreement was reached in May 2024.  I haven't heard a reason for the delay, and Michelle will not let me know where they are in the process, or if they have a projected closing date, or really provide any update whatsoever besides contact my attorney.

> Could you please provide me a status update, and let me know if a mortgage has been applied for, if it is approved, if the appraisal has been completed, and is there a projected closing date.  Based on Michelle responses to my request for information I am worried they do not plan on following the order.  I have let

2

0068

her know several times that the delay continues to cost me money in interest on outstanding debt could be better spent on providing for our children.

I'm sorry for this email, but at this point I'm not sure what else to do.

Thanks
Brandon Scott Morris

0069



Dawn B. DeBoer
Direct: 804.533.7771   |   DeBoer@DeBoerSouth.com

## DeBoerSouth

1802 Bayberry Court, Suite 403   |   Richmond, VA 23226   |   Office: 804.533.7770   |   Fax: 804.285.0201

March 4, 2025

### *VIA FACSIMILE 804-748-3287 AND MAIL*
A Russell Watson, Esquire
Gordon, Dodson, Gordon & Rowlett
10303 Memory Lane, Suite 101
P.O. Box 130
Chesterfield, Virginia 23832

> **Re:** ***Brandon Scott Morris v. Michelle K. Morris, et. al.***
> **Case No.: CL23003191**

Dear Russ:

It has now been seven (7) weeks (49 days) past the 60th day from the November 15, 2024 entry date by Judge Novey of the Order in the partition suit. The Order required the payment of $52,635.86 from the Rennies and Michelle Morris for Mr. Morris' share of the equity by January 14, 2025. That amount has not been paid.

I understood you were receiving instructions from the mortgage company as to what they needed to finalize this transaction. I have not received this information from you. I need specific information as to the remaining steps to be taken, and a definitive timeframe of when the closing will occur, by **Monday, March 10, 2025.** Otherwise, we have no choice but to file a Show Cause Motion against the Rennies and Michelle Morris for their failure to abide by, and comply with, the Court Order, and request the appropriate relief and an award of attorneys' fees from Judge Noey.

I look forward to hearing from you. If you should have any questions at all, please do not hesitate to contact me.

Sincerely yours,

Dawn B. DeBoer

cc:     Brandon Scott Morris *(via email)*

0070



Dawn B. DeBoer
Direct: 804.533.7771  |  DeBoer@DeBoerSouth.com

## DeBoerSouth  1802 Bayberry Court, Suite 403  |  Richmond, VA 23226  |  Office: 804.533.7770  |  Fax: 804.285.0201

March 4, 2025

***VIA U.S. MAIL & FACSIMILE (804-520-6448)***
Richmond A. Wollstein, Esquire
105 Valley Road
Colonial Heights, VA 23834

     **Re:**   ***Michelle K. Morris v. Brandon Scott Morris***
           **Case Number: CL21003927**

Dear Richmond:

     I am following up on the still unresolved issues you and I have discussed. While Ms. Morris began to make some progress on the same day she met with you (January 29, 2025), she has not made substantial progress on the issues listed below since. Those issues are:

     Resolution of the tangible personal property items in the former marital residence. Mr. Morris has provided to Ms. Morris a list of his requested items to resolve this issue weeks ago, but she has not provided a substantive response;
     The transfer of the IRA funds to her account;
     Safe deposit box keys that are missing; and
     Co-parenting counseling (copy of the Court Order of May 24, 2024 ordering such on page 5 is attached).

     Please let me know if you will be representing Ms. Morris on these issues. Unless I receive some definitive information and movement on these remaining issues by Monday, March 10, 2025 we will be filing a Show Cause Motion against Ms. Morris and requesting an award of attorneys' fees against her.

     Thank you for your assistance in this matter. If you should have any questions at all, please do not hesitate to contact me.

                       Very truly yours

                       Dawn B. DeBoer

Enclosure
cc:   Brandon Scott Morris *(via email)*

0071

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**MICHELLE MORRIS,**                                                          **Plaintiff,**

**v.**                                              **Case No.: CL21003927**

**BRANDON S. MORRIS,**                                                       **Defendant.**

## CUSTODY AND VISITATION ORDER

CAME THIS DAY, the Plaintiff, Michelle Morris ("Mother"), by her counsel, M. Donette Williams, Esquire; the Defendant, Brandon S. Morris ("Father"), by his counsel, Dawn B. DeBoer, Esquire of DeBoerSouth; Guardian *ad litem*, Erika E. MacCormac, Esquire of Winslow, McCurry & MacCormac, PLLC; upon the Complaint for divorce filed by Plaintiff and the Answer and Counterclaim filed by Defendant, each requesting adjudication of matters concerning the custody and visitation of the parties' six (6) minor children; upon the Plaintiff's request for attorney's fees and costs; upon the Defendant's request for attorney's fees and costs; upon the testimony and evidence heard *ore tenus* on September 28, 2023 and September 29, 2023, as argued.

The Court ruling from the bench on September 29, 2023, said transcript of the ruling is incorporated herein, having heard testimony of both parties, their witnesses, and the evidence admitted, and applying the entirety of the factors of Section 20-124.3 of the Code of Virginia (1950), as amended.

It is ORDERED that the parties shall have joint legal custody of the minor children: Christian S. Morris; Ainsley K. Morris; Greyson J. Morris; Audrey S. Morris; Nolan R. Morris; and Ella R. Morris. Plaintiff, Michelle Morris, shall have primary physical custody.

**Page 1 of 6 Pages**

It is further ORDERED that Father shall be entitled to custodial time with the minor children as follows:

Father shall have every other weekend beginning Wednesday at 5:00 p.m. until Sunday at 6:00 p.m. Father shall pickup the children at 5:00 p.m. at Plaintiff's residence where the children participate in homeschool and return them to Plaintiff Sunday at 6:00 p.m. On Father's alternating weeks, Father shall have the children from Thursday at 5:00 p.m. until Friday at 8:00 a.m. Father shall be solely responsible for this transportation.

It is further ORDERED that Father shall be solely responsible for transporting the children for all additional visitation periods identified in this order.

During the summer months and school breaks, and during the time any of the children attend a traditional school versus a homeschool arrangement, Defendant shall have sole responsibility of the children during his entire visitation period, transporting the children to their respective school and sports and extracurricular obligation and activities.

Summer:  Mother and Father shall each have three (3) non-consecutive weeks (a week being defined as seven days) with the children during the summer break according to the Chesterfield County Public School calendar. In even years, Father shall have first pick and shall provide notice of his chosen weeks to Mother no later than May 1st of each even year, and Mother shall provide notice of her chosen weeks to Father no later than May 15. In odd years, Mother shall have first pick and shall provide notice of her chosen weeks to Father no later than May 1st of each odd year and Father shall provide notice of his chosen weeks to Mother no later than May 15.

With respect to specific holiday custodial time, the Court herein ORDERS as follows:

Mother's Day: The children shall be with Plaintiff every Mother's Day weekend from Friday at 5:00 p.m. until Monday at 9:00 a.m.

**Page 2 of 6 Pages**

Father's Day:  The children shall be with Father every Father's Day weekend from Friday at 5:00 p.m. until Monday at 9:00 a.m.

Memorial Day weekend:  The parties shall alternate this holiday. In odd years, Father shall have the Memorial Day weekend until 5:00 p.m. on Memorial Day, regular visitation commencing thereafter. In even years, Mother shall have Memorial Day weekend until 5:00 p.m., regular visitation commencing thereafter.

Spring Break:  The Court notes that the children are not in a traditional public-school setting, however, if the home-school program calls for Spring Break, the parties shall alternate the spring break period with Mother having even years, and Father having odd years.

Labor Day weekend:  The parties shall alternate this holiday. In even years, Father shall have the Labor Day weekend until 5:00 p.m. on Labor Day, regular visitation commencing thereafter. In odd years, Mother shall have Labor Day weekend until 5:00 p.m. on Labor Day, regular visitation commencing thereafter.

Christmas Eve and Christmas Day:  In odd years, the Father shall have the children from December 24th at 1:00 p.m. until December 25th at 1:00 p.m., Mother shall have the children from December 25th at 1:00 p.m. until December 26th at 1:00 p.m. In even years, the Mother shall have the children from December 24th at 1:00 p.m. until December 25th at 1:00 p.m. The total number of other days constituting the children's break from school shall be equally divided between the parties, with the parties keeping the routine weekend schedule in place as much as possible. The parties shall agree upon this schedule by November 1 of each year.

Thanksgiving:  In odd years, the Mother shall have the children the Wednesday before Thanksgiving from 1:00 p.m. until Thanksgiving Day at 1:00 p.m. In even years, the Father shall

**Page 3 of 6 Pages**

have the children the Wednesday before Thanksgiving from 1:00 p.m. until Thanksgiving Day at 1:00 p.m.

Childrens Birthdays: The party who does not have visitation scheduled on the birthday of one of the children shall be entitled to a dinner visit with the child who had the birthday within five (5) days of the child's birthday, either prior to or after the child's birthday.

The parties have the ability to arrange for additional parenting time, or changes in parenting times, however, said agreement must be agreed to by both partes in writing (writing to include text message/email).

The children shall have liberal Facetime or telephone calls with the other parent. Father shall initiate the communication with the children when the children are with Mother. Father will send a text message to Mother regarding communication, and Mother will respond within a reasonable time (10 minutes).

Neither party shall have any overnight guests with whom they share a romantic relationship/partnership in the same residence/unit with the children during each party's respective custodial periods.

Neither party shall disparage the other party in front or within ear shot of the minor children. The parties shall not allow third parties to disparage the other party in front of or within ear shot of the minor children.

Neither party shall harass, molest, or restrain the liberty of the other.

ORDERED that the minor children participate in an education assessment through Chesterfield County (Cosby District), free to the public, to ascertain the minor children's grade school levels. The parties shall work with the Guardian *ad litem* to secure dates and times for testing the minor children that are currently participating in school academics within ninety (90)

**Page 4 of 6 Pages**

0075

(JBW)

days. If there is no educational assessment free to the public, Father will secure a private

educational assessment at his sole and separate cost for each child. The Court Orders the parties enroll all of the minor children, except Ella, into Chesterfield County Public School Summer School Program for 2024.

It is further ORDERED that co-parenting counseling between the parties shall be coordinated between the parties and the Guardian *ad litem.*

It is further ORDERED that Plaintiff shall be responsible for twenty percent (20%) of the total Guardian *ad litem* fee, and the Father shall be responsible for eighty percent (80%) of the total Guardian *ad litem* fee, such to be paid directly to the Guardian *ad litem* within thirty (30) days of the date of the entry of this Order.

The Court finds that an award of attorney's fees and costs to the Plaintiff is supported by the circumstances of the parties and equities regarding the custody and visitation matters, and hereby ORDERS that the Defendant must submit attorney's fees to M. Donnette Williams in the amount of $10,000.00. Said payment shall be delivered to M. Donette Williams LLC, 21427 Hull Street Road, Post Office Box 85, Moseley, Virginia 23120 by May 1, 2024.

It is further ORDERED that Defendant's request for attorney's fees and costs is denied.

Pursuant to Virginia Code Section 20-124.6, neither parent may be denied access to the health or academic records of the minor children.

Pursuant to Virginia Code Section 20-124.5, either parent intending to relocate shall provide to the Court and to the other parent thirty (30) days' advance notice, in writing, of the intended change of address.

The cause herein remains on the docket.

ENTERED 05 / 24 / 24

_____
Judge

**Page 5 of 6 Pages**

0076

I Ask for This:

M. Donette Williams, Esquire VSB No.: 93998
M. Donette Williams LLC
21427 Hull Street Road
Post Office Box 85
Moseley, Virginia 23120
Telephone: (804) 921-6910
Telecopier:
donette@mdonettewilliams.com
*Counsel for Plaintiff*

SEEN and OBJECTED TO FOR THE FOLLOWING REASONS: Husband should have received the parenting time schedule as he requested and as the guardian *ad litem* for the children specifically recommended; Husband should not have been ordered to pay an additional amount of attorneys' fees as he primarily prevailed on the issues of custody, visitation and on his Motions filed regarding the children that Wife objected to.

Dawn B. DeBoer, Esquire VSB No.:26551
DeBoerSouth
1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
Telephone: (804)
Telecopier: (804)
DeBoer@DeboerSouth.com
*Counsel for Defendant*

SEEN and _____ :

Erika E. MacCormac, Esquire VSB No.:83864
Winslow, McCurry & MacCormac, PLLC
1324 Sycamore Square
Midlothian, Virginia 23113
Telephone: (804) 423-1382
Telecopier: (804) 423-1383
erika@wmmlegal.com
Guardian *ad litem*

**Page 6 of 6 Pages**

0077

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Tuesday, March 11, 2025 12:21 PM |
| **To:** | Scott Morris |
| **Subject:** | Termination |
| **Attachments:** | Client 031125 termination.pdf |

Please see attached

Dawn B. DeBoer, Esq.

### ⦀ DeBoerSouth

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

1

0078



Dawn B. DeBoer
Direct: 804.533.7771  |  DeBoer@DeBoerSouth.com

**DeBoerSouth**   1802 Bayberry Court, Suite 403  |  Richmond, VA 23226  |  Office: 804.533.7770  |  Fax: 804.285.0201

March 11, 2025

**_VIA EMAIL AND U.S. MAIL_**
Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

     Re:    _Michelle K. Morris v. Brandon Scott Morris_
           Case No.: CL21003927
           _Brandon Scott Morris v. Michelle K. Morris, et. al._
           Case No.: CL23003191-00

Dear Scott:

    This letter acknowledges that I am no longer representing you in any matter. The two cases above are closed, ended and removed from the court's docket. I have been continuing to assist you with the remaining unresolved issues, but I am no longer able or willing to do so.

    I have not received a response from Richmond Wollestein.

    I wish you all the best in the future.

                    Very truly yours,

                    Dawn B. DeBoer

DBD/drh

0079

## Dawn DeBoer

| | |
|---|---|
| **From:** | Dawn DeBoer |
| **Sent:** | Tuesday, May 27, 2025 8:31 AM |
| **To:** | Scott Morris |
| **Subject:** | RE: Billing Errors/ Questions from your submitted Attorney's Fees and Cost sheet from court on 03/26/2025 |
| **Attachments:** | Payments.pdf; Appraisal invoices.pdf; Process Service and delivery.pdf; 3-7 NOH 060425.pdf; NOH partition 060425.pdf |

There are no billing errors. I have answered your questions below in the brackets "[]" and with the attached. Please also find the attached Notices of Hearing for June 4, 2025 at 10:00 a.m.

Dawn B. DeBoer, Esq.

1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
(804) 533-7770
(804) 533-7771 (Direct Dial)
(804) 285-0201 (Fax)
DeBoer@DeBoerSouth.com
DeBoerSouth.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

-----Original Message-----
From: Scott Morris <b.scottmorris@yahoo.com>
Sent: Sunday, March 30, 2025 7:53 PM
To: Dawn DeBoer <DeBoer@DeboerSouth.com>
Subject: Billing Errors/ Questions from your submitted Attorney's Fees and Cost sheet from court on 03/26/2025

Hi Dawn,

I was reviewing the bills and the balance you provided to Judge Novey and have a couple of questions.

1." The Attorney's Fee and cost incurred by Brandon Scott Morris" sheet you submitted states that I have paid your firm to date as of 03/25/2025 $25,210.06. [This is the amount paid that was applied to fees, not costs.]

My records, and your bills show something different.

Your bills show credits as follows: [These two payments you list are correct] 1. 02/18/2022 of $25,000 2. 07/05/2023 of $3,000

My retainer refund from Erika was sent to you on 1/8/2025 for I believe $1,500. Did you receive this, and if so did you deposit it? [It has been deposited and applied to your account; the amount was $1,449.54. Payment confirmation attached.]

1

That would make total paid to date $29,500. [The total paid is $29,449.54]

Can you please explain this difference. [Payments are reflected on the attached. The $25,210.06 is what was applied to fees, not out-of-pocket costs]

Also, I see you changed me $1,200 for appraisals. I can only find billings for $550. Can you please send me the appraisal invoices that equal $1,200. [The invoices are attached]

Lastly, on the 10/8/23 invoice there are several changes:

09/10/2023 $37.54 for delivery services
10/1/2023   $116.10 for delivery services
10/1/2023    $519.15 for delivery service
10/1/2023    $168.00 for delivery services

Can you please send me these invoices you paid.  [The invoices are attached. Some are delivery charges; some are service of process charges for the initiation of the partition suit and service on all defendants.]

This is not a full list of billing questions, but I believe it's a good start.


Thanks
B. Scott Morris

Sent from my iPhone

2

0081

## Trust Account Balance

| Date | Item | Amount | Balance |
|------|------|--------|---------|
| 2/18/2022 | Payment P-4495 | $25,000.00 | $25,000.00 |
| 3/1/2022 | Transfer P-4530 <br> Transfer to Operating Account | $-810.00 | $24,190.00 |
| 3/29/2022 | Transfer P-4647 <br> Transfer to Operating Account | $-2,174.14 | $22,015.86 |
| 5/3/2022 | Transfer P-4849 <br> Transfer to Operating Account | $-5,805.00 | $16,210.86 |
| 5/30/2022 | Transfer P-4943 <br> Transfer to Operating Account | $-2,160.56 | $14,050.30 |
| 7/4/2022 | Transfer P-5126 <br> Transfer to Operating Account | $-1,749.64 | $12,300.66 |
| 9/29/2022 | Transfer P-5454 <br> Transfer to Operating Account | $-1,462.50 | $10,838.16 |
| 11/20/2022 | Transfer P-5710 <br> Transfer to Operating Account | $-585.00 | $10,253.16 |
| 12/19/2022 | Transfer P-5881 <br> Transfer to Operating Account | $-1,957.50 | $8,295.66 |
| 1/24/2023 | Transfer P-6075 <br> Transfer to Operating Account | $-67.50 | $8,228.16 |
| 2/28/2023 | Transfer P-6243 <br> Transfer to Operating Account | $-506.20 | $7,721.96 |
| 3/26/2023 | Transfer P-6405 <br> Transfer to Operating Account | $-1,545.00 | $6,176.96 |
| 5/1/2023 | Transfer P-6591 <br> Transfer to Operating Account | $-990.00 | $5,186.96 |
| 6/13/2023 | Transfer P-6747 <br> Transfer to Operating Account | $-1,635.00 | $3,551.96 |
| 7/5/2023 | Payment P-6850 | $3,000.00 | $6,551.96 |
| 7/25/2023 | Transfer P-6919 <br> Transfer to Operating Account | $-2,872.54 | $3,679.42 |
| 8/29/2023 | Transfer P-7076 <br> Transfer to Operating Account | $-285.00 | $3,394.42 |
| 10/8/2023 | Transfer P-7184 <br> Transfer to Operating Account | $-2,004.79 | $1,389.63 |
| 10/24/2023 | Transfer P-7252 <br> Transfer to Operating Account | $-1,389.63 | $0.00 |
| **3/21/2025** | **Current Balance** | | **$0.00** |

0082

Case# : CL23 A10007330    Exh #: A+b
Case# : CL21-292     Exh #: 3
Judge: Novey        Date: 3/16/2c

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

MICHELLE K. MORRIS,                                          Plaintiff,

Case No.: CL21003927-00

BRANDON SCOTT MORRIS,                                   Defendant.

## ATTORNEY'S FEE AND COSTS INCURRED BY BRANDON SCOTT MORRIS

| Invoice Date | Fees & Costs |
| --- | --- |
| March 1, 2022 | $810.00 |
| March 29, 2022 | $2,174.14 |
| May 3, 2022 | $5,805.00 |
| June 1, 2022 | $2,160.56 |
| July 5, 2022 | $1,749.64 |
| September 29, 2022 | $1,462.50 |
| November 21, 2022 | $585.00 |
| December 19, 2022 | $1,957.50 |
| January 25, 2023 | $67.50 |
| March 1, 2023 | $506.20 |
| March 26, 2023 | $1,545.00 |
| May 1, 2023 | $990.00 |
| June 13, 2023 | $1,635.00 |
| July 26, 2023 | $2,872.54 |

1

0083

| | |
|---|---|
| August 29, 2023 | $285.00 |
| October 8, 2023 | $2,004.79 |
| October 25, 2023 | $37,619.82 |
| November 27, 2023 | $2,644.25 |
| January 22, 2024 | $396.40 |
| February 26, 2024 | $5,317.88 |
| March 25, 2024 | $1,133.45 |
| April 29, 2024 | $1,350.00 |
| May 24, 2024 | $13,947.54 |
| June 24, 2024 | $13,333.00 |
| August 25, 2024 | $11,589.06 |
| September 23, 2024 | $991.60 |
| October 29, 2024 | $1,345.74 |
| November 25, 2024 | $200.76 |
| December 23, 2024 | $93.34 |
| January 27, 2025 | $181.78 |
| February 28, 2025 | $135.00 |
| Appraisals | $1,200.00 |

**Total Attorney Fees & Costs:** $119,791.80

**Paid To-Date:** $25,210.06 *toward fees, not costs*

**Total Outstanding 3/25/25:** $94,581.74

2

 **Brandon Scott Morris** | **Divorce** | **Contact Payment - P-9933**   ✏ 🗑 ⊕

## LINKED TO

CONTACT

Brandon Scott Morris

MATTER

Divorce

## PAYMENT DETAILS

BANK ACCOUNT

Operating Account

DATE

5/26/2025

AMOUNT (USD)

$1449.54

PAYMENT METHOD

Check

NOTES

Check #6966 from Winslow & McCurry PLLC IOLTA Trust Account

## LINKED INVOICES

0085

| INVOICE | OPEN BALANCE | PAYMENT | APPLIED DATE |
|---------|--------------|---------|--------------|
| Invoice I-5099 | 38,791.77 | 1,449.54 | 5/26/2025 |
| | $38,791.77 USD | $1,449.54 USD | |

| INVOICES PAID (USD) | $1,449.54 |
|---------------------|-----------|

0086

WINSLOW & MCCURRY PLLC
IOLTA TRUST ACCOUNT
1824 SYCAMORE SQ
STE 2020
MIDLOTHIAN, VA 23113-4568

6966

DATE 1/7/25

PAY TO THE
ORDER OF   DeBoer South, PLLC                            $ 1,449.54

One Thousand Four Hundred Forty Nine 54/100 —          DOLLARS

MEMO  B. Mems Retainer Refund

Main Street   Traditional Pink

# MGMiller
**VALUATIONS**

# Invoice

| Date | Invoice # |
|---|---|
| 5/11/2023 | 2305-069 |

MGMILLER Valuations Richmond Residential, LLC
P.O. Box 8667
Richmond, VA  23226

**PAID 05/12/2023**

| Bill To | Ship To |
|---|---|
| DEBOERSOUTH PLLC<br>1802 BAYBERRY CT STE 403<br>RICHMOND VA 23226-3773 | DEBOERSOUTH PLLC<br>1802 BAYBERRY CT STE 403<br>RICHMOND VA 23226-3773 |

| Appraiser | Ship Date | Ship Via | INVOICE DATE: | JOB AMOUNT: |
|---|---|---|---|---|
| AJU | 5/11/2023 | Emailed | 05/11/23 | 800.00 |

| Description | Amount |
|---|---|
| Morris - Two Reports | 800.00 |

| BORROWER: | |
|---|---|
| STREET ADDRESS: | 16919 Jennway Ter |
| CITY, STATE, ZIP: | Moseley, VA 23120 |

Thank you for your business!

Payments not received within 30 days may be subject to a 2% late fee that will accrue monthly.

Tax ID# 36-4621675

***Please make checks payable to MGMiller Valuations***

| Total | $800.00 |
|---|---|
| Payments/Credits | -$800.00 |
| **Balance Due** | $0.00 |

| Phone # | Fax # | Web Site |
|---|---|---|
| (804) 288-9583 | (804) 288-3355 | www.mgmiller.com |

0088

AJ Appraisal Services, LLC

PO Box 601
Midlothian, VA 23113

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/6/2024 | 2024-05010 |

| Bill To | Ship To |
|---------|---------|
| Dawn DeBoer DeBoerSouth<br>1802 Bayberry Court<br>Suite 403<br>Richmond, VA 23226 | DeBoerSouth<br>1802 Bayberry Court<br>Suite 403<br>Richmond, VA 23226<br>Attn Cathy Mann |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 5/6/2024 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Consulting | 16919 Jennway Ter Rental Estimate | 250.00 | 250.00 |

Thank you for this opportunity The report is complete and ready for delivery once payment is received

**Total** $250.00

0089

AJ Appraisal Services, LLC

PO Box 601
Midlothian, VA 23113

# Invoice

| Date | Invoice # |
|---|---|
| 5/8/2024 | T2024-0501 |

| Bill To | Ship To |
|---|---|
| DeBoerSouth<br>1802 Bayberry Court<br>Suite 403<br>Richmond, VA 23226 | DeBoerSouth<br>1802 Bayberry Court<br>Suite 403<br>Richmond, VA 23226<br>Attn Cathy Mann |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| | Due on receipt | | 5/8/2024 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | Trip Fee | Appearance in Chesterfield Court - Rennie | 150.00 | 150.00 |

Thank you for this opportunity

**Total** $150.00

0090


**Courier One**

| 7770 |
| --- |
| 49095 |
| 6/18/2023 |

References                 MORRIS
On Demand

| Date Ready Order Type Deliver Date | Order ID Caller | Origin | Destination | References Billing Group |
| --- | --- | --- | --- | --- |
| 6/16/2023 9:34 AM Routine 6/16/2023 11:54 AM | 467376 Dawn | DeBoer South 1802 Bayberry Ct Ste 403 Richmond VA 23226 | Chesterfield Cir Court 9500 Courthouse Rd Chesterfield VA 23832 Routine          $37.54 | MORRIS |
| POD: | | | Order Total:          $37.54 | |

On Demand Totals:          $37.54

References - MORRIS Total:          $37.54

We appreciate your business!

 **Courier One**

| Customer Number | |
|---|---|
| 7770 | |
| Invoice Number | |
| 50892 | |
| Invoice Date | |
| 9/24/2023 | |

References MORRIS
On Demand

| Date Ready Order Type Deliver Date | Order ID Caller | Origin | Destination | | References Billing Group |
|---|---|---|---|---|---|
| 9/15/2023 2:46 PM Routine 9/15/2023 4:51 PM | 474603 Heather | DeBoer South 1802 Bayberry Ct Ste 403 Richmond VA 23226 | James Goff 10310 Memory Ln 2c Chesterfield VA 23832 Routine | $41.02 | MORRIS |
| POD: James G. | | | Order Total: | $41.02 | |
| 9/19/2023 1:50 PM Routine 9/19/2023 2:53 PM | 474841 Dawn | DeBoer South 1802 Bayberry Ct Ste 403 Richmond VA 23226 | Chesterfield Cir Court 9500 Courthouse Rd Chesterfield VA 23832 Routine | $37.54 | MORRIS |
| POD: Alvarenga | | | Order Total: | $37.54 | |
| 9/22/2023 1:53 PM Routine 9/22/2023 4:19 PM | 475194 Dawn | DeBoer South 1802 Bayberry Ct Ste 403 Richmond VA 23226 | Chesterfield Cir Court 9500 Courthouse Rd Chesterfield VA 23832 Routine | $37.54 | MORRIS |
| POD: | | | Order Total: | $37.54 | |

On Demand Totals: $116.10

References - MORRIS Total: $116.10


**Courier One**

| Customer Number | |
|---|---|
| 7770 | |
| Invoice Number | |
| 50600 | |
| Invoice Date | |
| 9/10/2023 | |

References            MORRIS
On Demand

| Date Ready / Order Type / Deliver Date | Order ID / Caller | Origin | Destination | | References / Billing Group |
|---|---|---|---|---|---|
| 9/1/2023 10:45 AM Same Day 9/1/2023 4:34 PM | 473485 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Michelle Morris 16919 Jennway Terrace Moseley VA 23120 Same Day | $60.00 | MORRIS |
| POD: | | | Order Total: | $60.00 | |
| 9/1/2023 10:46 AM Same Day 9/1/2023 4:35 PM | 473486 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Michael Rennie 16919 Jennway Terrace Moseley VA 23120 Same Day | $30.00 | MORRIS |
| POD: | | | Order Total: | $30.00 | |
| 9/1/2023 10:46 AM Same Day 9/1/2023 4:35 PM | 473487 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Fabienne Rennie 16919 Jennway Terrace Moseley VA 23120 Same Day | $30.00 | MORRIS |
| POD: | | | Order Total: | $30.00 | |
| 9/1/2023 10:46 AM Same Day 9/1/2023 5:11 PM | 473488 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Samuel I White Pc 448 Viking Dr Virginia Beach VA 23452 Same Day | $219.15 | MORRIS |
| POD: | | | Order Total: | $219.15 | |
| 9/1/2023 10:47 AM Same Day 9/1/2023 1:59 PM | 473489 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Mortgage Electronic Systems - F 4701 Cox Rd Ste 285 Glen Allen VA 23060 Same Day | $60.00 | MORRIS |
| POD:    Del | | | Order Total: | $60.00 | |
| 9/1/2023 10:47 AM Same Day 9/1/2023 1:05 PM | 473490 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Amerisave - R.A. 100 Shockoe Slip 2nd Floor Richmond VA 23219 Same Day | $60.00 | MORRIS |
| POD: | | | Order Total: | $60.00 | |
| 9/1/2023 10:47 AM Same Day 9/1/2023 1:05 PM | 473491 Heather | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Pnc Financial Services - R.A. 100 Shockoe Slip 2nd Floor Richmond VA 23219 Same Day | $60.00 | MORRIS |
| POD: | | | Order Total: | $60.00 | |

On Demand Totals:          $519.15

References - MORRIS Total:          $519.15

We appreciate your business!

0093

 **Courier One**

# Invoice

| Customer Number | |
|---|---|
| 1077 | |
| Invoice Number | |
| 50837 | |
| Invoice Date | |
| 9/24/2023 | |
| Invoice Period | |
| 9/18/2023-9/24/2023 | |
| Invoice Amount | |
| $168.00 | |

Courier One
1011 E Main St
Ste LL55
Richmond, VA 23219
PH: 804-775-2100
FX: 877-654-8520

Courier One
1011 E Main St
Ste LL55
Richmond, VA 23219

Deboer South
1802 Bayberry Ct Ste 403
Richmond VA 23226

---

Please detach here and return this portion with your remittance check

 **Courier One**

 **Payment Due Net 30**

| Customer Number | Invoice Date |
|---|---|
| 1077 | 9/24/2023 |
| Invoice Number | Invoice Amount |
| 50837 | $168.00 |

Courier One
1011 E Main St
Ste LL55
Richmond, VA 23219
PH: 804-775-2100
FX: 877-654-8520

## On Demand

| Date Ready Order Type Deliver Date | Order ID Caller | Origin | Destination | | References Billing Group |
|---|---|---|---|---|---|
| 9/20/2023 11:11 AM Standard 9/22/2023 11:16 AM | 474916 Dawn | Courier One Process Servers 1011 E Main St Ste LL55 Richmond VA 23219 | Michelle Morris 16919 Jennway Terrace Moseley VA 23120 Standard | $28.00 | MORRIS |
| POD: | | | Order Total: | $28.00 | |
| 9/20/2023 11:11 AM Standard 9/22/2023 11:16 AM | 474917 Dawn | Courier One Process Servers 1011 E Main St Ste LL55 Richmond VA 23219 | Michael Rennie 16919 Jennway Terrace Moseley VA 23120 Standard | $28.00 | MORRIS |
| POD: | | | Order Total: | $28.00 | |
| 9/20/2023 11:11 AM Standard 9/22/2023 11:16 AM | 474918 Dawn | Courier One Process Servers 1011 E Main St Ste LL55 Richmond VA 23219 | Fabienne Rennie 16919 Jennway Terrace Moseley VA 23120 Standard | $28.00 | MORRIS |
| POD: | | | Order Total: | $28.00 | |
| 9/20/2023 11:13 AM Standard 9/22/2023 11:05 AM | 474920 Dawn | Courier One Process Servers 1011 E Main St Ste LL55 Richmond VA 23219 | Mortgage Electronic Systems - F 4701 Cox Rd Ste 285 Glen Allen VA 23060 Standard | $28.00 | MORRIS |
| POD: | | | Order Total: | $28.00 | |
| 9/20/2023 11:13 AM Standard 9/22/2023 11:20 AM | 474921 Dawn | Courier One Process Servers 1011 E Main St Ste LL55 Richmond VA 23219 | Amerisave - R.A. 100 Shockoe Slip 2nd Floor Richmond VA 23219 Standard | $28.00 | MORRIS |
| POD: | | | Order Total: | $28.00 | |

We appreciate your business!                          Page   1            of   2

0094


**Courier One**

| Customer Number |
|---|
| 1077 |
| Invoice Number |
| 50837 |
| Invoice Date |
| 9/24/2023 |

Courier One
1011 E Main St

## On Demand

| Date Ready Order Type Deliver Date | Order ID Caller | Origin | Destination | References Billing Group |
|---|---|---|---|---|
| 9/20/2023 11:13 AM Standard 9/22/2023 11:20 AM | 474922 Dawn | Courier One Process Servers 1011 E Main St Ste LI55 Richmond VA 23219 | Pnc Financial Services - R.A. 100 Shockoe Slip 2nd Floor Richmond VA 23219 | MORRIS |

Standard                     $28.00

POD:

Order Total:           $28.00

On Demand Totals:        $168.00

Customer Total:        $168.00

0095

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

MICHELLE K. MORRIS,                                        Plaintiff,

v.                                        Case No.: CL21003927

BRANDON SCOTT MORRIS,                                        Defendant.

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on **June 4, 2025 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned, on behalf of DeBoerSouth, PLLC, will appear before this Honorable Court at the **1917 Historic Courthouse located at 10011 Iron Bridge Road, Chesterfield, VA 23832** and request entry of an order granting payment to DeBoerSouth, PLLC the amount of **$52,635.86** currently being held by the Clerk in these matters, having been received by the Clerk on April 28, 2025, pursuant to the Order entered March 26, 2025 and attached hereto, and request any such other relief as this Court deems just and proper.

_____
DeBoerSouth, PLLC

Dawn B. DeBoer, Esquire (VSB # 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, VA 23226
(804) 533-7770
(804) 285-0201 (facsimile)
Email: *deboer@deboersouth.com*

0096

## CERTIFICATE

I hereby certify that a true and exact copy of the foregoing Notice of Hearing was sent via email, first class mail, postage prepaid, and service of process to Brandon Scott Morris, 13836 Randolph Pond Lane, Midlothian, VA 23114, Defendant, this 27th day of May, 2025.

_____
Dawn B. DeBoer

2

0097

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

MICHELLE K. MORRIS,                                                        Plaintiff,

v.                                    Case No.: CL21003927

BRANDON SCOTT MORRIS,                                          Defendant.

### ORDER

Came this day the Plaintiff, in person; DeBoerSouh, PLLC; and the defendant, in person; upon the Notice of the Charging Lien filed herein by Dawn B. DeBoer, Esquire on behalf of DeBoerSouth, PLLC.

UPON CONSIDERATION THEREOF and no objection having been filed in response to said Notice, it is hereby ORDERED as follows:

1. That DeBoerSouth, PLLC's claim of an Attorney's Charging Lien in the amount of $79,000 is GRANTED.

2. That DeBoerSouth, PLLC's claim of an ongoing Attorney's Charging Lien for any and all additional fees and costs incurred, as well as for any delinquency charges, which may accrue in the future pursuant to the Fee and Retainer Agreement by and between the Defendant and DeBoerSouth, PLLC is GRANTED.

3. The Clerk is hereby directed that upon receipt of the $52,635.86 under *the issue shall be further adjudicated by the Court or* Case No. CL23-3191 ~~said sums are paid directly to DeBoerSouth, PLLC.~~ *by payment.*

0098

4.    That the Clerk of Court shall docket the foregoing lien in the Court's Judgment Book and provide counsel and the Defendant with a certified copy of this Order upon entry.

And this matter remains on the pending docket of this Cour for further proceedings.

ENTER: 03/26/2025

_____
JUDGE

I ASK FOR THIS:

A COPY TESTE:
AMANDA L. POHL, CLERK

BY: _____
DEPUTY CLERK

_____
Dawn B. DeBoer, Esquire (VSB # 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, VA 23226
(804) 533-7770
(804) 285-0201 (facsimile)
Email: DeBoer@DeBoerSouth.com

_____
Brandon Scott Morris
Defendant, *pro se*

2

INSTRUMENT # 250804064
RECORDED CHESTERFIELD CIRCUIT COURT CLERK'S OFFICE
Mar 27, 2025  AT  03:13 pm
AMANDA L. POHL, CLERK by M.U

BOOK 00542  PAGE 0644 - 00645

0099

Case 26-03006-KLP   Doc 9   Filed 07/14/26   Entered 07/14/26 17:14:58   Desc Main
Document    Page 232 of 255

COURT ADDRESS:
P.O. BOX 125
CHESTERFIELD, VA 23832
PHONE # :804-748-1241



**OFFICIAL RECEIPT**
CHESTERFIELD CIRCUIT COURT
CIVIL

| | | |
|---|---|---|
| **DATE :** 04/28/2025 | **TIME :** 15:37:08 | **CASE # :** 041CL2300319101 |
| **RECEIPT # :** 25000008600 | **TRANSACTION # :** 25042800087 | |
| **CASHIER :** EFB | **REGISTER # :** I075 | **FILING TYPE :** REIN    **PAYMENT :** FULL PAYMENT |

**CASE COMMENTS :** MORRIS, BRANDON SCOTT v. MORRIS, MICHELLE K
**SUIT AMOUNT :** $0.00
**ACCOUNT OF :** MORRIS, BRANDON SCOTT
**PAID BY :** RADIAN SETTLEMENT SERVICES
**CHECK :** $52,635.86
**DESCRIPTION 1 :** REIN:REINSTATEMENT - GENERAL
**2 :** PLAINTIFF: MORRIS, BRANDON SCOTT
**3 :** NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 522 | CIVIL DEPOSIT | $52,635.86 |

**TENDERED : $**   52,635.86
**AMOUNT PAID : $**   52,635.86

*CLERK OF COURT : AMANDA L. POHL*

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

BRANDON SCOTT MORRIS,                                                    Plaintiff,

v.                                    Case No.: CL23003191

MICHELLE K. MORRIS,

MICHAEL J. RENNIE ,                                              Defendants.

FABIENNE J. RENNIE, ET. AL.

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on June 4, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, on behalf of DeBoerSouth, PLLC, will appear before this Honorable Court at the **1917 Historic Courthouse located at 10011 Iron Bridge Road, Chesterfield, VA 23832** and request entry of an order granting payment to DeBoerSouth, PLLC the amount of $52,635.86 currently being held by the Clerk in these matters, having been received by the Clerk on April 28, 2025, pursuant to the Order entered March 26, 2025 and attached hereto, and request any such other relief as this Court deems just and proper.

_____
DeBoerSouth, PLLC

0101

Dawn B. DeBoer, Esquire (VSB # 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, VA 23226
(804) 533-7770
(804) 285-0201 (facsimile)
Email: *deboer@deboersouth.com*

## CERTIFICATE

I hereby certify that a true and exact copy of the foregoing Notice of Hearing was sent via email, first class mail, postage prepaid, and service of process to Brandon Scott Morris, 13836 Randolph Pond Lane, Midlothian, VA 23114, Plaintiff, this 27th day of May, 2025.

_____
Dawn B. DeBoer

2

0102

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD**

MICHELLE K. MORRIS,                                              Plaintiff,

v.                                   Case No.: CL21003927

BRANDON SCOTT MORRIS,                                    Defendant.

### ORDER

Came this day the Plaintiff, in person; DeBoerSouh, PLLC; and the defendant,

in person; upon the Notice of the Charging Lien filed herein by Dawn B. DeBoer,

Esquire on behalf of DeBoerSouth, PLLC.

UPON CONSIDERATION THEREOF and no objection having been filed

in response to said Notice, it is hereby ORDERED as follows:

1.     That DeBoerSouth, PLLC's claim of an Attorney's Charging Lien in the

amount of $79,000 is GRANTED.

2.     That DeBoerSouth, PLLC's claim of an ongoing Attorney's Charging

Lien for any and all additional fees and costs incurred, as well as for any delinquency

charges, which may accrue in the future pursuant to the Fee and Retainer Agreement

by and between the Defendant and DeBoerSouth, PLLC is GRANTED.

3.     The Clerk is hereby directed that upon receipt of the $52,635.86 under

*The issue shall be further adjudicated by the Court or*
Case No. CL23-3191 ~~said sums are paid directly to DeBoerSouth, PLLC.~~ *by payment.*

0103

4.      That the Clerk of Court shall docket the foregoing lien in the Court's

Judgment Book and provide counsel and the Defendant with a certified copy of this

Order upon entry.

And this matter remains on the pending docket of this Cour for further

proceedings.

ENTER: 03/26/2025

_____
JUDGE

I ASK FOR THIS:

_____
Dawn B. DeBoer, Esquire (VSB # 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, VA 23226
(804) 533-7770
(804) 285-0201 (facsimile)
Email: DeBoer@DeBoerSouth.com

_____
Brandon Scott Morris
Defendant, *pro se*

A COPY TESTE:
AMANDA L. POHL, CLERK

BY: _____
DEPUTY CLERK

2

INSTRUMENT # 250004064
RECORDED CHESTERFIELD CIRCUIT COURT CLERK'S OFFICE
Mar 27, 2025   AT  03:13 pm
AMANDA L. POHL, CLERK by MJJ

BOOK 00542   PAGE 0644 - 00645

0104

COURT ADDRESS:
P.O. BOX 125
CHESTERFIELD, VA 23832
PHONE # :804-748-1241



**OFFICIAL RECEIPT**
**CHESTERFIELD CIRCUIT COURT**
**CIVIL**

DATE : 04/28/2025    TIME : 15:37:08    CASE # : 041CL2300319101

RECEIPT # : 25000008600    TRANSACTION # : 25042800087

CASHIER : EFB    REGISTER # : I075    FILING TYPE : REIN    PAYMENT : FULL PAYMENT

CASE COMMENTS : MORRIS, BRANDON SCOTT v. MORRIS, MICHELLE K

SUIT AMOUNT : $0.00

ACCOUNT OF : MORRIS, BRANDON SCOTT

PAID BY : RADIAN SETTLEMENT SERVICES

CHECK : $52,635.86

DESCRIPTION 1 : REIN:REINSTATEMENT - GENERAL

2 : PLAINTIFF: MORRIS, BRANDON SCOTT

3 : NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 522 | CIVIL DEPOSIT | $52,635.86 |

TENDERED : $    52,635.86

AMOUNT PAID : $    52,635.86

**CLERK OF COURT : AMANDA L. POHL**

**EXHIBIT D**

21

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| IN RE: <br> BRANDON SCOTT MORRIS, <br><br> Debtor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 25-32198-KLP <br> Chapter 7 |
| WILLIAM A. BROSCIOUS, <br><br> Plaintiff, <br><br> v. <br><br> DAWN B. DEBOER, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Adv. Pro. No. 26-03006-KLP |

# DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST INTERROGATORY 20 and DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS 3

0001

**BRANDON SCOTT MORRIS** 09-21
16919 JENNWAY TERRACE
MOSELEY, VA 23120

$\frac{68-444}{560}$ 3530

1528

DATE 2/17/2022

PAY TO THE
ORDER OF Deber South                                              $ 25,000

twenty five thousand 0/00                                  DOLLARS

**UNITED BANK**

MEMO Retainer                    B. Scott M

For deposit only
[signature]



**BRANDON SCOTT MORRIS** 09-21
16919 JENNWAY TERRACE
MOSELEY, VA 23120

1525

DATE 7/5/2022

UNITED BANK

MEMO





For mobile deposit
with Pinny

**WINSLOW & MCCURRY PLLC**
**IOLTA TRUST ACCOUNT**
1324 SYCAMORE SQ
STE 202C
MIDLOTHIAN, VA 23113-4668

6966
68-902/514

DATE 1/7/25

PAY TO THE ORDER OF  DeBoer South, PLLC                                    $ 1,449.54

One Thousand Four Hundred Forty Nine 54/100 —  DOLLARS

MEMO  B. Morris Retainer Refund

0004

**EXHIBIT E**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE:<br>BRANDON SCOTT MORRIS,<br><br>Debtor. | Case No. 25-32198-KLP<br>Chapter 7 |
| WILLIAM A. BROSCIOUS,<br><br>Plaintiff,<br><br>v.<br><br>DAWN B. DEBOER, et al.,<br><br>Defendants. | Adv. Pro. No. 26-03006-KLP |

# DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST INTERROGATORY 21

## Dawn DeBoer

| | |
|---|---|
| **From:** | Theresa Morris <theresaseaymorris@gmail.com> |
| **Sent:** | Monday, February 5, 2024 6:43 AM |
| **To:** | Dawn DeBoer |
| **Cc:** | Scott Morris; Kenny Morris |
| **Subject:** | Morris VS Morris |

You don't often get email from theresaseaymorris@gmail.com. Learn why this is important

Ms DeBoer,

We wanted to send this note to keep you up to date on the house Scott Morris lives in.

- We will be officially presenting Scott with a "Notice of Default - Failure to Pay Rent" eviction notice.  We have communicated to Scott that he will have to vacate the house on Velvet Antler, no later than March 31, 2024. No rent payment has been received since he moved into the house on March 14, 2022.  We simply cannot afford to carry the payments anymore and will be selling the property.

- The house on Velvet Antler, in Chesterfield County, was purchased for **one reason only**!  **So the Morris children could have overnight visits with their father.**  Scott was advised that he had to have a 4 bedroom living space, for the children to spend the night.

- We believed strongly, as we understand the Guardian Ad Litem did, that it was important for the children to have their father in their lives.  It appeared that Michelle and her parents were trying to remove Scott permanently from their lives.  We know of many people who wished they had a Father who showed up to all their events, and who showed up on their behalf.

Kenny (Scott's father) will be going back to work to help replenish the over $60,000 given Scott for this nightmare.

If it would be helpful to have a copy of the Notice of Default, please let us know.

Respectfully,

Kenny & Theresa Morris
(Scott's Dad & Step-Mother)

1

0002

## Dawn DeBoer

| | |
|---|---|
| **From:** | Theresa Morris <theresaseaymorris@gmail.com> |
| **Sent:** | Thursday, August 22, 2024 5:46 AM |
| **To:** | Dawn DeBoer |
| **Cc:** | erika@wmmlegal.com; Scott Morris; Kenny Morris |
| **Subject:** | Morris vs Morris children |
| **Attachments:** | IMG_8628.JPEG; IMG_7758.PNG; IMG_8670.JPEG; IMG_7745.JPEG; IMG_8666.JPEG; IMG_7747.JPEG; Morris kids School Supplies Receipts 8.21.2024.pdf |

Dawn,

THANK YOU for all your help and efforts in providing our grandchildren with the health and educational opportunities they deserve!

When Scott shared the news that he was able to enroll the children in school we encouraged him to get what the children needed, and we would reimburse him for the expenses. We also provided a gift card for future school needs for the children, such as supplies and clothes.

I have enclosed pictures and receipts for school supplies to help the children start their first day and school year on a prepared and upbeat way.

We share this information with you **ONLY** to prove that Scott does **NOT** have a secret bank account or fund to pay for the items, incase Michelle's attorney suggests otherwise.  We know Scott's finances are extremely limited at this time.

Respectfully,

Kenny & Theresa Morris

1

0003





**Walmart**

WM Supercenter
804-739-2119 Mgr. TAWAAB
14501 HANCOCK VILLAGE ST
CHESTERFIELD VA 23832
ST# 04476 OP# 009034 TE# 34 TR# 02415

# ITEMS SOLD 73
TC# 8089 0684 2664 1273 2226 2

| Item | Code | Price | |
|---|---|---|---|
| FACE TISSUE | 037000585950 | 6.84 | X |
| 18CT CLASSIC | 028400737400 F | 8.98 | Y |
| GV SQSN 100 | 078742155590 | 2.28 | X |
| SANDWICH BAG | 078742073630 | 3.48 | X |
| CLR CUTLERY | 078742116760 | 2.28 | X |
| | 078742071840 | 4.48 | Y |
| LUNCHBAG | 194346270830 F | 1.97 | X |
| COOKIES | 693520531236 | 2.14 | X |
| PG8.5X11 BRD | 038576163520 | 2.14 | X |
| FOLDER | 038576163620 | 0.50 | X |
| 2PKT POLY PR | 844106068340 | 2.14 | X |
| FOLDER | 038576163620 | 0.50 | X |
| 2PKT POLY PR | 844106068340 | 0.50 | X |
| COMP BOOK | 026229510160 | 0.50 | X |
| COMP BOOK | 026229510160 | 0.50 | X |
| COMP BOOK | 026229510160 | 0.50 | X |
| COMP BOOK | 026229510160 | 0.50 | X |
| POLY COMP WR | 844106068270 | 0.97 | X |
| POLY COMP WR | 844106068130 | 1.68 | X |
| POLY COMP WR | 844106031370 | 0.97 | X |
| POLY COMP WR | 844106068250 | 0.97 | X |
| POLY COMP WR | 844106068280 | 0.97 | X |
| PG 1SUB NTBK | 026229571700 | 0.45 | X |
| PG 1SUB NTBK | 026229576700 | 0.45 | X |
| FILLER PAPER | 026229591500 | 0.97 | X |
| FILLER PAPER | 026229591500 | 0.97 | X |
| FILLER PAPER | 026229591500 | 0.97 | X |
| FILLER PAPER | 026229591500 | 0.97 | X |
| SH PCK4CTYLW | 071641271650 | 2.44 | X |
| SH PCK4CTYLW | 071641271650 | 2.44 | X |
| CR 10 BL MKR | 071662077220 | 0.97 | X |
| CR 10 BL MKR | 071662077220 | 0.97 | X |
| CR 10 BL MKR | 071662077220 | 0.97 | X |
| CR 10 BL MKR | 071662077220 | 0.97 | X |
| CR 12 CLRPEN | 071662040120 | 0.97 | X |
| CR 12 CLRPEN | 071662040120 | 0.97 | X |
| TIC 24CT YLW | 072067139240 | 4.47 | X |
| CR 12 CLRPEN | 071662040120 | 0.97 | X |
| CR 12 CLRPEN | 071662040120 | 0.97 | X |
| CR 12 CLRPEN | 071662040120 | 0.97 | X |
| TIC 12CT YLW | 072067138120 | 2.94 | X |
| CR 10 BL MKR | 071662077220 | 0.97 | X |
| GLUE STICK | 697063440620 | 3.47 | X |
| GLUE STICK | 697063440620 | 3.47 | X |
| GLUE STICK | 697063440620 | 3.47 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| CR 24 CRAYON | 071662000240 | 0.50 | X |
| EXPO MARKER | 071641801740 | 4.47 | X |

0006



Midlothian Perimeter Dr - 804-419-8140
201 Perimeter Dr
Midlothian, Virginia 23113-7314
08/18/2024 07:31 PM

HOME
069051441 REFREEZABLE          T     $2.99
STATIONERY & OFFICE SUPPLIES
081220341 Elmers               T     $8.29
Regular Price $9.99

            SUBTOTAL       $11.28
T = VA TAX 6.00000 on $11.28   $0.68
               TOTAL       $11.96
        CASH PAYMENT      $15.00
        CHANGE DUE         $3.04


WHEN YOU RETURN ANY ITEM, YOUR
RETURN CREDIT WILL NOT INCLUDE ANY
PROMOTIONAL DISCOUNT OR COUPON
APPLIED TO THE ORIGINAL ORDER.

-----------------------------------

YOUR TOTAL SAVINGS THIS TRIP:
$1.70

-----------------------------------

REC#2-4231-2478-0160-1081-4

-----------------------------------

Help make your Target Run better.
Take a 2 minute survey about today's trip

informtarget.com
User ID: 7576 8752 2983
Password: 989 186

CUENTENOS EN ESPAÑOL

0007



```
278706  Eraser                          36
               Coupon              28.?9
                You Pay            28.?9
        984  BINDER,MLTACCS        -7.24
          Coupon - 11716758        21.75SS
                You Pay
        9989699 BKPK, MINECRAF      39.99
        Instant Savings           -10.00
          Coupon - 11716758        -7.49
                You Pay            22.60SS
        284571  MKR,EXPO,2 CHS       7.99
        Instant Savings            -3.00
          Coupon - 11716758        -1.26
                You Pay             3.74SS
        9575737 PEN, R. STIC,      10.89
        Instant Savings            -3.90
          Coupon - 11716758        -1.74
                You Pay             5.25SS
        708575  PNCL,TIC,#2,18      6.49
        Instant Savings            -2.00
          Coupon - 11716758        -1.12
                You Pay             3.37SS
        9916649 ECHO,16OZ,GRY/     15.99
        Instant Savings            -4.00
          Coupon - 11716758        -2.99
                You Pay             9.00SS
        469734  PENCIL POUCH        3.39
        Instant Savings            -1.89
          Coupon - 11716758        -0.38
                You Pay             1.12SS
        3978971 COMP BOOK,SPID      2.99
        Instant Savings            -1.20
          Coupon - 11716758        -0.45
                You Pay             1.34SS
        8095801 PENCIL,SHARP,2      7.49
        Instant Savings            -4.50
          Coupon - 11716758        -0.75
                You Pay             2.24SS
        176214  DIVIDER,WRTON,
            3 @ 4.69              14.07
        Instant Savings            -2.10
          Coupon - 11716758        -3.00
                You Pay             8.97SS
        674402  DIVIDER,WRTON,      5.79
        Instant Savings            -0.80
          Coupon - 11716758        -1.25
                You Pay             3.74SS
        2835962 BOX,CLR             2.59
        Instant Savings            -1.09
          Coupon - 11716758        -0.38
                You Pay             1.12SS
        8120356 BK,CMP,RD,100S      2.49
        Promotion                  -1.99
          Coupon - 11716758        -0.13
                You Pay             0.37SS
        Coupon Number - 11716758


           Subtotal:              190.51
   Retail Sales and Use    11.43
              Total:               201.94
          Amex 4121:               201.94


   AUTH CODE 356018
   TDS Chip Read
   AID A0000000025010402 AMEX
```

0008

```
69891  2 HOLE SHARPEN
  5 @ 1.79
    Instant Savings              -5.20
    Coupon - 11716758            -0.95
        You Pay              2.80SS
  259251  MRKR,CHSL TP,D   19.79
    Coupon - 11716758            -4.94
        You Pay             14.85SS
  162527  SHPNR,BTRY,MTY   15.99
    Instant Savings              -4.00
    Coupon - 11716758            -2.99
        You Pay              9.00SS
  4522479 PENCIL CASE,SP    5.00
    Instant Savings              -2.00
    Coupon - 11716758            -0.75
        You Pay              2.25SS
  806413  PENCIL BOX, TE    2.49
    Instant Savings              -0.99
    Coupon - 11716758            -0.38
        You Pay              1.12SS
  4016149 MKR,VISVIS,4PK    7.49
    Coupon - 11716758            -1.86
        You Pay              5.63SS
  424558  PENCIL,24/BX,C
  2 @ 8.19                 16.38
    Instant Savings              -6.40
    Coupon - 11716758            -2.50
        You Pay              7.48SS
  9773205 TORQUE,16OZ,BL    9.99
    Instant Savings              -2.50
    Coupon - 11716758            -1.86
        You Pay              5.63SS
  660543  LBL,OD,1X3,WHT    9.99 SS
  278706  Eraser,Caps,50    9.89
    Instant Savings              -4.40
    Coupon - 11716758            -1.36
        You Pay              4.13SS
  314984  BINDER,MLTACCS   28.99
    Coupon - 11716758            -7.24
        You Pay             21.75SS
  9989599 BKPK, MINECRAF   39.99
    Instant Savings             -10.00
    Coupon - 11716758            -7.49
        You Pay             22.50SS
  284571  MKR,EXPO 2 CHS    7.99
    Instant Savings              -3.00
    Coupon - 11716758            -1.25
        You Pay              3.74SS
  9575737 PEN, R. STIC,    10.89
    Instant Savings              -3.90
```

0009

## EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BRANDON SCOTT MORRIS, | ) | Case No. 25-32198-KLP |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WILLIAM A. BROSCIOUS | ) | Adversary Proceeding |
| | ) | |
| | ) | Case No. 26-03006-KLP |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAWN B. DEBOER | ) | |
| and | ) | |
| DEBOERSOUTH, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFICATION

I hereby affirm that I, Dawn B. DeBoer, have reviewed Defendants Dawn B. DeBoer and DeBoerSouth, PLLC's Responses to Trustee's First Set of Interrogatories, Requests for the Production of Documents and Requests for Admission, which were prepared with the assistance of counsel, and that the answers contained therein are true and correct to the best of my knowledge, information, and belief.

DEBOERSOUTH, PLLC

By: _____
Name: Dawn B. DeBoer
Title: Partner

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BRANDON SCOTT MORRIS, | ) | Case No. 25-32198-KLP |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WILLIAM A. BROSCIOUS | ) | Adversary Proceeding |
| | ) | |
| | ) | Case No. 26-03006-KLP |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAWN B. DEBOER | ) | |
| and | ) | |
| DEBOERSOUTH, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFICATION

I hereby affirm that I, Dawn B. DeBoer, have reviewed Defendants Dawn B. DeBoer and DeBoerSouth, PLLC's Responses to Trustee's First Set of Interrogatories, Requests for the Production of Documents and Requests for Admission, which were prepared with the assistance of counsel, and that the answers contained therein are true and correct to the best of my knowledge, information, and belief.

DAWN B. DEBOER, individually

_____

Dawn B. DeBoer