**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| **BRANDON SCOTT MORRIS,** | ) | **Case No. 25-32198-KLP** |
| **Debtor.** | ) | |
| **WILLIAM A. BROSCIOUS** | ) | **Adversary Proceeding** |
| | ) | **Case No. 26-03006-KLP** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **DAWN B. DEBOER**<br>**and**<br>**DEBOERSOUTH, PLLC,** | ) | |
| **Defendants.** | ) | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COME defendants Dawn B. DeBoer ("Ms. DeBoer") and DeBoerSouth, PLLC ("DeBoerSouth"; together with Ms. DeBoer, "Defendants"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, as applicable pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rules 7056-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia, hereby move this Court for partial summary judgment in their favor on Count II (Lien Avoidable as a preference pursuant to

Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
jmclemore@williamsmullen.com

*Counsel for Dawn B. DeBoer and DeBoerSouth, PLLC*

11 U.S.C. § 547(b)(4)(A)) of William A. Broscious' (the "Plaintiff" or "Trustee") Complaint [Docket No. 1] (the "Complaint"). In support thereof, Defendants respectfully state as follows:

## INTRODUCTION

On February 17, 2022, Defendants undertook representation of Brandon Scott Morris (the "Debtor") in his divorce [Case No. CL21-3927] (the "Divorce Proceeding") pending before the Honorable Steven B. Novey ("Judge Novey") in the Circuit Court for Chesterfield County, Virginia (the "State Court"). Because of an atypical ownership arrangement of the marital residence due to joint ownership of the property with the Debtor's in-laws, a partition suit [Case No. CL23-3191] (the "Partition Suit") was required to determine the rights and equity of the Debtor and his former spouse. The Partition Suit also was before Judge Novey in the State Court.

During the representation, the Debtor failed to pay Defendants for their earned legal fees. As a result of the Debtor's continued non-payment, on August 15, 2024, Defendants availed themselves of their statutory rights pursuant to Virginia Code § 54.1-3932 by filing an attorney's charging lien in both the Divorce Proceeding and the Partition Suit, thereby securing the legal fees (the "Lien"). Concurrently with their filing of the Lien on August 15, 2024, Defendants gave notice of the Lien to the Debtor, counsel for the opposing parties in both the Divorce Proceeding and the Partition Suit, and the State Court, thereby perfecting the Lien. Thereafter, on March 26, 2025, Judge Novey entered an Order in the Divorce Proceeding ruling that Defendants' Lien was valid in the amount of $79,000.

In Count II of the Complaint, the Trustee asserts without explanation that Defendants' Lien is avoidable as a preference pursuant to 11 U.S. Code § 547(b)(4)(A). In his subsequent *Motion for Partial Summary Judgment* [Docket No. 9] (the "Trustee's Motion"), the Trustee more fully attempts to justify this assertion, arguing that Defendants' Lien was perfected by Judge Novey's

entry of his March 26, 2025 Order within 90 days of the commencement of the Debtor's bankruptcy case. However, as set forth more fully herein, the Trustee's argument is incorrect, outdated, and misplaced.

In 2023, Va. Code § 54.1-3932 was revised, in large part to protect attorneys from the exact argument raised by the Trustee and addressed in this Motion. Citing to outdated caselaw interpreting the former iteration of the Va. Code § 54.1-3932, the Trustee mistakenly conflates Judge Novey's entry of the March 26, 2025, granting the amount and validity of the Lien, with perfection of the Lien. However, the Lien was perfected at the time Defendants provided notice of the Lien to the applicable parties on August 15, 2024, well before the start of the preference period. As such, Defendants respectfully request that this Court grant summary judgment in their favor and dismiss the Trustee's claim in Count II of the Complaint that the Lien is avoidable as a preferential transfer pursuant to 11 U.S. Code § 547(b)(4)(A) with prejudice.

**BACKGROUND**

1. After failed settlement negotiations, the Trustee commenced the instant Adversary Proceeding by filing the Complaint, alleging, among other things, that the Lien is avoidable as a preference pursuant to 11 U.S.C. § 547 (b)(4)(A).

2. On April 6, 2026, Defendants filed their *Answer and Affirmative Defenses to Plaintiff's Complaint* [Docket No. 5] (the "Answer").

3. On July 14, 2026, the Trustee filed the Trustee's Motion.

4. On August 4, 2026, Defendants filed their *Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment* [Docket No. 11] (the "Opposition").

## STATEMENT OF UNDISPUTED FACTS

5. On February 17, 2022, the Debtor and Defendants entered into that certain Law Firm of DeBoerSouth Fee and Retainer Agreement (the "Engagement Agreement"), whereby the Debtor retained Defendants to "represent [the Debtor] in the matter of divorce." (Complaint, p. 19).

6. On August 15, 2024, Defendants filed a Notice of Claim of Lien for Attorney Fees (each a "Notice of Lien") under Va. Code § 54.1-3932 in both the Divorce Proceeding and the Partition Suit. (Trustee's Motion, pp. 149-154). The Notices of Lien were recorded in the Clerk's Office for the State Court on August 16, 2024, Instrument Nos. 240010739 and 240010740. (Complaint, pp. 21-25).

7. On August 15, 2024, (i) copies of the Notice of Lien filed in the Divorce Proceeding were provided to the Debtor and M. Donette Williams, counsel for Michelle Morris ("Ms. Morris") in the Divorce Proceeding; and (ii) copies of the Notice of Lien filed in the Partition Suit were provided to the Debtor and A. Russell Watson, counsel for Fabienne Rennie, Michael Rennie (collectively, the "Rennies"), and Ms. Morris in the Partition Suit. (Trustee's Motion, pp. 24-25, 145, 149-154).

8. The Lien states that the "[c]lient signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC in this case. Invoices have been sent to the client for work performed and costs incurred. The approximate amount of attorneys' fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00." (Trustee's Motion ¶ 25).

9. The Lien was made to or for the benefit of Defendants because the Lien secured a debt owed to Defendants. (Trustee's Motion ¶ 26).

10. The Lien was for or on account of an antecedent debt owed by the Debtor to Defendants because the Lien arose out of legal services provided by Defendants to the Debtor that Defendants had not been paid for. (Trustee's Motion ¶ 27).

11. Defendants were (i) the initial transferee of the Lien and (ii) the persons for whose benefit the Lien was made. (Trustee's Motion ¶ 28).

12. On March 26, 2025, Judge Novey entered an Order in the Divorce Proceeding granting the amount and validity of the Lien. (Trustee's Motion ¶ 39).

## LEGAL STANDARD

13. Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant may demonstrate that there is no dispute of a material nature by showing that a non-movant cannot produce admissible evidence to establish or controvert a fact: "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

14. Once the moving party meets its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). Summary judgment is proper when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ARGUMENT

15. In Count II of the Complaint, the Trustee asserts that he is "entitled to avoid the Lien pursuant to 11 U.S.C. § 547(b)(4)(A) …." (Complaint ¶ 73). While the Trustee provides limited rationale for this assertion,[1] he does reference the undisputed fact that Judge Novey entered an Order in the Divorce Proceeding granting the amount and validity of the Lien. (*See* Complaint ¶ 62). Nevertheless, the Trustee's Motion provides a more thorough, albeit incorrect, analysis of the Trustee's rationale. (Trustee's Motion ¶¶ 54-56). Specifically, the Trustee argues that "Because the Lien was not perfected until, at the earliest, the March 26, 2025 Order confirming its validity and amount, more than 30 days after the Lien was recorded on August 16, 2024, the transfer for purposes of Section 547 is deemed to have occurred on March 26, 2025. That date is within 90 days of the Petition Date." (Trustee's Motion ¶ 54).

16. The Trustee reasons further that, because the language of Va. Code § 54.1-3932(A) provides in part that "[i]n causes of action for annulment or divorce, the court may not determine the validity or amount of the lien until the divorce judgment is final and all residual disputes regarding marital property are concluded[,]" the Lien became perfected when Judge Novey entered his March 26, 2025 Order. (Trustee's Motion ¶ 55 (citing Va. Code § 54.1-3932(A))). The Trustee then cites to *Borden v. Wilson* (Va. Cir. Ct. 2009), arguing that under the language of Va. Code § 54.1-3932 the Notices of Lien provided by Defendants were insufficient to perfect the Lien, because the Lien could not be exercised. (Trustee's Motion ¶ 55 (quoting *Borden v. Wilson*, 79 Va. Cir. 111, *3 (2009))).

---

[1] Count II of the Complaint does not reference 11 U.S.C. § 547(b)(4)(A) in its heading, nor at any point prior to the Trustee's conclusion that he is "entitled to avoid the Lien pursuant to 11 U.S.C. § 547(b)(4)(A) …." (Complaint ¶¶ 54-76).

17. Critically, however, the Trustee fails to acknowledge that the *Borden* court's reasoning was based on a prior version of Va. Code § 54.1-3932. On March 22, 2023, the General Assembly of Virginia amended and reenacted Va. Code § 54.1-3932 to protect attorneys exercising their rights from the exact arguments on which the Trustee relies.

18. The current version of Va. Code § 54.1-3932 reads in relevant part: "[i]n causes of action for annulment or divorce, the court may not determine the validity or amount of the lien until the divorce judgment is final and all residual disputes regarding marital property are concluded." However, prior to the 2023 amendment, this same sentence stated: "In causes of action for annulment or divorce *an attorney may not exercise his claim* until the divorce judgment is final and all residual disputes regarding the marital property are concluded." VA LEGIS 234 (2023), 2023 Virginia Laws Ch. 234 (S.B. 817) (emphasis added). Thus, the Trustee's reliance on the *Borden* court's holding that "an attorney cannot 'exercise his claim until all disputes [are] resolved'" is misplaced, as the *Borden* court reached this conclusion by interpreting language in Va. Code § 54.1-3932 that no longer exists. (Trustee's Motion ¶ 55 (quoting *Borden v. Wilson*, 79 Va. Cir. 111, *3 (2009))).

19. Instead, an attorney's lien under Va. Code § 54.1-3932 is perfected when notice has been provided to certain, required parties. Despite a minor expansion of the notice requirements of Va. Code § 54.1-3932 pursuant to the 2023 amendment, caselaw makes clear that perfection is achieved when the notice requirement is met. *See In re Fleury*, 2007 WL 3053311 (Bankr. E.D.Va. 2007) (citing *Fary v. Aquino*, 218 Va. 889, 241 S.E.2d 799 (1978)) ("an attorney's lien is perfected only if the attorney provides written notice of the lien to the opposing party or its attorney or agent"); *In re Military Circle Pet Center No. 94, Inc.*, 181 B.R. 282 (Bankr. E.D.Va. 1994) ("[§ 54.1-3932]

afford an attorney lien protection if written notice is given to the opposite party"); *Hurston Law Offices, PLLC v. Briggman*, 2020 WL 4194854 (W.D. Va. July 21, 2020) (quoting *In re Fleury*).

20. Defendants acknowledge that the 2023 amendment of Va. Code § 54.1-3932 slightly revised the parties to whom notice must be given to achieve perfection. Prior to the 2023 amendment, a lien created pursuant to Va. Code § 54.1-3932 was perfected when notice of such lien was provided to "the opposite party, his attorney or agent." VA LEGIS 234 (2023), 2023 Virginia Laws Ch. 234 (S.B. 817) (emphasis added). To perfect a lien under the modern iteration of Va. Code § 54.1-3932, notice must be provided to "the client or former client, the opposite party or such party's attorney or agent, and the clerk of court in which a case may be pending." Va. Code § 54.1-3932.

21. Because Defendants gave notice to all such required parties, the Lien was perfected on August 15, 2024, when the Notices of Lien were filed. Specifically, Defendants gave notice of the Lien to the Debtor in both the Divorce Proceeding and the Partition Suit, counsel for Ms. Morris in the Divorce Proceeding, counsel for the Rennies and Ms. Morris in the Partition Suit, and the State Court in both the Divorce Proceeding and the Partition Suit. As such, Defendants met their notice requirement and the Lien was perfected upon its filing on August 15, 2024. (*See supra* ¶¶ 6-7); *see also* 11 U.S. Code § 547(e)(2)(A) ("[a transfer is made] at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time…").

22. Furthermore, as set forth in the Opposition, Defendants' perfected Lien relates back to February 17, 2022, the date on which the Defendants and the Debtor executed the Engagement Agreement. In *Mt. Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain a Nat. Gas Pipeline over Tracts of Land in Giles Cnty., Craig Cnty.*, the court stated that "Under Virginia

law [an attorney's lien] comes into existence on the making of the contract of employment between the client and attorney…" *See Mt. Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain a Nat. Gas Pipeline over Tracts of Land in Giles Cnty., Craig Cnty.*, No. 7:17-CV-00492, 2025 WL 1921790 (W.D. Va. July 11, 2025) (quoting *Montavon v. United States*, 864 F. Supp. 519, 522 (E.D.Va. 1994)).

23. Additionally, the Eleventh Circuit's opinion in *In re Hagen*, 922 F.2d 742 (11th Cir. 1991) is widely cited as the preeminent authority on this issue. The *Hagen* court held that the debtor's payment of its attorney during the preference period was not a preferential transfer because (i) the attorney's fee contract was executed outside of the ninety (90) day preference period, (ii) the charging lien related back to the commencement of the attorney's representation, and (iii) the charging lien meant that the attorney was a secured creditor prior to the ninety (90) day preference period and did not receive more than he would receive in a Chapter 7 liquidation had the transfer not been made. *See In re Hagen*, 922 F.2d 742 (11th Cir. 1991).

24. Because Defendants perfected their Lien by providing notice of the same on August 15, 2024, well before the preference period, and the perfected Lien relates back to the execution of the Engagement Agreement on February 17, 2022, Defendants are entitled to this Court's grant of summary judgment and dismissal of the Trustee's claim in Count II of the Complaint that Defendants' Lien avoidable as a preference under 11 U.S.C. § 547(b)(4)(A).

## CONCLUSION

In light of the undisputed facts and for the reasons stated above, Defendants respectfully request that the Court (i) enter an order granting partial summary judgment in favor of Defendants on the Trustee's assertion in Count II of the Complaint that Defendants' Lien is

avoidable as a preference pursuant to 11 U.S.C. § 547(b)(4)(A) and dismissing the same with prejudice; and (ii) grant such other and further relief as the Court deems just and proper.

Date: August 17, 2026

WILLIAMS MULLEN

By: /s/ Michael D. Mueller

Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219-3095
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
jmclemore@williamsmullen.com

*Counsel for Dawn B. DeBoer and DeBoerSouth, PLLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August 2026, I caused a copy of the foregoing to be served by electronic means through the ECF system and a copy mailed to the following:

Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

Richard C. Pecoraro, Esquire
Rich Law, PLC
1700 Huguenot Road, Suite B4
Midlothian, VA 23113

William Anthony Broscious, Trustee
P.O. Box 71180
Henrico, VA 23255

Haley Kristen Magel, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

Jeremy S. Williams, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

Matthew W. Cheney
Office of the US Trustee – Region 4-R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

/s/ Michael D. Mueller
Michael D. Mueller