**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re: BRANDON SCOTT MORRIS,
Debtor.

Case No. 25-32198-KLP
Chapter 7

---

WILLIAM A. BROSCIOUS,

Plaintiff,

v.

Adv Pro. No. 26-03006-KLP

DAWN B. DEBOER, and
DEBOERSOUTH, PLLC

Defendants.

---

**ORDER ABSTAINING FROM ADVERSARY PROCEEDING**

On March 5, 2026, William A. Broscious (the "Trustee"), Chapter 7 Trustee for the bankruptcy estate of Brandon Scott Morris (the "Debtor"), by counsel, filed a six-count complaint [ECF No. 1] (the "Complaint") against Dawn B. DeBoer ("Ms. DeBoer") and/or DeBoerSouth, PLLC ("DeBoerSouth" and together with Ms. DeBoer, the "Defendants"). By his Complaint, the Trustee seeks entry of judgment: (i) declaring a statutory lien recorded by the Defendants void; (ii) avoiding the recorded lien as a preference pursuant to section 547 of Title 11 of the United States Code (the "Bankruptcy Code"); (iii) ordering certain interpleaded funds to be turned over to the Debtor's estate pursuant to section 543 of the Bankruptcy Code; (iv) awarding damages for the Defendants' slander of title; (v) determining of the extent of the lien pursuant to section 506 of the Bankruptcy Code; and (vi) disallowing the Defendants' proof of claim pursuant to section 502(b)(1) of the Bankruptcy Code.

This adversary proceeding now comes before the Court on the Trustee's *Motion for Partial Summary Judgment* [ECF No. 9] (the "Motion"), whereby the Trustee seeks judgment as a matter of law on Counts I and II of the Complaint, i.e., a declaration of that the Defendants' recorded lien is void and, in the alternative, that the lien may be avoided as a preferential transfer under section 547 of the Bankruptcy Code. For the reasons stated herein, the Court will abstain from any determination regarding the validity of the Defendants' lien and will grant relief from the automatic stay to permit the Trustee and the Defendants to liquidate the amount of the Defendants' lien in the Chesterfield County Circuit Court (the "State Court").

The Court has subject-matter jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(A), (B), and (K). Venue is appropriate pursuant to 28 U.S.C. § 1409.

**Undisputed Facts**[1]

On June 3, 2025 (the "Petition Date"), the Debtor filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. Compl. ¶ 1, ECF No. 1 at 2; Answer ¶ 1, ECF No. 5 at 2. The Trustee was appointed as the interim trustee for the Debtor's bankruptcy estate and continues to serve in that position. Compl. ¶ 2, ECF No. 1 at 2; Answer ¶ 2, ECF No. 5 at 2.

Prior to the Petition Date, on February 17, 2022, the Debtor entered into an engagement agreement (the "Engagement Agreement") with the Defendants to represent him in his divorce proceeding in Chesterfield County Circuit Court [Case No. CL21-3927] (the "Divorce Proceeding"). Compl. ¶ 9, ECF No. 1 at 2; Answer ¶ 9, ECF No. 5 at 2-3. The parties agree that

[1] Matters admitted by a party in response to requests for admission are conclusively established unless the Court grants a motion to permit withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b); Fed. R. Bankr. P. 7036.

the Engagement Agreement attached to the Complaint as Exhibit A is a true and correct copy. Resp. to Req. for Admis. 1, ECF No. 9 at 34. At the time of the Divorce Proceeding, the Debtor owned, jointly, certain real property located at 16919 Jennway Terrace, Moseley, Virginia 23120 (the "Property"). Compl. ¶ 11, ECF No. 1 at 3; Answer ¶ 11, ECF No. 5 at 3. The Property was owned as tenants in common with the Debtor's now former spouse, Michelle Morris ("Ms. Morris") and her parents, Michael Rennie and Fabienne Rennie. *Id.* In light of the pending separation of the Debtor and Ms. Morris, the four joint owners of the Property sought to have the State Court determine their various rights and interests in the Property. Compl. ¶ 12, ECF No. 1 at 3; Answer ¶ 12, ECF No. 5 at 3. Accordingly, the Defendants, on behalf of the Debtor, commenced a partition suit in the State Court on August 31, 2023 [Case No. CL23-3191] (the "Partition Suit"), seeking a determination of the equitable division of the joint owners' interests in the Property. Compl. ¶ 13, ECF No. 1 at 3; Answer ¶ 13, ECF No. 5 at 4. The Defendants moved to consolidate the Divorce Proceeding and the Partition Suit. Resp. to Interrog. 9, ECF No. 9 at 27. After a September 27, 2023, hearing, the State Court denied the motion to consolidate. *Id.*

The parties agree that the Debtor did not execute a separate engagement agreement with the Defendants for his representation in the Partition Suit; however, the parties disagree as to whether the scope of the Engagement Agreement included the Partition Suit. Compl. ¶ 14, ECF No. 1 at 3; Answer ¶ 14, ECF No. 5 at 4. The Defendants did not separately invoice the Debtor for the Divorce Proceeding and the Partition Suit. Compl. ¶ 15, ECF No. 1 at 3; Answer ¶ 15, ECF No. 5 at 4-5.

During the course of the Defendants' representation of the Debtor, the Debtor stopped regularly paying the monthly invoices for legal services provided to him by the Defendants. Compl. ¶ 17, ECF No. 1 at 3; Answer ¶ 17, ECF No. 5 at 5. Due to the Debtor's non-payment of

fees, on or about August 4, 2024, the Defendants informed the Debtor that they had prepared a motion and order to withdraw as Debtor's counsel, Compl. ¶ 21, ECF No. 1 at 4; Answer ¶ 21, ECF No. 5 at 6, but did not actually file the motion, Compl. ¶ 25, ECF No. 1 at 4-5; Answer ¶ 25, ECF No. 5 at 7. Rather, on August 16, 2024, the Defendants filed a *Notice of Claim of Lien for Attorney Fees* (the "Notice of Lien") pursuant to section 54.1-3932 of the Virginia Code in each of the Divorce Proceeding and the Partition Suit. *Id.* A true and correct copy of the Notice of Lien filed in the Divorce Proceeding and a true and correct copy of the Notice of Lien filed in the Partition Suit were attached to the Complaint as Exhibits B and C, respectively. Resps. to Reqs. for Admis. 2 & 3, ECF No. 9 at 34. The Notice of Liens are substantively identical, but for a provision regarding the underlying cause of action. *Compare* Compl. Ex. B, ECF No. 1 at 21-22, *with* Compl. Ex. C, ECF No. 1 at 24-25. In the Divorce Proceeding, the Notice of Lien provides that the "[c]lient signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC *in this divorce case*. . . . The approximate amount of attorneys' fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00." Compl. Ex. B, ECF No. 1 at 21 (emphasis added). In comparison, the Notice of Lien filed in the Partition Suit provides that the "[c]lient signed Fee and Retainer Agreement for representation of him by Dawn B. DeBoer of DeBoerSouth, PLLC *in this case*. . . . The approximate amount of attorneys' fees and costs owed to DeBoerSouth, PLLC at this time is $79,000.00." Compl. Ex. C, ECF No. 1 at 24 (emphasis added).

On November 15, 2024, the State Court entered an Agreed Order in the Partition Suit, awarding the Debtor $52,635.86 (the "Funds") on account of his interest in the Property. Compl. ¶ 29, ECF No. 1 at 5; Answer ¶ 29, ECF No. 5 at 8, *see also* Mem. in Opp. Ex. A, ECF No. 11-1 at 2-3. Ultimately, the remaining joint owners of the Property retained the Property and refinanced

the mortgage on the same. Compl. ¶ 31, ECF No. 1 at 5; Answer ¶ 31, ECF No. 5 at 8. Rather than remit the Funds directly to the Debtor, the joint owners of the Property filed a motion for interpleader, whereby they sought to remit the funds to the Clerk of the State Court. Compl. ¶ 32, ECF No. 1 at 5; Answer ¶ 32, ECF No. 5 at 8. The Clerk of the State Court received the Funds on April 28, 2025, Compl. ¶ 35, ECF No. 1 at 6; Answer ¶ 35, ECF No. 5 at 9. The Funds remain with the Clerk of the State Court. *Id.*

On March 26, 2025, the State Court issued an order (the "March 2025 Order") in connection with the Notice of Lien filed in the Divorce Proceeding. Resps. to Interrog. 17 & 19, ECF No. 9 at 230-31. The March 2025 Order ordered as follows:

> 1. That DeBoerSouth, PLLC's claim of an Attorney's Charging Lien in the amount of $79,000 is GRANTED.
>
> 2. That DeBoerSouth, PLLC's claim of an ongoing Attorney's Charging Lien for any and all additional fees and costs incurred, as well as for any delinquency charges, which may accrue in the future pursuant to the Fee and Retainer Agreement by and between the Defendant and DeBoerSouth, PLLC is GRANTED.
>
> 3. The Clerk is hereby directed that upon receipt of the $52,635.86 under Case No. CL23-3191 *the issue shall be further adjudicated by the Court as to payment.*

*Id* (emphasis added). Notably, the italicized language was a revision made by the State Court judge, replacing the proposed language directing the Clerk to pay such funds directly to DeBoerSouth. *See id.* The record does not reflect any order entered in the Partition Suit with respect to the Notice of Lien filed therein.

**<u>Analysis</u>**

Although not briefed by the parties, the Court finds the Supreme Court's recent decision in *T. M. v. University of Maryland Medical System Corp.*, 146 S. Ct. 1739 (2026), to be applicable to the dispute at hand. In that case, the Supreme Court was asked to determine the scope of the

*Rooker-Feldman* doctrine. "In essence, the doctrine generally precludes a federal court from interfering with ongoing state-court litigation." *In re Meridien Energy, LLC*, Case No. 23-31377-KLP, 2024 WL 2471792, at *3, 2024 Bankr. LEXIS 1205, at *8 (Bankr. E.D. Va. May 23, 2024). Prior to *T. M.*, the *Rooker-Feldman* doctrine clearly precluded federal court review of final judgments issued by a state court. *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (first quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); then citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). *T. M.* in turn expanded the doctrine to include non-final judgments issued by state courts. Thus, this Court is bound to give full faith and credit to the March 2025 Order.

However, the March 2025 Order is not, by itself, dispositive of this adversary proceeding. The crux of the dispute between the parties is whether the Defendants have a valid, unavoidable lien on the Funds for all attorneys' fees incurred, both in connection with the Divorce Proceeding and the Partition Suit. The March 2025 Order entered in the Divorce Proceeding awarded DeBoerSouth an attorney's lien for amounts accrued, as well as all additional fees and costs incurred, pursuant to the Engagement Agreement. Resps. to Interrog. 17 & 19, ECF No. 9 at 230-31. However, the March 2025 Order specifically declined to address whether the Defendants were entitled to payment from the Funds awarded to the Debtor in the Partition Suit and, if so, the amount of such payment.

Applying the *Rooker-Feldman* doctrine, as expanded by *T. M.*, to the facts at hand, this Court must take as established that the Defendants have a valid attorney's lien in the Divorce Proceeding.[2] However, the State Court specifically did not determine whether the lien attached to

[2] Section 547 may not be used to avoid the fixing of a statutory lien as a preferential transfer. *See* 11 U.S.C. § 547(c)(6). As such, to the extent that the State Court determines the Defendants' charging lien entered in the Divorce Proceeding attaches to the Funds, Count II of the Complaint likely fails as a matter of law. However, in light of the Court's decision to abstain from this matter and the possibility that the State Court may determine that

the Funds collected in the Partition Suit and, if so, to what extent. Indeed, the record reflects that the State Court expressly considered and declined to consolidate the two proceedings, suggesting that the Funds generated by the Partition Suit may not be subject to the attorneys' lien granted in the Divorce Proceeding.

A bankruptcy court may "abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). In determining whether permissive abstention is appropriate for a given matter, courts consider the following factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

*Kepley Broscious, PLC v. Ahearn* (*In re Ahearn*), 318 B.R. 638, 644 (Bankr. E.D. Va. 2003) (quoting *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001)) ("Factors used by court to determine whether abstention is appropriate are similar to those used to determine whether remand is proper.").

After considering the *Ahern* factors in the context of the undisputed facts in this case, it is apparent that most, if not all, of the factors support abstention by this Court. The extent and enforceability of the Defendants' lien entered in the Divorce Proceeding, as well as the Defendants' entitlement to payment from the Funds interpleaded in the Partition Suit, is a matter

---

the Defendants' lien does not attach – or is not payable from – the Funds, the Court need not address the merits of the Trustee's § 547 claim at this time.

of state law better addressed by the State Court. The State Court is intimately familiar with the underlying cases and is in the best position to interpret the meaning of the March 2025 Order. Accordingly, it is

**ORDERED** that this Court shall **ABSTAIN** from hearing this adversary proceeding;[3] and it is further

**ORDERED** that the relief from the automatic stay is hereby **GRANTED** to permit the parties to proceed in State Court to obtain a determination of the Defendants' entitlement to the Funds; and it is further

**ORDERED** that nothing herein will prevent the parties from seeking appropriate relief consistent with applicable law, including the *Rooker-Feldman* doctrine, after further state court proceedings, which relief includes but is not limited to disbursement of any unencumbered Funds in accordance with section 726 of the Bankruptcy Code.

Dated: September 15, 2026

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Sep 15 2026

**Copies to:**

**Jeremy S. Williams**
**Haley Kristen Magel**
Kutak Rock LLP
1021 E. Cary Street
Suite 810
Richmond, VA 23219

**Michael D. Mueller**
Williams Mullen
200 South 10th Street
Suite 1600
Richmond, VA 23219

---

[3] On August 17, 2026, the Defendants filed a competing *Motion for Partial Summary Judgment* [ECF No. 14], which matter is currently scheduled for hearing on September 16, 2026. In light of the Court's decision to abstain from this adversary proceeding, the Court need not decide that motion, and the scheduled hearing is cancelled.